# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA WEREKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22 C 2177 |
| | ) | |
| Hon. LORI ROSEN, Hon. DAVID E. HARACZ, et al., | ) | Judge Jorge L. Alonso |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Vanessa Wereko shall file a memorandum no later than June 3, 2022, addressing why this Court should not abstain from exercising jurisdiction and dismiss this case in accord with the Seventh Circuit's decision in *J.B. v. Woodard*, 997 F.3d 714, 720-25 (7th Cir. 2021), and the principles and authorities set forth therein. If plaintiff does not file her memorandum by the June 3, 2022 deadline, her complaint will be dismissed without prejudice, and this case will be terminated, on the understanding that she does not wish to pursue this matter in this Court.

## STATEMENT

Every federal court has an obligation to ensure that it has jurisdiction over the cases before it. *Scott Air Force Base Prop., LLC v. County of St. Clair Ill.*, 548 F.3d 516, 520 (7th Cir. 2008); *see Joyce v. Joyce*, 975 F.2d 379, 386 (7th Cir. 1992) ("Prompt, sua sponte recognition of flaws in subject matter jurisdiction is commendable. Indeed, it is the district court's duty to review the pleadings carefully for such defects."). Plaintiff recently filed this civil rights suit pursuant to 42 U.S.C. §§ 1983 and 1985. In accord with its usual practice, the Court has screened the complaint for jurisdiction. For the following reasons, the Court has grave doubts about the propriety of exercising jurisdiction over this matter.

## I. Background

This lawsuit arises out of plaintiff's divorce and child custody proceedings in Illinois state court (hereafter, plaintiff's "state-court proceedings"). Defendants are numerous judges, lawyers,

officers, administrators, and vendors or service providers who participated in plaintiff's state-court proceedings at various points. Citing 42 U.S.C. §§ 1983 and 1985, plaintiff claims that defendants subjected her to racial discrimination and conspired to violate her civil rights by interfering with her state-court proceedings, in order to deprive her of parenting time with her two children. According to plaintiff, dating back to 2014 when plaintiff, having just relocated to Illinois, began taking steps to separate from her husband, her numerous lawyers provided ineffective assistance, judges made spurious rulings against her at every turn, her ex-husband's lawyers misrepresented facts relevant to her case, police officers enforced the spurious and corrupt rulings, and various administrators and vendors refused to cooperate with plaintiff's efforts to obtain critical information. Plaintiff suggests that all these various defendants were conspiring to influence the outcome of her state-court proceedings in favor of her ex-husband, in order to maximize his parenting time and minimize his child support obligations. Plaintiff seeks declaratory and injunctive relief and compensatory damages.

A little more than a year ago, plaintiff filed a similar federal civil rights action against one of the judges presiding over the same state-court proceedings that are the subject of this suit. That earlier federal case was narrower in scope than this one, focusing on the judge's temporary protective order transferring custody of plaintiff's children to her ex-husband and limiting plaintiff to certain restricted, supervised parenting time coordinated by a private agency. Plaintiff sought a declaration that the judge's custody order violated her constitutional rights and an injunction that prohibited enforcement of the custody order, requiring the judge instead to award plaintiff "unrestricted" custody of her children. *See* Compl*., Wereko v. Haracz*, Case No. 21 C 1167 (N.D. Ill. Mar. 1, 2021); *see also Wereko v. Haracz*, 857 F. App'x 250, 250-51 (7th Cir. 2021) (summarizing allegations and requested relief). The district court dismissed that case because,

among other things, it was barred by the domestic-relations exception to federal jurisdiction, which "blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'" *Wereko*, 857 F. App'x at 251 (quoting *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)). In August 2021, the Seventh Circuit affirmed the dismissal, reasoning that plaintiff's case—seeking, as it did, to block the enforcement of a custody order and impose a new one—fell within "the core of cases contemplated by the domestic-relations exception." *Wereko*, 857 F. App'x at 251.

Now, plaintiff has filed this new, broader suit, asserting a wide-ranging conspiracy to violate her civil rights and deprive her of parenting time.

## II. Discussion

Because she purports to assert violations of her constitutional rights pursuant to 42 U.S.C. § 1983, plaintiff claims federal-question jurisdiction under 28 U.S.C. § 1331, as well as jurisdiction over her declaratory claims under 28 U.S.C. §§ 2201 & 2202. She alleges that the domestic-relations exception does not apply because she is not seeking entry or alteration of a child custody order in this case. (Compl. ¶ 17, ECF No. 1.) Additionally, anticipating other potential jurisdictional bars to her claims, she alleges that the *Rooker-Feldman* and *Younger* abstention doctrines do not apply (*id.* ¶¶ 16, 19), and the Anti-Injunction Act, 28 U.S.C. § 2283, under which federal courts generally may not enjoin state-court proceedings, also does not apply (*id.* ¶ 18).

At least some of the relief plaintiff seeks from some defendants (particularly the judges)[1] seems still to be barred by the domestic-relations exception. In Counts III, IV, and V of the

---

[1] The Court notes that the judges are also protected by absolute judicial immunity for any acts they may have taken within their judicial capacity. *Wereko*, 857 F. App'x at 251. True, judges are not immune from claims for prospective relief, *see id.* (citing *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984)), but that makes no difference to the extent that the Court is required to abstain from exercising jurisdiction over the claims against them anyway.

3

complaint, plaintiff expressly seeks an injunction preventing defendants from committing further violations of her civil rights. (*See id.* ¶¶ 384, 397, 412; *see also id.* at 143, Part (b) of Prayer for Relief.) The purported civil rights violations that plaintiff describes in her complaint were generally accomplished through the entry of orders in her child custody case. The domestic-relations exception applies if plaintiff is "seeking to 'void' the state court's custody orders," *Sheetz v. Norwood*, 608 F. App'x 401, 404 (7th Cir. 2015), and, given the substance of her allegations, it would seem that enjoining defendants from violating her civil rights would entail voiding—or at least altering—the state court's custody orders, since those orders were the vehicle for the civil rights violations she complains of. Plaintiff also seeks declaratory relief, but declaratory relief is only available where some concrete remedy that will redress the plaintiff's injury is also available. *See California v. Texas*, 141 S. Ct. 2104, 2115-16 (2021); *see also Shahi v. United States Dep't of State*, No. 20 C 7590, 2021 WL 5396697, at *8 (N.D. Ill. Nov. 18, 2021). It is not clear whether there is any such remedy here.

Plaintiff also seeks compensatory damages in Count VI, and the domestic-relations exception may not apply to her claims for compensatory relief, to whatever extent plaintiff has alleged constitutional violations that, although they surround her state-court proceedings, consist of actions defendants took that were not strictly part and parcel of those proceedings. *See J.B. v. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021) (domestic-relations exception did not apply to § 1983 action because plaintiff's complaint did "not, at least on its face, request the direct entry of a child custody order"; instead, plaintiff sought "a judgment against defendants whose actions allegedly paved the way for the state court's [custody] orders"); *Kowalski v. Boliker*, 893 F.3d 987, 996 (7th Cir. 2018) (domestic-relations exception did not apply to tort suit for damages even though plaintiff complained of "interference with [his] rights . . . during a family-law proceeding" because

4

he did not "seek to alter an *in rem* custody award or to undo a divorce decree"). But even if plaintiff does make such claims—and it is difficult to tell, given the prolixity of her 143-page complaint—her claims run into a different jurisdictional problem.

Even if plaintiff's claims do not fit within the domestic-relations exception, and even if, as plaintiff has alleged, federal abstention doctrines also do not strictly apply here, the Court may nevertheless be required to abstain from exercising jurisdiction under the general "equity, comity, and federalism principles underlying [federal] abstention doctrines," especially the *Younger* doctrine. *J.B.*, 997 F.3d at 721, 723. The Seventh Circuit has recognized that exercising jurisdiction over federal civil rights claims "runs contrary" to those principles, if litigating the federal claims would "threaten interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government." *Id.*; *see also SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (federal courts may not rely on § 1983 to "impose federal supervision on state court proceedings" because "federal courts must defer to the state's sovereignty over the management of its courts").

To the extent that what plaintiff seeks in this case amounts to "federal intrusion" on state family law proceedings, the Court should abstain from exercising jurisdiction. *See J.B.*, 997 F.3d at 723-24 (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1073 (7th Cir. 2018)); *Doe v. Lake Cty., Illinois*, No. 21-CV-3262, 2022 WL 874651, at *6-7 (N.D. Ill. Mar. 23, 2022); *Hadzi-Tanovic v. Johnson*, No. 20 C 03460, 2021 WL 5505541, at *6-7 (N.D. Ill. Nov. 24, 2021). Even an action for compensatory damages, as opposed to injunctive relief, may entail impermissible "federal intrusion" or "interfere[nce]" with state-court proceedings, to the extent that the federal litigation will involve issues that may need to be litigated in the state-court proceedings. In such cases, the plaintiff may intend impermissibly to "use that [federal] judgment to interfere with

ongoing state court proceedings." *J.B.*, 997 F.3d at 724; *see Hadzi-Tanovic*, 2021 WL 5505541, at *6.

True, in many cases the federal court can avoid interfering with parallel state proceedings by staying, rather than dismissing, its action, but a stay is "not practical" when the related state-court proceedings are ongoing and will remain so for years, with no endpoint in the near future. *J.B.*, 997 F.3d at 725 (dismissing rather than staying case because it was "not practical" to "require [the] case to sit on the district court's docket" for years when the underlying "state court custody proceedings, or, at least oversight by the state court, will be continual until the children reach 18 years of age"); *see also Doe*, 2022 WL 847651, at *8 (following *J.B.* on this point); *Hadzi-Tanovic*, 2021 WL 5505541, at *6-7 (same).

In any case, based on the present complaint, it appears that, to find in plaintiff's favor, the Court would have to find that numerous official actions of various state-court judges and guardians ad litem evidenced a conspiracy with plaintiff's ex-husband and numerous private participants, including plaintiff's own lawyers, to deprive plaintiff of her constitutional rights. "That would be an unacceptable intrusion into the domain of the state domestic relations court," if done now, while plaintiff's state-court proceedings are ongoing. *Hadzi-Tanovic*, 2021 WL 5505541, at *6 (citing *J.B.*, 997 F.3d at 724). And even if the Court waits years until the children reach the age of majority and the state litigation concludes, it would appear that plaintiff's claims are "inextricably intertwined" with the state court's orders, in a way that would offend the *Rooker-Feldman* doctrine. *See Jakupovic v. Curran*, 850 F.3d 898, 903 (7th Cir. 2017); *cf. Andrade v. City of Hammond, Ind.*, 9 F.4th 947, 950-51 (7th Cir. 2021).

For all these reasons, the Court is inclined to abstain from exercising jurisdiction and dismiss this case without prejudice, pursuant to the "underlying principles of equity, comity, and

federalism foundational to our federal constitutional structure." *J.B.*, 997 F.3d at 722; *see id.* at 724-25. However, "[w]hen a court dismisses a complaint *sua sponte*, it is required to give the plaintiff notice of its intent to do so and an opportunity to respond." *Kowalski*, 893 F.3d at 996 (internal quotation marks and alterations omitted). Plaintiff is entitled to an opportunity to demonstrate why the Court should not dismiss this case, if she can.

Therefore, the Court directs plaintiff to file a memorandum by June 3, 2022, addressing why this Court should not abstain from exercising jurisdiction and dismiss this case in accord with the Seventh Circuit's decision in *J.B. v. Woodard*, 997 F.3d 714, 720-25 (7th Cir. 2021), and the principles and authorities set forth therein. If plaintiff does not file her memorandum by the June 3, 2022 deadline, her complaint will be dismissed without prejudice and this case will be terminated, on the understanding that she does not wish to pursue this matter in this Court.

**SO ORDERED.**                                    **ENTERED: May 9, 2022**

                                                                                     _____
                                                                                     **JORGE L. ALONSO**
                                                                                     **United States District Judge**