# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **VANESTA WEREKO**, in her individual capacity<br>    Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| **HON. LORI ROSEN**, Associate Judge in Cook County, | )<br>) |
| **HON. DAVID E. HARACZ**, Associate Judge in Cook County, | )  **Case No. 1:22-cv-02177**<br>)<br>) |
| **HON. RAUL VEGA,** Retired Judge in Cook County, | )  **Judge: ALONSO**<br>) |
| **HON. MARY S. TREW**, Associate Judge in Cook County | )  **Magistrate: COLE**<br>) |
| **HON. GRACE G. DICKLER**, Judge in Cook County, | )<br>)  **Demand for Jury Trial** |
| **KATHLEEN P. LIPINSKI**, Licensed Court Reporter, | )<br>) |
| **HON. JOSEPH V. SALVI**, Associate Judge in Lake County, | )<br>)<br>) |
| **HON. TERRENCE J. LAVIN**, Appointed Justice in the Appellate Court of Illinois, | )<br>)<br>) |
| **HON. MARY ELLEN COGHLAN**, Appointed Justice in the Appellate Court of Illinois, | )<br>)<br>) |
| **HON. AURELIA MARIE PUCINSKI**, Elected Justice in the Appellate Court of Illinois, | )<br>)<br>) |
| **SARAH E. INGERSOLL**, Assistant Attorney General, | )<br>) |
| **THERESA A. EAGLESON,** Director of the Illinois Department of Healthcare and Family Services, | )<br>)<br>) |
| **RICHARD FALEN,** Supervisor of Appeals, Illinois Department of Healthcare and Family Services, | )<br>)<br>) |
| **EMILY YU**, Director of Health Information Management, NorthShore University HealthSystem, | )<br>) |

1

| | |
|---|---|
| **PETER HANNIGAN**, Superintendent of Hawthorn School District #73, | ) ) ) |
| **PEDRO MARTINEZ,** Superintendent of Chicago Public Schools, | ) ) Case No. 1:22-cv-2177 ) ) |
| **RUSSELL CASKEY**, Assistant State Attorney, | ) Judge: ALONSO ) |
| **ROBERT CASELLI**, Officer, Vernon Hills Police Dept. | ) Magistrate: COLE ) |
| **ADAM BOYD**, Officer, Vernon Hills Police Dept. | ) ) |
| **TANIA DIMITROVA**, Attorney, | ) **Demand for Jury Trial** ) |
| **BRADLEY R. TROWBRIDGE,** Attorney | ) ) |
| **SAFE TRAVELS CHICAGO, LLC,** Supervision Service | ) ) |
| **MAXINE WEISS-KUNZ**, Attorney, | ) ) |
| **STEWART J. AUSLANDER**, Attorney, | ) ) |
| **KAREN A. ALTMAN**, Attorney, | ) ) |
| **GARY SCHLESINGER**, Attorney, | ) ) |
| **SHAWN D. BERSSON**, Attorney, | ) ) |
| **TIFFANY MARIE HUGHES**, Attorney, | ) ) |
| **RUSSELL M. REID**, Attorney, | ) ) |
| **CANDACE L. MEYERS**, Attorney, | ) ) |
| **MICHAEL P. DOMAN**, Attorney, | ) ) |
| **STACEY E. PLATT**, Attorney, | ) ) |
| **ELIZABETH ULLMAN**, Attorney, | ) ) |
| **ANDREA D. RICE**, Attorney,     Defendants. | ) ) |

# **MOTION TO VACATE THE MARCH 10, 2021 *SUA SPONTE* ORDER**

NOW COMES the Plaintiff VANESSA WEREKO (hereinafter "Vanessa") pursuant to Rule 60 of the Federal Rules of Civil Procedure, moves this Court to vacate the May 9, 2022 order entered by this court on its own motion. This motion is based on the following grounds:

1. On May 9, 2022, a week after summons is issued for Vanessa's filed federal complaint (ECF 7) with several defendants served, including all but one judicial officer, this Court enters an order on its own motion (ECF 9, Exhibit "A"), which dedicates half a page to alleged facts in Vanessa's pending complaint and gives Vanessa an arbitrary deadline of June 3, 2022 to file a memorandum to address why this Court should abstain from exercising jurisdiction to dismiss her federal complaint, in accord with the Seventh Circuit's decision in *J.B. v. Woodward*, 977 F.3d 714, 720-25 (7th Cir. 2021), a case which Vanessa did not file, is not related in facts, circumstances or parties in her pending federal complaint nor did her pending federal complaint cite to that case.

2. In *J.B. v Woodward*, plaintiff had an "ongoing" state dissolution case, in that filed pleadings were pending for dissolution when plaintiff filed in the federal court against the Department of Children and Family Services for infringements on protected rights, "parenting time", that adversely impacted the "ongoing" dissolution case, while matters were yet to be adjudicated by the state court, specifically an allocation of parental responsibilities under the Marriage and Dissolution of Marriage Act.

3. In disregard of the unique facts, circumstances factually laid out in Vanessa's federal compliant with an agreed Allocation of Parental Responsibilities and in disregard of all the multiple cases referenced, not just one: (a) a foreign legal separation case in the foreign state of Switzerland which concluded i.e. not "ongoing"; (b) a state dissolution

3

case in Lake County of Illinois which concluded or was dismissed i.e. not "ongoing"; (b) a state dissolution case in Cook County of Illinois, which concluded in January 2022 after the state appellate court's ordered "new" custody hearing ruled in March 2022 i.e. not "ongoing"; (c) a state case in the Hillsborough County in Florida which concluded i.e. not "ongoing"; (e) an appeal case in the Department of Healthcare and Family Services which was dismissed i.e. not "ongoing"; this Court asserts that it would be "unacceptable intrusion into the domain of the state domestic courts if done now, while plaintiff's state-court proceedings are ongoing" without specifying *which* proceeding is "ongoing", as non-existent per the relevant facts of Vanessa's federal complaint, which appears overlooked altogether by this Court in favor of an untoward focus or concentration on an unrelated case, *J.B. v. Woodward*, by another plaintiff.

4. Outside of the foregoing listed cases (see ¶3 herein) Vanessa's federal complaint lists and identifies the myriad of cases filed at the state appellate court and the state supreme court seeking relief for her constitutional claims with similar refusals and denials factually laid out, with nothing pending or "ongoing" in those higher state courts either.

5. With *J.B v. Woodward*, the Seventh Circuit did not give any court *carte blanche* to wield its dismissal arbitrarily for any and all federal cases, regardless of their unique facts, circumstances and claims, to avoid intervening to address constitutional deprivations. The Seventh Circuit's decision included: "Until and unless the state courts have <u>proven unwilling to address</u> [] alleged constitutional claims, the federal courts should not exercise jurisdiction over the matter." (emphasis added) In *J.B. v. Woodward*, the plaintiff's bid for dissolution was "ongoing" with several pending filed pleadings and the plaintiff had yet to present the constitutional claims to all of the state

4

courts to exhaust the same; none of which in any way characterizes Vanessa's federal complaint and the multiple cases in *all* state courts that have concluded/got dismissed.

6. The burden of proving that the state courts have been *willing to address* Vanessa's alleged constitutional claims, across all the named cases, rests on the named defendants, not on Vanessa, several of whom presided over Vanessa's claims and refused and/or were unwilling to address them acting in excess of their jurisdiction to obstruct the due course of justice to abet/continue to perpetuate the constitutional deprivations. The burden does not rest on Vanessa to discourage this Court from seemingly participating in the same conspiracy to interfere with her civil rights with a *sua sponte* order that harvests arguments by the Seventh Circuit relative to the specific facts and circumstances in *J.B. v. Woodward* arbitrarily thrown at Vanessa's federal complaint to see what, if any, may stick, to avoid exercising the clear jurisdiction it has in Vanessa's case and/or to protect defendants, particularly judges, from making their own arguments in response to Vanessa's complaint and the deprivations they caused.

7. Vanessa is left to somehow decipher vague and ambiguous references in the May 9, 2022 *sua sponte* order such as "at least <u>some of the relief</u> plaintiff seeks from defendants (particularly the judges) <u>seems still to be barred</u> by the domestic-relations exception" (ECF 9 at 385) without informing what specific relief falls under "some of the relief" and what exactly "seems still to be barred" under the domestic relations exception, given her federal complaint has proactively and properly addressed the same as not applying, in accord with the Seventh Circuit's decisions in various cases relative to that and other exceptions which this Court appears unable to respond to and avoids.

8. The impropriety of this Court proceeding on its own motion informing of its prejudicial stance to dismiss Vanessa's complaint based on vague conclusions and arbitrary

references from *J.B. v. Woodward*, is stated as a "commendable" citing *Joyce v. Joyce*, 975 F.2d 379, 386 (7th Cir. 1992); it overlooks the Seventh Circuit in *Joyce Id.* stated that "'sua sponte' dismissals without proper notice or opportunity to be heard are 'hazardous'. *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987) (quoting *Tamari v. Bache Co.*, 565 F.2d 1194, 1198 (7th Cir. 1977) [citations]. Thus, '<u>unless the defect is clearly incurable, a district court should grant the plaintiff leave to amend, allow the parties to argue the jurisdictional issue, or provide the plaintiff with the opportunity to discover the facts necessary to establish jurisdiction</u>.' *Id.* at 1073" (Emphasis Added)

9. This Court's s*ua sponte* order, in contravention to *Joyce Id.* has neither presented or argued a specific "defect" in Vanessa's federal complaint nor given Vanessa an opportunity to amend the unspecified defects relative to her federal complaint nor argued them as "clearly incurable" nor allowed any of the parties served to-date, some of whom have filed appearances, to argue any jurisdictional issue themselves, if they exist - due process nominally afforded to plaintiff in *J.B. v. Woodward* and other complaints by "white" plaintiffs. The allegations in the May 9, 2022 order are not specific to Vanessa's federal complaint at all but rather arbitrarily harvested from *J.B. v. Woodward* to make allegations in that case in disregard of the facts in Vanessa's federal complaint. No legal precedence is cited that allows this Court require Vanessa address flaws in another unrelated and dismissed complaint by another plaintiff, whose defects are assumed as "may" or "seems" to apply to her pending complaint without specifically outlining actual flaws that do apply to her pending federal complaint.

10. Vanessa's pending federal complaint alleges fraud, extortion, fraudulent exercise of state statutes, a conspiracy to interfere with her civil rights by actors, including judicial officers, with deprivations and ongoing harm relating to employment prospects and

6

income loss, healthcare, her citizenship rights including passport provisioning, access to educational records, perpetual obstruction of justice, racial acts of terror in violation of the Anti-Lynching Bill, in and outside courts, where she is lynched on fabricated offenses then denied due process to relentlessly mete out castigations and deprivations to her ongoing ruin. Vanessa's complaint is filed months after the state appellate court's contrived "new" custody hearing in a post-dissolution case also concluded and ruled on with nothing "ongoing" and yet she is required to compare or contrast to another case by another plaintiff with none of the aforementioned parameters or related claims.

11. Vanessa's prior complaint to this Court, in 2021, which this Court *sua sponte* dismissed, without notice, was pursuant to 42 U.S.C. §1983, limited to deprivations caused by an invalid "plenary" order of protection or "protective" order, under the Domestic Violence Act misused to abate her parental responsibilities, which is not equivalent to "parenting time" sought in *J.B. v. Woodward*. Her previous complaint, which named three (3) defendants including one judge, is not the same as the current complaint filed pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1985, relies on the Anti-Lynching Bill for racial acts of terror, names thirty-four (34) defendants including nine (9) judges engaged in the acts, conspiracy with deprivations well past the impacts of the (now expired) invalid "plenary" order in 2019 that first brought her to this Court; exacerbated impacts that may have been avoided had this Court acted differently.

12. This Court appears to be ruling again on Vanessa's prior complaint, which it chose to *sua sponte* dismissed in 2021; Vanessa does not need to be penalized twice for a complaint that this Court already chose not to adjudicate and by so doing abetted more abrogation of her constitutionally protected rights. Instead of reviewing her pending complaint under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and the facts apparent, it makes

an arbitrary association to *J.B. v Woodward* under 42 U.S.C. § 1983 for prospective relief for the limited scope of "parenting time". *J.B. v. Woodward* does not fit Vanessa's current federal complaint as its claims have a different scope, different circumstances, different parties, was subject to "ongoing" request for dissolution with pending filed pleadings, nor made any claims of a conspiracy under 42 U.S.C. §1985. Plaintiff in *J.B. v Woodward*, on information, is not part of any minority group, as is Vanessa, nor claimed nor could have made claims relative to the Anti-Lynching Bill in 2022.

13. Vanessa's federal complaint is not asking this Court to compel any state court to give her temporary "parenting time"; she has custody. The burden rests on named defendants to respond to her constitutional claims of deprivations of the equal protection and equal privileges afforded to Vanessa by judgments/agreement/laws, under 42 U.S.C. §1981 and 42 U.S.C. §1985 and this Court should not be seen to interfere or seek to pre-empt the discovery needed to progress Vanessa's claims in a seeming bid to insulate judicial officers at the expense of her ongoing suffering and harm caused by constitutional deprivations that have impacted every aspect of her life.

14. It is also important for this Court to note that the related minority children are not automatically and forever subject to the jurisdiction of the state court until they are 18. One parent is not an American citizen and there is a foreign judgment from the foreign state of Switzerland. The entity that maintains jurisdiction of the minority children is not automatically and forever Illinois as perhaps may be the case in *J.B. v. Woodward*; jurisdiction depends on the location of the minority children and there is nothing encoded in the divorce decree, with an agreed Allocation Judgment, that makes Illinois the perpetual home of those children until they are 18. The divorce may have occurred in the state of Illinois, but the preceding foreign judgment was in Switzerland.

15. In alignment with its mandate, this Court may commend itself as affording due process to all, without bias, by allowing Vanessa's federal complaint to proceed, without arbitrary references to *J.B. v. Woodward* to force the same outcome, regardless of her case facts in a bid to excuse exercise of the jurisdiction it has for Vanessa's complaint.

16. Per Vanessa's federal complaint, the presence of final judgments/agreements, protected by state and federal laws, availed none of the equal protections and privileges afforded to her by the law due to willful deprivations by several actors conspiring to interfere with her civil rights and succeeding. With or without an order or judgment or agreement from a foreign court or a state court, regardless of "concluded" or "ongoing" cases, whether the case is a dissolution case or not, regardless of filings requesting for relief, Vanessa is perpetually obstructed and deprived by an ongoing conspiracy involving powerful defendants in state courts and departments (in)directly causing the deprivations whiles repeatedly refusing to address any of her claims occasioned by the deprivations; this Court's May 9, 2022 order attempts to ensure continuance. The May 9, 2022 order is improper, has the appearance of impropriety and should be vacated.

17. The Seventh Circuit has clearly established when this Court intervenes; this Court has jurisdiction for Vanessa's federal complaint. The choice rests on this Court on whether it wants to exercise it and should not attempt to ease out of it with arbitrary and unspecified defects relative to Vanessa's federal complaint whiles precluding an opportunity to amend them, as non-existent and unspecified in the May 9, 2022 order.

18. This basis for this Court to vacate its May 9, 2022 *sua sponte* order, is pursuant to Federal Civil Rule 60 because of: (1) mistake, inadvertence and neglect;(2) fraud (whether previously called intrinsic or extrinsic) and misrepresentation; (3) other reason that justifies relief, as laid out in this instant filing.

19. Various defendants have been served and filed an appearance in this pending case and are required to file a response in twenty-one (21) days. Pursuant to *Joyce Id.*, this Court should allow the parties to argue the jurisdictional issue themselves, if they exist, and provide Vanessa the opportunity to discover the facts necessary to establish jurisdiction, if absent, which this Court's order has neither demonstrated nor specified relative to the specific facts, circumstances, claims in Vanessa's federal complaint. It is not proper for any court to act as a proponent for any defendant when it is called on to act impartially to adjudicate matters brought before it.

20. "The government of the United States exists to serve its citizens, not to misuse the powers vested in it by its citizens to harass, abuse, terrorize or deprive them of protected rights, in violation of the US Constitution, then insulate itself from accountability." (ECF 7 ¶ 336)

WHEREFORE, VANESSA WEREKO prays that the May 9, 2022 Order be vacated pursuant to Federal Civil Rule 60 in recognition of Vanessa's due process rights for her federal complaint in this Court with jurisdiction, in accord with the decision of the Seventh Circuit or make specific arguments relative to actual facts in Vanessa's case if it believes it does not.

Dated: May 11, 2022                             RESPECTFULLY SUBMITED:

/s/ Vanessa Wereko
VANESSA WEREKO
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com