IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS—EASTERN DIVISION

| | |
|---|---|
| Wereko<br>Plaintiff,<br>vs.<br><br>Rosen, et, al.<br>Defendant(s). | Case No. 22 CV 2177<br><br>Honorable Judge Robert Dow |

## CASKEY'S MOTION TO DISMISS COMPLAINT

Now comes, Russell Caskey, (hereafter "Caskey") Assistant State's Attorney, by and through Eric Rinehart State's Attorney of Lake County and his assistants Karen D. Fox and Daniel E. Brown, and make a Motion to Dismiss Plaintiffs Complaint (hereafter "Complaint") (Dkt # 7) for its failure to state a claim upon which relief can be granted against Caskey and in support thereof state as follows:

### I. PLAINTIFF ALLEGATIONS

On April 29, 2022, Plaintiff filed a 453 paragraph Complaint alleging Section 1983 Constitutional violations and seeking various forms of relief from multiple persons connected to her domestic relations disputes in Illinois Courts. (Dkt. #7, Paragraphs 1-453). The allegations against Caskey are found in paragraphs 18, 120, and 429. The Complaint indicates that Caskey is sued in his official capacity which includes the capacity to file charges for violations of Illinois law. (Paragraph 18). It further alleges that Caskey was asked on January 14, 2019, to assess the validity of a Court's order by the Vernon Hills Police Department in the context of visitation interference. (Paragraphs 120). It also implausibly states, in conclusory fashion, that Constitutional violations and damages occurred based on Caskey's alleged assessment of an Illinois Visitation Order. (Paragraph 429).

## II. ARGUMENT

Caskey asks this Court to dismiss this matter under Rule 12(b)(6). The Complaint merits dismissal because it fails to meet federal pleading standards because it alleges only labels and legal conclusions and is devoid of factual enhancement. Secondly, Caskey asserts that Plaintiff is time barred from filing an action against him as she filed her Complaint on April 29, 2022, and the wrong he is alleged to have done was performed on January 14, 2019. Additionally, Caskey asserts he acted squarely within the prosecutorial function, and therefore seeks dismissal based Federal and Illinois doctrines of absolute prosecutorial immunity. Lastly, because the Complaint seeks a factual judgment about the Illinois Domestic Relations Court Order that Caskey is said to have evaluated, that assessment by this Court places this case within the domestic-relations exception to federal Section 1983 jurisdiction.

## III. LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of a complaint and tests whether the complaint states a claim upon which relief can be granted. *Richards v. Mitchell* 696 F.3d 635, 637 (7th Cir. 2012). To survive such a motion, the complaint must provide each defendant with fair notice of a claim's basis. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim against each Defendant must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. To meet the plausibility standard, the allegations in a complaint must be sufficient to raise the possibility of relief above the "speculative level" and it must be plead in a way that allows a court to draw a reasonable inference that the defendant is

liable for the conduct alleged. *Bell Atlantic Corp.*, at 555 (2007). The Plaintiff must provide more than "labels and conclusions" or a formulaic recitation of the elements of a cause of action. *Id*. A court is not required to accept the legal conclusions in a Plaintiff's complaint. *Zahn v. N. Am. Power & Gas, LLC*, 815 F. 3d 1082, 1087 (7th Cir. 2016).

### i. Plaintiff's Implausible and Conclusory Allegations Do Not Meet Pleading Standard

Plaintiff's Complaint offers only labels and legal conclusions and contains assertions devoid of factual enhancement. *Iqbal v. Hasty,* 490 F. 3d 143, 157 (2d. Cir. 2007). Conclusory pleadings are not entitled to be assumed to be true and Courts are directed to examine such conclusory pleadings by applying their experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Ashcroft* asserts that Courts, "are not bound to accept as true a legal conclusion couched as a factual allegation…and that discovery is not unlocked for a plaintiff armed with nothing more than conclusions" *Id.* at 676-679. This Court can also draw on its judicial experience, common sense and consider the context of the hollow labels and conclusions of the Complaint. *Schneider v Schlaefer,* 975 F. Supp. 1160 (E. D. Wis 1997).

The Complaint alleges that Caskey failed to consider that the Vernon Hills Police "had a sense of wrong" about their actions on January 14, 2019, which constituted a "kidnapping", and further labels an Illinois Domestic Relations Order an "instrument of terror." (Paragraph 429). The Complaint also makes legal conclusions regarding Caskey's actions and the validity of the Divorce Court Order. *Id.* Its labels and conclusions are fanciful, and devoid of factual enhancement. The Complaint's hollow labels and legal conclusions are not entitled to be considered as true by this Court, even at the pleading stage. Without these hollow labels and

legal conclusions, the Complaint against Cakey makes no allegation which could be considered a valid 1983 claim. As such, the Complaint against Caskey should be summarily dismissed as being not sufficiently plead. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV. STATUTE OF LIMITATIONS IN SECTION 1983 ACTIONS

While there is no express statute of limitations for Section 1983 actions, the governing limitation period is the 2-year statute of limitation for personal injury claims in Illinois. *Williams v Lampe,* 399 F.3d 867, 870 (7th Cir. 2005). Plaintiff alleges that Caskey's offending actions took place on January 14, 2019, in Lake County Illinois. (Paragraph 429). Plaintiff's two years to file a Section 1983 suit against Caskey began on that date. The present action was filed April 29, 2022. (Dkt # 7). This filing is beyond the 2- year period Plaintiff was required to sue Caskey. As such Plaintiff's claims against Caskey are time barred and should be dismissed. *Al-Amin v Wondolowski,* 2010 WL 234969.

### V. ABSOLUTE PROSECUTORIAL IMMUNITY

In Illinois, Unlawful Visitation Interference is a crime when a person fails to comply with Court orders regarding visitation. 720 ILCS 5/10-5.5. As alleged the Vernon Hills Police Department consulted with a prosecutor, presumably about a potential violation of law, and the possibility of initiating a criminal charge. (Paragraph 120) Caskey is being sued in his official capacity which bolsters this presumption. (Paragraph 18). Caskey is an Assistant State's Attorney whose power to act under Illinois law derives from the elected State Attorney of Lake County. 55 ILCS 5/3-9005. The power of a State's Attorney or their assistants to act expressly includes the power to charge and prosecute all civil and criminal actions in Lake County. 720 ILCS 5/10-5.5(a)(1).

It is well settled federally and in Illinois that a prosecutor enjoys absolute immunity from Section 1983 claims for their decisions to charge or prosecute. *Imbler v Pachtman*, 424 U.S. 409 at 429 (1976); *Reichle v. Howards*, 566 U.S. 658, 668 (2012). There is no allegation in the Complaint that Caskey acted in a manner outside the scope of the prosecutorial function which would qualify his absolute immunity. *Reichle v. Howards*, 566 U.S. 658, 668 (2012); *Frank v. Garnati*, 2013 IL App (5th) 120321. The Courts are encouraged to decide issues of prosecutorial absolute immunity at the earliest possible stage. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985); *Van Guilder v Glasgow*, 588 F. Supp. 2d 876, 879 (N.D. Ill.). 2008. Because Caskey acted in the prosecutorial context regarding a potential violation of Illinois Law, his acts are entitled to absolute immunity under Federal and State law, and therefore the Complaint against him should be dismissed.

## VI. DOMESTIC RELATIONS EXCEPTION

The gravamen of the Section 1983 Complaint generally, and against Caskey specifically, involve the propriety of Child Custody Orders by Illinois Courts. (Dkt#7 Paragraphs 1-453). Specifically, Caskey is said to have violated Plaintiff's rights by assessing such an Illinois Domestic Relations Court Order in the context of Illinois Criminal Code. 720 ILCS 5/10-5.5; (Paragraphs 120, 429). This Court is essentially being asked by Plaintiff to involve itself, (and Caskey) in the evaluation of the propriety of "divorce, alimony and child custody decrees". *Marshall v Marshall,* 547 U.S. 293, 307-308 (2006). That request by Plaintiff to determine the validity of an Illinois Domestic Relations Court Order violates the domestic-relations exception to federal jurisdiction and as such should be dismissed. *Arnold v Villareal,* 853 F. 3d 384, 387 (7th Cir 2017).

## VII. CONCLUSION

The Complaint against Caskey should be dismissed under Rule 12(b)(6) because it fails to meet federal pleading standards. It also merits dismissal because it is time barred based on the two-year statute of limitations for such 1983 actions in Illinois. Additionally, it should be dismissed based on Caskey's absolute prosecutorial immunity for actions within the prosecutorial function. Lastly, Complaint should be dismissed because for this Court to rule against Caskey, this Court would have to determine the validity of an Illinois Domestic Relations Court Order. Because Plaintiff has asked this Court to so rule, it places this case within the domestic-relations exception to federal Section 1983 jurisdiction.

Wherefore and for the forgoing reasons stated in the Motion to Dismiss, Caskey asks this Court to dismiss Plaintiff's Complaint against him with prejudice or for any other relief the Court deems just.

| | |
|---|---|
| Eric F. Rinehart<br>STATE'S ATTORNEY OF LAKE COUNTY<br>18 N. County St.<br>Waukegan, IL 60085<br>(847) 377-3050<br>Daniel E. Brown 6255671<br>Dbrown2@lakecountyil.gov<br>Karen D. Fox #6255941<br>kfox@lakecountyil.gov | Respectfully submitted,<br>ERIC F. RINEHART<br>State's Attorney of Lake County<br><br>By: /s/  Daniel E. Brown<br>       Assistant State's Attorney |

I hereby certify that on June 9, 2022, I electronically filed the foregoing **Caskey's Motion to Dismiss Complaint** with the Clerk of the Court for the Northern District of Illinois by using the Electronic Case Filing System of the Court. The Electronic Case Filing System sent a "Notice of E-Filing" to the Attorneys of Record in this case, and those appearing pro se.

| | |
|---|---|
| Eric F. Rinehart<br>STATE'S ATTORNEY OF LAKE COUNTY<br>Daniel E. Brown (# 6255671)<br>Assistant State's Attorney<br>18 N. County St.<br>Waukegan, IL 60085<br>(847) 377-3050<br>dbrown2@lakecountyil.gov | Respectfully submitted,<br><br>Eric F. Rinehart<br>State's Attorney of Lake County<br><br><br><br>By: /s/ Daniel E. Brown<br>     Assistant State's Attorney |