# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **VANESSA WEREKO**, in her individual capacity<br>　　Plaintiff,<br><br>　　　　　　vs.<br><br>**HON. LORI ROSEN**, Associate Judge in Cook County,<br><br>**HON. DAVID E. HARACZ**, Associate Judge in Cook County,<br><br>**HON. RAUL VEGA,** Retired Judge in Cook County,<br><br>**HON. MARY S. TREW**, Associate Judge in Cook County<br><br>**HON. GRACE G. DICKLER**, Judge in Cook County,<br><br>**KATHLEEN P. LIPINSKI**, Licensed Court Reporter,<br><br>**HON. JOSEPH V. SALVI**, Associate Judge in Lake County,<br><br>**HON. TERRENCE J. LAVIN**, Appointed Justice in the Appellate Court of Illinois,<br><br>**HON. MARY ELLEN COGHLAN**, Appointed Justice in the Appellate Court of Illinois,<br><br>**HON. AURELIA MARIE PUCINSKI**, Elected Justice in the Appellate Court of Illinois,<br><br>**SARAH E. INGERSOLL**, Assistant Attorney General,<br><br>**THERESA A. EAGLESON,** Director of the Illinois Department of Healthcare and Family Services,<br><br>**RICHARD FALEN,** Supervisor of Appeals, Illinois Department of Healthcare and Family Services,<br><br>**EMILY YU**, Director of Health Information Management, NorthShore University HealthSystem, | **Case No. 1:22-cv-02177**<br><br>**Judge: DOW**<br><br>**Magistrate: COLE**<br><br>**Demand for Jury Trial** |

1

| | |
|---|---|
| **PETER HANNIGAN**, Superintendent of Hawthorn School District #73, ) ) ) | |
| **PEDRO MARTINEZ,** Superintendent of Chicago Public Schools, ) ) ) | **Case No. 1:22-cv-02177** |
| **RUSSELL CASKEY**, Assistant State Attorney, ) ) | **Judge: DOW** |
| **ROBERT CASELLI**, Officer, Vernon Hills Police Dept. ) ) | **Magistrate: COLE** |
| **ADAM BOYD**, Officer, Vernon Hills Police Dept. ) ) | |
| **TANIA DIMITROVA**, Attorney, ) ) | **Demand for Jury Trial** |
| **BRADLEY R. TROWBRIDGE,** Attorney ) ) | |
| **SAFE TRAVELS CHICAGO, LLC,** Supervision Service ) ) | |
| **MAXINE WEISS-KUNZ**, Attorney, ) ) | |
| **STEWART J. AUSLANDER**, Attorney, ) ) | |
| **KAREN A. ALTMAN**, Attorney, ) ) | |
| **GARY SCHLESINGER**, Attorney, ) ) | |
| **SHAWN D. BERSSON**, Attorney, ) ) | |
| **TIFFANY MARIE HUGHES**, Attorney, ) ) | |
| **RUSSELL M. REID**, Attorney, ) ) | |
| **CANDACE L. MEYERS**, Attorney, ) ) | |
| **MICHAEL P. DOMAN**, Attorney, ) ) | |
| **STACEY E. PLATT**, Attorney, ) ) | |
| **ELIZABETH ULLMAN**, Attorney, ) ) | |
| **ANDREA D. RICE**, Attorney, ) Defendants. | |

## **PLAINTIFF'S RESPONSE TO CASKEY'S MOTION TO DISMISS COMPLAINT AS FILED ON JUNE 6, 2022**

NOW COMES the Plaintiff VANESSA WEREKO ("Vanessa") pursuant to Rules 12 and 27(a)(3) of the Federal Rules of Civil Procedure and this Court's June 1, 2022 Order (ECF 137) to timely and respectfully move this Court to deny Defendant RUSSELL CASKEY ("Caskey") filing, "Caskey's Motion to Dismiss Complaint" (ECF 146) on the following grounds:

### **BACKGROUND**

1. On June 6, 2022, Defendant Caskey requested dismissal of the Complaint (ECF 1,7) under Rule 12(b)(6) alleging: (a) it fails to meet federal pleading standards (ECF 146 at 2); (b) his official capacity as Assistant State Attorney affords him absolute prosecutorial immunity (ECF 146 at 4); and (c) the claims against him are time-barred (ECF 146 at 2, 4) and also barred by the domestic relations exception. (ECF 146 at 2, 5)

2. On April 27, 2022, this Court received (ECF 1) then "filed" (ECF 7) Vanessa's Complaint, pled in compliance to Rule 9(b). There are six (6) claims, supported by well-pled, dated factual content, with three (3) of those claims germane to Defendant Caskey and requests:

(a) **Count I**: Prospective Declaratory Relief that Vanessa Has Suffered and Continues to Suffer from Racial Acts of Terror and a Conspiracy to Interfere with her Civil Rights that Deprives her of Substantive Due Process Rights to Familial Association, Privacy, Integrity and Autonomy Protected by the I, V, and XIV Amendments of the United States Constitution Pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985 (ECF 7 at 103-107, ¶¶ 334-341)

(b) **Count III**: Prospective Injunctive Relief to Enjoin Defendants from Further Racial Acts of Terror, Under the Color of State Law, and from Depriving Vanessa of the Equal Protection of the Laws Afforded to Her By Judgments Protected Under State and Federal Laws

(ECF 7 at 119-123, ¶¶ 373-384)

(c) **Count VI**: Compensatory Damages and Costs, Pursuant to 42 U.S.C. § 1986 and 42 U.S.C. § 1988, from Defendants Who Failed to Prevent the Wrongdoings Perpetuated Against Vanessa and Caused the Civil Rights Violation Pursuant to 42 U.S.C. § 1983. (ECF 7 at 130-142, ¶¶ 413-453)

**LEGAL STANDARDS**

3. A court must construe "the complaint in the light most favorable to the plaintiff[], accepting as true all well-pleaded facts, and drawing reasonable inferences in the plaintiff[]'s favor. *Tamayo v. Blagojevich*, 526 F. 3d 1074, 1081 (7th Cir. 2008).

4. "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case." *Frerck v. Pearson Educ. Inc.* 2012 WL 1280771 citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)

5. "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.' *Twombly* 550 U.S. at 570, 127 S. Ct. 1955. 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'. *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. 'Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955)" *McReynolds v. Merrill Lynch & Co.*, 694, F.3d 873 (7th Cir. 2012)

6. "The Court reads the complaint and assesses its plausibility as a whole." (*Crockwell v. Dart* 2013 WL 6796788 citing *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011))

4

**RESPONSIVE ARGUMENTS IN OPPOSITION TO MOTION**

7. <u>Federal Pleading Standard</u>: Defendant Caskey posits the Complaint fails to meet the federal pleading standards (ECF 146 at 2) without specifying *which* standard and *how* it fails prior to the banal inference; said "argument" should be stricken or held for naught. There are two pleading standards under the Federal Rules of Civil Procedure, 8(a) and 9(b). Rule 9(b) applies to 'averments of fraud' and conspiracy claims predicated on defendants alleged fraud, as in the Complaint. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d502, 507 (7th Cir. 2002) Here, the fraud claims rely on the theory a defendant aided and abetted or conspired with other defendants in defrauding Vanessa. Aiding and abetting is a viable theory of fraud liability See *Hefferman*, 467 F.3d at 601("aiding and abetting is a theory holding the person who aids and abets liable for the tort itself"); *Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 624 (7th Cir. 2000) ("[o]ne who aids and abets a fraud is guilty of the tort of fraud"); *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449, 453 (7th Cir. 1982) ("[a]nyone who would be guilty in a criminal proceeding of aiding and abetting fraud would be liable under tort law as a participant in the fraud")

A fraud claim premised on aiding and abetting liability must satisfy the heightened pleading standards of Rule 9(b) which "requires that facts such as the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff be alleged in detail." *Eastern Trading Co. Id.* The Complaint (in detail) informs of the persons (ECF 7 ¶¶2-34); the times, places and content/method of the misrepresentations (ECF 7 ¶¶ 37-331) and the constitutional injuries (ECF 7 ¶¶334-452) for all defendants. The pleading standard under Rule 9(b) is sufficiently met.

A Complaint that pleads circumstances of fraud with particularity, except for "[m]alice, intent, knowledge, and other conditions of a person's mind alleged generally" (ECF 7 ¶7 ) cannot

5

plausibly be inferred as offering "only labels and legal conclusions and contains assertions devoid of factual enhancement" (ECF 146 at 3) Defendant Caskey's overt debasement in disregard of the Complaint itself is clear and may only be surmised as a bid to avoid filing a response to the factual allegations therein by proffering a toothless motion to dismiss in lieu with arbitrary inferences.

      8.      <u>Facial Plausibility</u>: Defendant Caskey argues implausibility for one paragraph in Count VI (ECF 146 at 3) and fails to assert and/or establish that all claims in the Complaint lack facial plausibility, including Counts I and III (under 42 U.S.C. §§ 1983, 1985, the Anti-Lynching Bill) incorporated in Count VI, thus not standalone nor factually deficient. (ECF 7 ¶ 413, ECF at 24-103) This Court is required to "read the complaint and assess its plausibility as a whole" *Atkins Id.* not in part, or per one paragraph divorced from all others as done by Defendant Caskey nitpicking on three (3) words, inconsequential to whether or not the Complaint, as a whole, pleads factual content that allows a reasonable inference defendants, including Defendant Caskey, are liable for the misconduct alleged. His implausibility inference is not anchored to facts and demonstrates a lack of understanding of what is being tested under Rule 12(b)(6).

An assessment of plausibility of the Complaint, as a whole, allows this Court draw reasonable inference on whether or not it is facially plausible Defendant Caskey had knowledge of the wrong conspired to be done - the kidnapping of two (2) minority underage children across state lines - and having power to prevent or aid in preventing the kidnapping, neglected or refused to do so. It is facially plausible police officers in receipt of an *ex parte* order (ECF 7 ¶114) requesting removal of underage children from their home state and known lawful custodian, as defined in a final custody judgment already in their possession (ECF 7 ¶111) contacted the State Attorney's Office of Lake County (ECF 7 ¶¶ 118-120) to assess the *ex parte* order's validity with a reasonable inference of their exposure to other judicial orders to detect issue(s) with one that

Defendant Caskey, an officer of the State Attorney's Office of Lake County, was called on to resolve to prevent a kidnap of underage children resident and schooling in the county. It is facially plausible had Defendant Caskey not acted/failed to act, as alleged, the kidnapping of the underage children from school by the non-custodial parent who took them to an undisclosed out-of-state location for weeks, causing various legal actions, costs and damages, would not have occurred.

9. <u>Kidnapping</u>: Both state and federal statutes are clear on what is "kidnapping" (720 ILCS 5/10-5, 18 U.S.C §1201) and it is not analogous to the fanciful and arbitrary "visitation interference" label Defendant Caskey misapplies to downplay the alleged misconduct; "kidnapping" is well defined in statutes that inform defendants alleged to have aided and/or abetted kidnapping of minor children have no immunity under the law. Defendant Caskey's motion to dismiss attacks "kidnapping" as no more than a "label" in willful disregard of statutes, of factual content in the Complaint informing *inter alia* of the lack of notice to nor "express consent" of Vanessa, the natural mother and lawful custodian of those children per the circulated final custody judgment (ECF 7 ¶128-129) when the unlawful detainment of her resisting children occurred from their school and home state of Illinois to an undisclosed location out-of-state. The fact that the alleged act is a "crime" (per statutes) executed under the auspices of a "civil" state case is tolerated in the state courts where "civil" law judges can and do enter orders relative to criminal codes, including "orders of protection" as "civil" rulings, with little/no regard for their statutory dictates that cause constitutional injuries to silence/coverup "crime". (ECF 7 ¶¶ 171-173) The alleged criminal misconduct is not barred from consideration in this Court simply because it took place under the auspices of a state "civil" case with state actors, including judicial officers, alleged to have abetted and/or aided the "crime", the coverup under the "civil" case with *sua sponte*

dismissals, (more) "civil" rulings in violation of statutes or unwritten/secret orders that interfere with civil rights and cause more deprivations. (ECF 7 ¶¶ 127-134, 136-151, 159-172)

All Vanessa is required to do with her complaint is "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) Vanessa is not required to state *all* relevant statutes or *all* facts; the "factual allegations [she provides] must be enough to raise a right to relief above the speculative level" *Bell Atl. Corp. v Twombly*, U.S. 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The Complaint, as a whole, gives fair notice with dated factual content; the truth of which will be further established in discovery (documentary and/or testimonial evidence of witnesses on oath).

10. <u>Statute of Limitations</u>: Defendant Caskey argues for a "fixed" statute of limitations (ECF 146 at 4); said argument should be stricken as it is an affirmative defense and Vanessa is not required to anticipate affirmative defenses in her Complaint nor did she plead herself out of court as she never established defendants, including Defendant Caskey, are entitled to a statute of limitations defense. (See *United States v. Northern Trust Co.*, 372 F. 3d 886, 888 (7th Cir. 2004*), United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). By introducing the argument here however and insofar as this Court elects to consider it, Vanessa cannot escape by saying nothing.

Defendant Caskey directs this Court to classify Vanessa's claims as "personal injury" and apply the state's statute of limitation (735 ILCS 5/13-202) as in his cited false arrest cause of action (ECF 146 at 4). All claims under § 1983 are not automatically factually analogous nor confined to "personal injury" claims where a plaintiff complains of "injured [] back and head" or other physical injury nor did he argue the Seventh Circuit found *all* §1983 claims automatically classify as "personal injury" claims. For a defendant who posits the well-pled factual content of the Complaint as only "only labels and conclusions", this Court may want to demur on his directive

8

on statutes of limitations which requires him to look at the "factual content" he alleges does not exist. Here, the Complaint's "conspiracy claims" under Rule 9(b) allows for no time bars at all pursuant to the Illinois Fraudulent Concealment Statute (735 ILCS 5/13-215) which provides that no statute of limitations period applies if a tortious injury is fraudulently concealed (See *Schweihs v. Burdick* 96 F.3d 917 (7th Cir. 1996)) In Defendant Caskey's cited case, the Seventh Circuit did not find the § 1983 claims were inherently time-barred, as §1983 defines no limitations, but rather conditioned its' ruling to the underlying "[state] tort claims [which] were not timely filed". (*Williams v. Lampe*, 399 F. 3d 867, 870 (7th Cir. 2005)) Here, the Complaint is clear Vanessa deferred to the Seventh Circuit's position (*E.A. v. Gardner*, 929 F.3d 922, 924 (7th Cir. 2019)("[s]tate courts can and do consider constitutional arguments in custody cases"); *J.B. v. Woodward*, 997 F.3d 714, 719 (7th Cir. 2021)(same)) She pled and attempted to plead for address, in the state dissolution case, as the atrocities sprung and proliferated, but the response was to thwart her efforts with attempts to criminalize and silence her and her children rather than address the "crime" and constitutional injuries (ECF 7 ¶¶122- 149, 156-159, 170-175, 235); Vanessa fought her way to reviewing state courts for relief (ECF 7 ¶¶ 155, 180, 198-206, 208, 209, 215, 216, 231), sought out state entities with authority to address any of the deprivations and/or alleged misconducts of several named defendants (ECF 7 ¶¶ 56, 67, 68, 104, 151-153, 207, 279, 285, 294, 370), to no avail. Vanessa was timely and persistent; state courts avenues have simply proven unwilling to address any deprivations its state actors are alleged as causing, aiding and/or abetting and arguably retaliated and continue to do so for her efforts whiles attempting to coverup the deprivations. (ECF 7 ¶ 228-230, 236, 238-241, 244, 250-257, 272, 273, 277, 283, 284, 286-288)

   Vanessa's foray to this Court for address of the constitutional deprivations and injuries was also subject to limitations/conditions outside of her control where the Seventh Circuit has ruled or

conditioned when it exercises jurisdiction which is, "until and unless the state courts have proven unwilling to address [] alleged constitutional claims." (ECF 12 ¶5 quoting *J.B. v. Woodard Id) Courthouse News Serv. v. Brown*, 908 F.3d at 1071 (7th Cir. 2018) Such rulings do not put "fixed" time limits on when claims of constitutional injuries are brought by plaintiffs to this Court as instead "conditioned" on (a) plaintiffs exhausting all state courts and (b) state courts' "unwillingness to address"; all pled and met in the Complaint. The condition to exhaust all state court avenues seems inimical to the federal discovery rule (see *Thomas v. City of Chicago*, 2009 WL 1444439) as the earliest possible time is unlikely to be equivalent to when the federal condition is met. Indeed, no time bars can be defined at all for a condition reliant on the performance/disposition of state court(s) in the absence of constraints on said courts performance or proclivities to (artificially) protract state cases that can delay or derail access to this Court. (ECF 7 ¶¶ 8, 36) Though many federal laws contain statutes of limitations that bar plaintiffs from filing lawsuits after a specified time, they do so for various reasons, including mitigating challenges associated with evidence; or, put another way, encourage plaintiffs to file at the earliest possible time to allow timely relief. This Court appears not to have been concerned with such reasons when it chose, as aforecited, to condition constitutional claims filing here to state courts performance, which can/do take years and can/do abet and prolong deprivations to hopelessly bar relief.

Defendant Caskey never argued state courts have proven willing to address or addressed Vanessa's claims nor that they are hopelessly time-barred. The argument for a "fixed" statute of limitations is antithetical to statutes, inconsistent with the aforecited rulings; rulings whose intent can only be hoped are not to foreclose citizens or discriminate against certain deprived citizens ever filing §1983 claims against state actors here which concomitantly allows them escape liability

Vanessa's claim for damages, under the clear language of statute is also not time-barred as

it allows "for <u>all damages</u> caused by such wrongful act"; here the alleged "wrongful act" of Defendant Caskey has nothing to with "physical injury" to Vanessa; it has to do with "kidnapping"

   11. <u>Official Capacity Suits and Damages</u>: "Under §1983, there are two ways in which a party may sue an individual government actor, in the actor's official capacity or in his individual, or personal, capacity." (see *Crockwell v. Dart*, 2013 WL 6796788 quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)) Vanessa sued Defendant Caskey in his official capacity. (ECF 7 ¶18) "Thus, Plaintiff's official-capacity allegations against Defendant [Caskey] are in essence a suit against [Lake] County." *Crockwell Id.* "Official capacity suits are simply a way of pleading an action against an entity of which the officer is an agent" (See *Crockwell Id.* citing *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011), *Saunders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999)) and allows discovery "if the unconstitutional act complained off is caused by: (1) an official policy adopted and promulgated by its officers; (2) a government practice or custom, that although not officially authorized, is widespread and well-settled; or (3) an official with final policy-making authority." *Id.* Notably, the entity Defendant Caskey represents (State's Attorney Office of Lake County) is alleged as also authorizing surveillance of Vanessa by another police officer and defendant (ECF 7 ¶19) to aid and abet the second kidnapping of the same children from the same school, months later (ECF 7 ¶¶164-166), a kidnapping whose "victims" have still not been released. (ECF 7 ¶¶170-176, 192-194, 3) (See *United States v. Godinez*, 998 F.2d 471, 473 (7th Cir. 1993)("[T]he crime of kidnapping continues whiles the victim remains held and a ransom sought")) Consequently, the related damages also continue to accumulate.

  The allegations in the Complaint, as a whole, are sufficient to raise a plausible claim to the existence of a policy, practice, or custom that aids and/or abet kidnappings of underage and defenseless (minority) children from lawful custodians for ransom or exchange.

12. <u>Jurisdiction</u>: Defendant Caskey abandons Rule 12(b)(6) to argue jurisdiction under Rule 12(b)(1) (ECF 146 ¶5) as a pre-deterrent to this Court, during discovery, for access to documentary evidence that will further establish the truth of the factual allegations. He arbitrarily labels any and all discoverable documents as "child custody orders by Illinois Courts" to assert any access to documentary evidence by this Court is tantamount to its "evaluation of the propriety of 'divorce, alimony and child custody decrees'" (ECF 146 at 5) a distortion to buttress his next opinion that this Court is not allowed discovery on the claims against him based on the infamous judicial doctrine, the domestic relations exception. He disregards state court orders are a matter of public record (if not concealed or never entered on the public docket). The Seventh's Circuit aforecited ruling (see ¶10 herein) establishes its jurisdiction. Insofar as this Court elects to entertain Defendant Caskey's Rule 12(b)(1) argument to shackle it, it is federal statutes that confer jurisdiction over claims like Vanessa's. 28 U.S.C. § 1343 states in pertinent part as follows:

> "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person***to recover damages for injury to person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42"***[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, or any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens***."

28 U.S.C. §1343 is closely related to 42 U.S.C. §1983 which states in pertinent part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

18 U.S.C. § 242 also covers deprivations of rights under color of law. Neither one of the aforementioned statutes limits or shackle this Court's jurisdiction.

The domestic relations exception is a judicial doctrine "not compelled by the text of the US constitution or federal statute." (*Marshall v. Marshall*, 547 U.S. 293, 126 S. Ct. 1735) Defendant Caskey's call on said doctrine to preclude exercise of the US constitution or federal statutes is misuse as a safe harbor for state actors like himself trying to shackle this Court from exercising its constitutional mandate after such state actors are alleged to have caused constitutional deprivations and/or set into motion a series of events that they knew or reasonably should have known would cause others to deprive person(s) of constitutional rights. Such misuse should be rejected. A judicial doctrine, not compelled by the text of the US Constitution or federal statutes, should not be seen to obstruct the exercise of or supersede either, as unconstitutional.

The domestic relations exception "stems from *Barber v. Barber*, 21. How. 582, 584, in which the Court announced in dicta, without citation of authority or discussion of foundation, that federal courts have no jurisdiction over suits for divorce or the allowance of alimony." *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206. This announcement proliferated to lower courts, including the Seventh Circuit, who extended it to include "child custody order", also without any anchor to the US constitution or any federal statutes to state:

> " 'the exception covers a narrow range of domestic relations issues involving the granting of divorce, decrees of alimony' and child custody order. *Ankenbrandt v. Richards*, 504 U.S. 689, 701-02, 112 S.Ct. 2206, 119 L.Ed. 2d 468 (1992)\*\*\***They 'do not bar federal courts from adjudicating matters outside those confines**.'" *Kowalski v. Boliker*, 893 F.3d    987, 998 (7th Cir. 2018) (Emphasis added)

Neither the Supreme Court nor Court of Appeals has found any judicial doctrine, including the domestic relations exception, supersedes the US Constitution or Acts of Congress or that said exception covers *all* domestic relations matters or bars *all* constitutional claims from address, even with court-imposed conditions met. Defendant Caskey does not cite to any authority antithetical to the foregoing preferring to misappropriate said doctrine in a bid to bar discovery by this Court for his and others alleged misconducts in the complaint. Discovery is an aid to the quest for truth.

13. <u>Immunity</u>: Defendant Caskey then argues "absolute prosecutorial immunity" is grounds for dismissal of the claims against him, inferring his alleged misconduct is no more than "a prosecutor…decision to charge or persecute [citations omitted]" (ECF 146 at 5), inferences not anchored to or from any facts in the Complaint and thus presumed/imagined/fabricated. Any alternate factual allegations to those in the Complaint, as to what Defendant Caskey did or did not do must be pled in his response to the Complaint, under penalties of perjury. A motion to dismiss under Rule 12(b)(6) is not for conclusions harvested out of thin air that Defendant Caskey acted in his "prosecutorial" capacity "to charge or prosecute" (of who and for what is left to speculation) instead of acted/failed to act that abetted and aided the kidnap of underage minority children as factually alleged in the Complaint. Inferences on "absolute immunity" not underpinned by or anchored to pled facts and indeed conjecture in the absence of alternative facts by a defendant must be stricken or held for naught. Defendant Caskey fails to argue the §1983 Causation Doctrine exempts him. (ECF 7 ¶332 quoting *Brokaw v. Mercer County*, 235 F.3d 1000, 1012 (7th Cir. 2000))

**CONCLUSION**

The family unit is the backbone of US society with a substantial (but declining) number of "married" households[1]. If federal complaints, brought by persons who hitherto exercised a protected right to legalize familial/domestic relations, become targets for route dismissal when their claims do not ask this Court to grant a divorce, grant alimony (or child custody), but to deal with fraud - where they/theirs are preyed on and harmed via constitutional injuries caused by state actors who then try to escape liability by misusing judicial doctrines as a safe harbor, undermining statutory defined terms, contriving statutes of limitations and making arbitrary bids for absolute immunity, such actions if tolerated do not just render nugatory the US Constitution or federal statutes, it abets systemic biases and targeted abuses of persons including of a protected class like Vanessa and her children whose rights, as humans and US citizens, seem (so far) inconsequential.

---

[1] https://www.statista.com/statistics/242244/percentage-of-us-households-by-type/

VANESSA WEREKO prays that this Court enter an order to deny "Caskey's Motion to Dismiss Complaint" as filed on June 6, 2022 in consideration of the foregoing responsive arguments to allow this case progress to discovery for the well-pled, factual content for all six (6) claims, including the three (3) claims germane to Defendant RUSSELL CASKEY given fair notice of what he has to defend.

Dated: June 30, 2022 RESPECTFULLY SUBMITED:

/s/ Vanessa Wereko
VANESSA WEREKO
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com

## CERTIFICATE OF SERVICE

The undersigned certifies pursuant to 28 U.S.C. §1746 that she filed "Plaintiff's Response to Caskey's Motion to Dismiss Complaint As Filed on June 6, 2022" using the Clerk of Court's Electronic Case Filing system on this 30th day of June, 2022 which provides notification of same to the above-referenced parties of record when there has been an appearance filed.

/s/ Vanessa Wereko

VANESSA WEREKO
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com