# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **VANESTA WEREKO**, in her individual capacity<br>    Plaintiff,<br><br>vs.<br><br>**HON. LORI ROSEN**, Associate Judge in Cook County,<br><br>**HON. DAVID E. HARACZ**, Associate Judge in Cook County,<br><br>**HON. RAUL VEGA,** Retired Judge in Cook County,<br><br>**HON. MARY S. TREW**, Associate Judge in Cook County<br><br>**HON. GRACE G. DICKLER**, Judge in Cook County,<br><br>**KATHLEEN P. LIPINSKI**, Licensed Court Reporter,<br><br>**HON. JOSEPH V. SALVI**, Associate Judge in Lake County,<br><br>**HON. TERRENCE J. LAVIN**, Appointed Justice in the Appellate Court of Illinois,<br><br>**HON. MARY ELLEN COGHLAN**, Appointed Justice in the Appellate Court of Illinois,<br><br>**HON. AURELIA MARIE PUCINSKI**, Elected Justice in the Appellate Court of Illinois,<br><br>**SARAH E. INGERSOLL**, Assistant Attorney General,<br><br>**THERESA A. EAGLESON,** Director of the Illinois Department of Healthcare and Family Services,<br><br>**RICHARD FALEN,** Supervisor of Appeals, Illinois Department of Healthcare and Family Services,<br><br>**EMILY YU**, Director of Health Information Management, NorthShore University HealthSystem, | **Case No. 1:22-cv-02177**<br><br>**Judge: DOW**<br><br>**Magistrate: COLE**<br><br>**Demand for Jury Trial** |

1

| | |
|---|---|
| **PETER HANNIGAN**, Superintendent of Hawthorn School District #73, ) ) ) | |
| **PEDRO MARTINEZ,** Superintendent of Chicago Public Schools, ) ) ) ) | **Case No. 1:22-cv-02177** |
| **RUSSELL CASKEY**, Assistant State Attorney, ) ) | **Judge: DOW** |
| **ROBERT CASELLI**, Officer, Vernon Hills Police Dept. ) ) | **Magistrate: COLE** |
| **ADAM BOYD**, Officer, Vernon Hills Police Dept. ) ) ) | **Demand for Jury Trial** |
| **TANIA DIMITROVA**, Attorney, ) ) | |
| **BRADLEY R. TROWBRIDGE,** Attorney ) ) | |
| **SAFE TRAVELS CHICAGO, LLC,** Supervision Service ) ) | |
| **MAXINE WEISS-KUNZ**, Attorney, ) ) | |
| **STEWART J. AUSLANDER**, Attorney, ) ) | |
| **KAREN A. ALTMAN**, Attorney, ) ) | |
| **GARY SCHLESINGER**, Attorney, ) ) | |
| **SHAWN D. BERSSON**, Attorney, ) ) | |
| **TIFFANY MARIE HUGHES**, Attorney, ) ) | |
| **RUSSELL M. REID**, Attorney, ) ) | |
| **CANDACE L. MEYERS**, Attorney, ) ) | |
| **MICHAEL P. DOMAN**, Attorney, ) ) | |
| **STACEY E. PLATT**, Attorney, ) ) | |
| **ELIZABETH ULLMAN**, Attorney, ) ) | |
| **ANDREA D. RICE**, Attorney, ) Defendants. | |

2

## PLAINTIFF'S RESPONSE TO DEFENDANT HUGHES' MOTION TO DISMISS COMPLAINT AS FILED ON JUNE 28, 2022

NOW COMES the Plaintiff VANESSA WEREKO ("Vanessa") pursuant to Rules 12 and 27(a)(3) of the Federal Rules of Civil Procedure and this Court's June 1, 2022 Order (ECF 137) to timely and respectfully move this Court to deny Defendant TIFFANY MARIE HUGHES ("Hughes") filing, "Hughes' Motion to Dismiss Complaint" (ECF 153). In support, "Plaintiff's Memorandum In Support of Her Responses In Opposition to Motions to Dismiss" (ECF 182) is incorporated here, by reference. The grounds for denial are the following:

### BACKGROUND

1. On June 28, 2022 Defendant Hughes requested dismissal of the Complaint (ECF 1,7) under Rule 12(b)(6) alleging: (a) the federal pleading standard has not been met (ECF 153 at 4-5); (b) the statute of limitations expired (ECF 153 at 5-6); (c) *res judicata* bars the claims against her (ECF 153 at 6-7); (d) the domestic relations exception applies to Counts I, II, and V (ECF 153 at 7-8); (e) 2 judicial doctrines apply to Count VI, for compensatory damages (ECF 152 at 8-9).

2. The Complaint, pled in compliance to Rule 9(b), makes five (5) claims germane to Defendant Hughes and requests:

(a) **Count I**: Prospective Declaratory Relief that Vanessa Has Suffered and Continues to Suffer from Racial Acts of Terror and a Conspiracy to Interfere with her Civil Rights that Deprives her of Substantive Due Process Rights to Familial Association, Privacy, Integrity and Autonomy Protected by the I, V, and XIV Amendments of the United States Constitution Pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985 (ECF 7 at 103-107, ¶¶ 334-341)

(b) **Count II**: Prospective Declaratory Relief that Vanessa has suffered and continues to suffer from the conspiracy to intentionally interfere with her civil rights to deprive her of the merits

of the foreign judgment and the agreed allocation judgment, protected under state and federal laws (ECF 7 at 108-119, ¶¶ 342-372);

(c) **Count III**: Prospective Injunctive Relief to Enjoin Defendants from Further Racial Acts of Terror, Under the Color of State Law, and from Depriving Vanessa of the Equal Protection of the Laws Afforded to Her By Judgments Protected Under State and Federal Laws (ECF 7 at 119-123, ¶¶ 373-384);

(d) **Count V**: Prospective Declaratory Relief that Vanessa has suffered and continues to suffer from a conspiracy to interfere with her civil rights pursuant to the fraudulent and unconstitutional exercise of the state child support statute and injunctive relief to enjoin defendants from further interference and unconstitutional deprivations under state law (ECF 7 at 127-130, ¶¶ 398-412)

(f) **Count VI**: Compensatory Damages and Costs, Pursuant to 42 U.S.C. § 1986 and 42 U.S.C. § 1988, from Defendants Who Failed to Prevent the Wrongdoings Perpetuated Against Vanessa and Caused the Civil Rights Violation Pursuant to 42 U.S.C. § 1983. (ECF 7 at 130-142, ¶¶ 413-453)

**LEGAL STANDARDS**

3. A court must construe "the complaint in the light most favorable to the plaintiff[], accepting as true all well-pleaded facts, and drawing reasonable inferences in the plaintiff[]'s favor. *Tamayo v. Blagojevich*, 526 F. 3d 1074, 1081 (7th Cir. 2008).

4. "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case." *Crockwell v. Dart* 2013 WL 6796788 citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)

5. "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.' *Twombly* 550 U.S. at 570, 127 S. Ct. 1955. 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'. *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. 'Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955)" *McReynolds v. Merrill Lynch & Co.*, 694, F.3d 873 (7th Cir. 2012)

6. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court reads the complaint and assesses its plausibility as a whole. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011)

## **RESPONSIVE ARGUMENTS IN OPPOSITION TO MOTION**

7. <u>Federal Pleading Standard and Facial Plausibility</u>: Defendant Hughes posits the Complaint "has not met" the federal pleading standards (ECF 153 at 4); like other defendants who filed before and after her, she has harvested legal conclusions without demonstrating any nuanced appreciation of *what* the standards require and *how* the Complaint specifically fails; said "argument" of "conclusions" should be stricken. The Complaint is pled under Rule 9(b) which applies to "averments of fraud" and by definition, necessitates factual allegations *in detail* such as "the identify of the person making the misrepresentation, the time, place, and content of the misrepresentations, and the method by which the misrepresentation was communicated to the plaintiff" *Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 624 (7th Cir. 2000). Here, the Complaint's "statement of facts" section informs not only of several approximate/exact dates of

the interactions with Defendant Hughes, but her misrepresentations and/or acts of extortion with specificity and names the defendants with whom she conspired, which for her, included other judicial officers not named as defendants, but informed by the specified state case numbers through which further fraud is alleged as perpetuated, well past her tenure as counsel. (ECF 7 ¶¶ 69, 70, 71, 73, 76, 81). Any more defendants and factual details and the Complaint would have been unwieldly; as it stands, it reasonably averages at 4 pages per named defendant. In addition, all Vanessa is required to do with her Complaint is "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) Vanessa is not required to state *all* facts; the "factual allegations [she provides] must be enough to raise a right to relief above the speculative level" *Bell Atl. Corp. v Twombly*, U.S. 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

      Here, Vanessa sues Defendant Hughes in her individual capacity (ECF 7 ¶27); §1983 individual capacity claims require a plaintiff to make a showing of personal involvement in the alleged constitutional deprivation by the actor. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "A plaintiff that successfully pleads the essential elements of the individual capacity claim – namely, that a defendant had *knowledge* and *consciously disregarded* a serious risk – also succeeds in alleging the personal involvement of the individual defendant by virtue of the fact that those elements are subjective in nature.*** (holding that 'an official satisfies the personal responsibility requirement of section 1983***if the conduct causing the constitutional deprivation occurs at his discretion or with his knowledge and consent" *Crockwell Id.* Here, the factual content of the Complaint does not only allege Defendant Hughes had *knowledge*, but it also factually alleges she *consciously disregarded* the risk of harm to Vanessa and *participated* in the wrongful acts of a conspiracy (ECF 7 ¶¶ 73-81, 85, 353, 401-403) with several named defendants (ECF 7

¶¶ 9, 22, 24, 25) in both Lake County and Cook County state actions which *continue* to cause deprivations to Vanessa. The Complaint, as a whole, succeeds in giving her fair notice with dated factual content; the truth of which will be further established during discovery.

In the same token, Defendant Hughes, who moved to dismiss, is expected to do so on the grounds that Vanessa failed to allege that she had *knowledge* and *disregarded* a serious risk to allow for any plausible inference that she lacked "personal involvement" in the alleged act(s). Defendant Hughes fails as she never moves past her hollow conclusions that the Complaint is made up of "mere labels and conclusions" and "has no factual support or explanation as to the importance of [a] fact" (ECF 153 at 4) to in anyway address the alleged "facts" that *do* exist nor does she cite to any authority which requires Vanessa explain, at the pleading stage, "the importance of a fact" alleged. Defendant Hughes appears to miss Rule 12(b)(6) is not testing the merits/importance of any single factual allegation, but the facial plausibility of the Complaint, as a whole. *Atkins Id.* Defendant Hughes never argues the Complaint, as a whole, is implausible; she adroitly avoids pled facts, elects to declare them absent, as if doing so nullifies their existence or the plausible inference of her alleged *personal* involvement in the alleged acts and deprivations.

8.  Conspiracy at the Pleading Stage: Defendant Hughes then argues there are "no facts supporting a conspiracy" (ECF 153 at 4) in a continuation of her avoidance of the factual allegations where one, as an example, alleges "[Defendant] Salvi acted in concert with [Defendant" Hughes and [Defendant] Weiss-Kunz to respectively impede and obstruct Vanessa***by ordering (a) Vanessa's withheld legal file [by Defendant Hughes] be released a week after trial***" (ECF 7 ¶76). This is but one of several facts alleged. Under the federal notice pleading standard, a plaintiff is not required to plead facts that match up with each element of a cause of action. (See *Sanjuan* 40 F.3d at 251 (7th Cir. 1994)) The Seventh Circuit has stated

7

unequivocally that "there is no requirement in federal suits of pleading the facts or the elements of a claim…[and that] it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what [s]he is charged with." *Walker v. Thompson* 288 F.3d 1005, 1007 (7th Cir. 2022). The Complaint indicates the parties, purpose, exact/approximate dates; the sufficiency requirement for pleading a conspiracy is met.

9. <u>*Res Judicata*</u>: After arguing the Complaint only alleges/states "labels and conclusions" (ECF 153 at 3, 4, 5), Defendant Hughes then argues *res judicata* bars the claims against her. Her former argument cannot co-exist with the latter where "two claims are one for purposes of res judicata if they are based on the same, or nearly the same, <u>factual allegations</u>" (emphasis added) (See *Brzostowski v. Laidlaw Waste Sys., Inc.,* 49 F.3d 337, 339 (7th Cir. 1995)). In essence, Defendant Hughes cannot eat her cake and have it; if there are "no facts" in the Complaint as she preaches, she cannot argue *res judicata* nor this Court plausibly infer any identity of causes of action as to do so requires an assessment of the "core operative <u>facts</u>" *Brzostowski Id.*, of the Complaint, relative to the alleged state case. Both of her arguments cannot hold or concurrently prevail; this Court cannot assess *res judicata* on "labels and conclusions" thus it must first find there are well-pled facts in the Compliant to lend to any assessment of *res judicata*.

Notably, *res judicata* is an affirmative defense (Fed.R.Civ.P. 8(c)) which cannot be raised until a motion for judgment on the pleadings pursuant to Fed.R.Civ.P.12 (c) (See *Forty One News, Inc., v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007). Defendant Hughes argues *res judicata* in a motion to dismiss; Fed.R.Civ.P. 12(b) lists seven (7) defenses that may and must be brought before a responsive pleading is filed, *res judicata* is not one of them. Other circuit courts that accommodated *res judicata*, as a Rule 12(b)(6) exception, stated 2 conditions must first be met: (a) the <u>facts</u> that establish the defense <u>must be definitively ascertainable from the allegations of</u>

8

the Complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice; (b) the facts so gleaned must conclusively establish the affirmative defense of defendant. (Emphasis Added) (See *Sledge v. Bellwood School District 88* 2010 WL 1579920 citing *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12 (1st Cir. 2003)) As aforestated, there can be no assessment of *res judicata* without a prior finding that the Complaint has "facts" instead of "labels and conclusions".

If the above two conditions for the exception are met, *res judicata* requires three prongs to be established: (a) a final judgment on the merits, rendered by a court of competent jurisdiction; (2) an identify of causes of action; (3) an identify of parties. (*Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 37 S. Ct. 506) In the half-hearted content proffered by Defendant Hughes as her argument, she does not even come close to satisfying the three prongs (ECF 153 at 7).

Defendant Hughes fails to argue or establish her law firm's "breach of contract" alleging attorneys' fees in 2016 is equivalent to Vanessa's constitutional claims, under §§1983 and 1985, alleging an *ongoing* conspiracy with deprivations, involving several defendants not parties in her law firm's breach of contract suit years prior; though Defendant Hughes' representation of Vanessa concluded in 2016, nowhere in the Complaint is it alleged *all* the alleged wrongful acts were discovered during the lawsuit she initiated and/or restricted to the period of her representation nor that *all* damages accrued in 2016. Defendant Hughes also fails to argue or establish how her law firm's contract terms, to protect her law firm's interests, are equivalent to the I, V, and XIV Amendments of the US Constitution to protect Vanessa's rights as a human, a parent and a citizen for her lawsuit to have plausibly adjudicated her constitutional claims. Nor does she share how her law firm's breach of contract case in 2016 could have possibly addressed *all* damages which could not have accrued until *after* the second state action's conclusion. There can be no plausible

inference a "final judgment on the merits" in an alleged "breach of contract" state action in 2016 is applicable as a judgment for prospective, injunctive and compensatory relief in 2022 for conspiracy claims predicated on defendant's alleged fraud, where the fraud claims rely on the theory a defendant aided and abetted or conspired with other defendants in defrauding Vanessa. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d502, 507 (7th Cir. 2002) Other state actors, including judicial officers and attorneys here (ECF 7 ¶¶ 73-81, 85, 353, 401-403), could not plausibly have been part of her law firm's contract with Vanessa in 2016. It borders on the bizarre to allege a re-litigation of a "breach of contract" suit premised on a law firm's contract is equivalent to a federal action premised on the US Constitution and the rights it protects for all. A facial comparison of the causes of action, the time periods involved, and the identity of the parties inform there is no possibility of equivalence. The *res judicata* argument should be stricken/denied.

   The only thing that Defendant Hughes making the *res judicata* argument here achieves is affirming what the Complaint alleged (ECF 7 ¶81); that she had *knowledge* Vanessa had not acquired sufficient information regarding injuries nor damages in 2016, with the second state action just started in 2016, but fraudulently asserted a lawsuit early with intent to impede and defraud Vanessa of future claims to damages she knew could not have been discovered or accrued in 2016, until *after* the series of cascading events her actions triggered – the second state action – is resolved. Consequently, her law firm sued for "dismissed" fees from Lake County, in and of itself fraudulent, and worked in concert with another state judicial officer (not a named defendant) to violate *res judicata* and re-possess the dismissed fees, the very same doctrine she now seeks to nefariously misuse here for illicit personal gain, at the perpetual expense of depriving Vanessa for injuries, well past her time as counsel, that are "in fact fairly traceable to [] [her and] that is capable

of being redressed through a favorable judicial ruling" here. (See *J.B. v. Woodward*, 997 F.3d 714, 720-25 (7th Cir. 2021) citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

10. <u>Statute of Limitations</u>: Similar to *res judicata*, the statute of limitations argument is an affirmative defense and Vanessa is not required to anticipate affirmative defenses in her Complaint nor did she plead herself out of court as she never established defendants, including Defendant Hughes, are entitled to a statute of limitations defense. (See *United States v. Northern Trust Co.*, 372 F. 3d 886, 888 (7th Cir. 2004), *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). As in Vanessa's response to other defendants who went for the same argument (See ECF 178 ¶ 10, ECF 180 ¶ 9), said argument should be stricken. This Court should review, Vanessa's arguments made in the aforestated responses for why the 2-year limitations argued by Defendant Hughes, do not apply to Vanessa's "conspiracy claims" with no time bars per the Illinois Fraudulent Concealment Statute (735 ILCS 5/13-215) and conditions set forth by the federal court.

. As prior argued, it is not plausible that discovery could have occurred in 2016, even if a statute of limitations were to apply, nor plausible that Vanessa knew or reasonably could have known of *all* injuries in 2016 and that they were wrongfully caused to determine a cause of action exists years before the second state action concluded and the Anti-Lynching Bill passed into law. (ECF 7 ¶¶ 280-288) It is not plausible that Vanessa knew or could have known in 2016 any of the foregoing; she is not psychic just a *pro se* minority woman and mother fighting with all she has to survive relentless onslaughts on her life and her rights for years. (ECF 7 ¶1, 10) None of Vanessa's claims are hopelessly time-barred, if any limits apply at all.

As per the Complaint, Defendant Hughes' misconducts, in concert with several named defendants, willfully hindered and derailed the first state action initiated by Vanessa, to faciliate the illicit birth of the second state action and all the atrocities that resulted therfrom. (ECF 7 ¶73-

11

85) Vanessa was barred from this Court whiles state actions were pending a decision to avoid the impression that she seeks a favorable federal court judgment to use to influence "ongoing" state proceedings, as suggested to derail other plaintiffs who came before this Court. (See ECF 182) Indeed, when Vanessa first came to this Court in 2021 on very limited claims, *after* the state appellate court review completed for her appeal, this Court still booted her out with a *sua sponte* dismissal, without notice, before any defendants could file an appearance arguing state proceedings are "ongoing" predicated on the state appellate court ordering "new" custody proceedings in violation of *stare decesis* that further protracted resolution of the second state action. (ECF 7 ¶¶ 8, 36) The ordered additional proceedings of the state appellate court was further protracted by assigned state judicial officers in the state circuit court who never find it necessary to "expedite" any relief for Vanessa and her minority children, after years of deprivations in the state courts, and delayed the ordered additional proceedings only to conduct the same, in violation of the Double Jeopardy Clause of the Fifth Amendment of the US Constitution, a year after the state appellate order to conclude in 2022. (ECF 7 ¶¶246-251) Now, the unlawful and continuing detainment of Vanessa in the state court is driven by its refusal to issue a written order for its rulings in the concluded proceedings. (ECF 7 ¶¶ 280-288) Between the conditions imposed by this Court and the efforts of defendants preventing, by fraud and deception, an earlier conclusion of the state actions, Vanessa could not have come any earlier to this Court than she did. For the exact same reasons as described in prior responses on statute of limitations (ECF 178, 180), until/unless federal courts can compel and hold state courts accountable to timely and properly conclude state actions in a fixed time, arbitrarily imposing a fixed time on filing constitutional claims under §1983 is hostile to plaintiffs and abets defendants, like Defendant Hughes, trying to escape liability who never argue or prove the state courts' willingness to address or addressed plaintiffs' claims.

11. <u>Domestic Relations Exception</u>: After arguing there are "no facts" in the Complaint and making two (2) affirmative defenses which are not allowed in motions to dismiss (Fed.R.Civ.P. 12(b)), Defendant Hughes abandons Rule 12(b)(6) to try her luck with a Rule 12(b)(1) argument on jurisdiction, by calling on the infamous judicial doctrine, the domestic relations exception, as applying to three (3) of the five (5) claims against her. (ECF 153 ¶ E) In response to Defendant Hughes' argument regarding the Domestic Relations Exception, see "Plaintiff's Memorandum In Support of Her Responses In Opposition to Motions to Dismiss" (ECF 182) and a prior response to another defendant (ECF 178 ¶12), which argue the Domestic Relations Exception does not apply here.

12. <u>Rooker-Feldman Doctrine</u>: In response to Defendant Hughes' argument regarding *J.B. v. Woodward* and Rooker-Feldman doctrine, see "Plaintiff's Memorandum In Support of Her Responses In Opposition to Motions to Dismiss" (ECF 182) which argues the Rooker-Feldman doctrine does not apply here.

**CONCLUSION**

VANESSA WEREKO prays that this Court enter an order to deny "Hughes' Motion to Dismiss Complaint" (ECF 153) as filed on June 28, 2022 in consideration of the foregoing responsive arguments in opposition, to allow this case progress to discovery for the well-pled, factual content for all six (6) claims, including the five (5) claims germane to Defendant TIFFANY MARIE HUGHES given fair notice of what she has to defend.

Dated: July 4, 2022         RESPECTFULLY SUBMITED:

/s/ Vanessa Wereko
VANESSA WEREKO
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies pursuant to 28 U.S.C. §1746 that she filed "Plaintiff's Response to Defendant Hughes' Motion to Dismiss Complaint As Filed on June 28, 2022" using the Clerk of Court's Electronic Case Filing system on this **4th day of July, 2022** which provides notification of same to the above-referenced parties of record when there has been an appearance filed.

                                          /s/ Vanessa Wereko

                                          VANESSA WEREKO

                                          675 Lakeview Pkwy #5035
                                          Vernon Hills, IL 60061
                                          Main No.: 847-637-7142
                                          Email: werekovb@me.com