IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| VANESSA WEREKO, in her individual capacity, ) ) Plaintiff, ) ) vs. ) ) THE HONORABLE LORI ROSEN, an Associate ) Judge in Cook County, Illinois, et al., ) ) ) Defendants. ) | Case No. 1:22-cv-02177 Judge Robert Michael Dow, Jr. |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT, AND REQUEST FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD**

NOW COMES the Defendant, MAXINE WEISS-KUNZ ("Weiss-Kunz"), by and through her undersigned counsel, and for her Response in Opposition to Plaintiff's Motion for Default, and Request for an Extension of Time to Answer or Otherwise Plead, states as follows:

1. On or about April 29, 2022, Plaintiff filed this action. *See* ECF Dkt. No. 1.

2. On or about May 17, 2022, Plaintiff purports to have effectuated personal service on Defendant, Weiss-Kunz by leaving a copy of the Summons and Verified Complaint at her place of residence. *See* ECF Dkt. No. 71. Plaintiff has not alleged that Defendant was handed the Summons and Verified Complaint, or that the Summons and Verified Complaint was left with someone above the age of thirteen (13) at Defendant's residence. *See id.*

3. On June 1, 2022, this Court entered an order striking the previous briefing schedule and requiring Defendants to file responsive pleadings by June 29, 2022. *See* ECF Dkt. No. 137. In its order, the Court noted the "atypical length" of the Complaint, "the number of Defendants," and "the number of claims asserted." *Id.* The Court also noted that "counsel have not yet appeared for some Defendants." *Id.* The Court anticipated that other defendants would be brought into this case

and would set a future status conference. *Id.*

4. On or about June 30, 2022, Plaintiff filed a *Motion for Entry of an Order of Default by Defendant Maxine Weiss-Kunz*. Plaintiff claimed that Weiss-Kunz was personally served in compliance with Fed. R. Civ. P. 4(e) on or about May 17, 2022.

5. Weiss-Kunz was not personally served. The process server left a copy of the Complaint at her doorstep, but did not provide either personal or abode service upon Weiss-Kunz. *See* ECF Dkt. No. 71; *see also Affidavit of Maxine Weiss-Kunz*, attached and marked as **Exhibit A**, at ¶¶ 4-9.

6. On or about June 30, 2022, Weiss-Kunz was informed that Plaintiff had filed a Motion for Default, despite the lack of proper service. *Id.* at ¶10. She then promptly retained counsel. *Id.* at ¶12.

## **LEGAL STANDARD**

7. The decision to grant a default judgment is made pursuant to Fed. R. Civ. P. 55. *See* Fed. R. Civ. P. 55. When motion is made to the court for entry of a default, "the decision to enter default lies within the district court's discretion." *O'Brien v. R.J. O'Brien & Assoc's, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).

8. In determining whether to enter a default judgment, courts consider "[t]he amount of money potentially involved, the presence or absence of disputed factual issues or issues of public importance, whether the default was largely technical, whether the plaintiff was substantially prejudiced by the delay, and whether the grounds for default are clearly established . . . ." *Am. Nat'l Bank & Trust Co. of Chi. v. Alps Elec. Co.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. Mar. 29, 2002).

9. "[A] default judgment is a harsh sanction, it should be employed only in extreme

situations when other less drastic sanctions have proven unavailing." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir., 1984); *see also Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) ("[i]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments.").

10. "[D]efault should stand where there is 'willful failure' to answer a complaint." *Bullar v. Archway Skydiving Ctr., Inc.*, 2013 U.S. Dist. LEXIS 191874, *5 (S.D. Ill. May 16, 2013 (citing *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

11. Pursuant to Fed. R. Civ. P. 4(e), service of a complaint may be made "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." *See also* 735 ILCS 5/2-203 (West 2022) ("service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode…").

## ARGUMENT

12. As set forth above, Plaintiff's server did not leave a copy of the Summons and Verified Complaint with Weiss-Kunz, nor anyone else at her residence. *See id.* at ¶¶9, 11; *see also* ECF Dkt. No. 71.

13. Thus, Plaintiff's purported attempt of service of process on Defendant did not comply with Fed. R. Civ. P. 4(e). *Compare id. with* Fed. R. Civ. P. 4(e).

14. Furthermore, Plaintiff's purported attempt at service of process was not in compliance with Illinois state court service requirements, which are virtually identical to Fed. R. Civ. P. 4(e). *See* 735 ILCS 5/2-203.

15. On this basis alone, Plaintiff's Motion for Default is facially defective and should be denied.

16. Moreover, now that Weiss-Kunz has been forced to retain counsel to address the Motion to Default, she is agreeable to waive Plaintiff's defective service on her Complaint upon her, but requests additional time for her counsel to analyze Plaintiff's Verified Complaint, which, as this Court noted, is "atypical in length," and to draft an appropriate response pleading.

17. No order of default has yet been entered against Weiss-Kunz and only minimal delay will occur by granting her request for an extension of time to file her Answer or otherwise plead. *See Idahosa v. Creve Coeur Police Dep't*, 2005 U.S. Dist. LEXIS 56212, *3 (C.D. Ill. Sept. 12, 2005) (denying motion for default where defendants filed their appearance and demonstrated readiness to file a responsive pleading prior to entry of default judgment).

18. The request for extension is brought in good faith and not for the purposes of delay.

WHEREFORE, Defendant, MAXINE WEISS-KUNZ, respectfully requests that this Honorable Court enter an order providing the following relief:

A. Denying Plaintiff's Motion for Default;

B. Granting Defendant an additional twenty-eight days, until August 2, 2022, to file her responsive pleading to Plaintiff's Verified Complaint; and,

C. For such other and further relief this Court deems equitable and just.

Respectfully submitted,<br>
**MAXINE WEISS-KUNZ**<br>
<br>
By: */s/ Anthony G. Barone*<br>
One of Her Attorneys

4885-9977-5015.1

4

Anthony G. Barone (#6196315)
George J. Manos (#6193694)
Jason W. Jochum (#6315450)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
550 W. Adams Street, Suite 300
Chicago, Illinois 60661
(312) 345-1718
*Anthony.Barone@lewisbrisbois.com*
*George.Manos@lewisbrisbois.com*
*Jason.Jochum@lewisbrisbois.com*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, I served a true and correct copy of the foregoing DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT, AND REQUEST FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD upon the following by email and via the ECF Docket:

Vanessa Wereko
675 Lakeview Parkway
Vernon Hills, Illinois 60061
*werekovb@me.com*

Michael Lewis Abel
Studnicka & Poulakidas, LLC
2 N. Riverside Plaza, Suite 1220
Chicago, IL 60606
*mabel@hskolaw.com*

Amy Lynn Anderson
Brenner, Monroe, Scott Anderson
120 N LaSalle St., Suite 2100
Chicago, IL 60602
*aanderson@brennerlawfirm.com*

Elizabeth Kathleen Barton
Board of Education for the City of Chicago, Law Department
1 North Dearborn Street, Suite 900
Chicago, IL 60602
*ekbarton@cps.edu*

John A. Wall
Anthony George Becknek
James Vincent Ferolo
Carmen Peter Forte, Jr.
Klein, Thorpe & Jenkins Ltd.
20 N. Wacker Drive, Suite 1660
Chicago, IL 60606
*jawall@ktjlaw.com*
*agbecknek@ktjlaw.com*
*jvferolo@ktjlaw.com*
*cpforte@ktjlaw.com*

Allison Gans Castillo
Illinois Attorney General's Office
100 W. Randolph, 13th Floor
Chicago, IL 60601
*Allison.Castillo@illinois.gov*

Joseph E Comer
Barker, Castro, Kuban & Steinback LLC
303 W. Madison Street, Suite 700
Chicago, IL 60606
*jcomer@bclawllc.com*

Kayla Ann Condeni
Matthew James Egan
Brendan Nelligan
Pretzel & Stouffer, Chartered
One S. Wacker, Suite 2500
Chicago, IL 60606
*kcondeni@pretzel-stouffer.com*
*megan@pretzel-stouffer.com*
*bnelligan@pretzel-stouffer.com*

Thomas Arthur Doggett
Brenner, Monroe, Scott & Anderson, Ltd.
120 N LaSalle St., Suite 2100
Chicago, IL 60602
*tdoggett@brennerlawfirm.com*

John Duffy
Paige Catherine Goldberg
Margaret Redshaw
Swanson, Martin & Bell, LLP
330 N. Wabash Avenue, Ste 3300
Chicago, IL 60611
312-222-8574
*jduffy@smbtrials.com*
*pgoldberg@smbtrials.com*
*mredshaw@smbtrials.com*

Thomas P. McGarry
Katherine Schnake
Gilberto Gonzalez
Hinshaw & Culbertson, LLP
151 N Franklin St, Suite 2500
Chicago, IL 60606
*ggonzalez@hinshawlaw.com*
*tmcgarry@hinshawlaw.com*
*kschnake@hinshawlaw.com*

4885-9977-5015.1

7

Thomas Long
Amanda Jo Hamilton
Konicek & Dillon, P.C.
21 W. State Street
Geneva, IL 60134
*amanda@konicekdillonlaw.com*
*sheila@konicekdillonlaw.com*

Nikoleta Lamprinakos
Caroline Roselli
Robbins Schwartz Nicholas Lifton & Taylor LTD
55 West Monroe Street, Suite 800
Chicago, IL 60603
*nlamprinakos@robbins-schwartz.com*
*croselli@robbins-schwartz.com*

James D. Tunick
Law Offices of James D. Tunick
650 N. Dearborn St, Suite 700
Chicago, IL 60654
*jamestunick@gmail.com*

                                                  s/ Mary Fuentes
                                                    Mary Fuentes