# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **VANESSA WEREKO**, in her individual capacity <br>    Plaintiff, <br><br> vs. <br><br> **HON. LORI ROSEN**, Associate Judge in Cook County, <br><br> **HON. DAVID E. HARACZ**, Associate Judge in Cook County, <br><br> **HON. RAUL VEGA,** Retired Judge in Cook County, <br><br> **HON. MARY S. TREW**, Associate Judge in Cook County <br><br> **HON. GRACE G. DICKLER**, Judge in Cook County, <br><br> **KATHLEEN P. LIPINSKI**, Licensed Court Reporter, <br><br> **HON. JOSEPH V. SALVI**, Associate Judge in Lake County, <br><br> **HON. TERRENCE J. LAVIN**, Appointed Justice in the Appellate Court of Illinois, <br><br> **HON. MARY ELLEN COGHLAN**, Appointed Justice in the Appellate Court of Illinois, <br><br> **HON. AURELIA MARIE PUCINSKI**, Elected Justice in the Appellate Court of Illinois, <br><br> **SARAH E. INGERSOLL**, Assistant Attorney General, <br><br> **THERESA A. EAGLESON,** Director of the Illinois Department of Healthcare and Family Services, <br><br> **RICHARD FALEN,** Supervisor of Appeals, Illinois Department of Healthcare and Family Services, <br><br> **EMILY YU**, Director of Health Information Management, NorthShore University HealthSystem, | **Case No. 1:22-cv-02177** <br><br> **Judge: ALONSO** <br><br> **Magistrate: COLE** <br><br> **Demand for Jury Trial** |

1

| | |
|---|---|
| **PETER HANNIGAN**, Superintendent of Hawthorn School District #73, ) ) ) | |
| **PEDRO MARTINEZ,** Superintendent of Chicago Public Schools, ) ) ) ) | Case No. 1:22-cv-2177 |
| **RUSSELL CASKEY**, Assistant State Attorney, ) ) | Judge: ALONSO |
| **ROBERT CASELLI**, Officer, Vernon Hills Police Dept. ) ) | Magistrate: COLE |
| **ADAM BOYD**, Officer, Vernon Hills Police Dept. ) ) ) | **Demand for Jury Trial** |
| **TANIA DIMITROVA**, Attorney, ) ) | |
| **BRADLEY R. TROWBRIDGE,** Attorney ) ) | |
| **SAFE TRAVELS CHICAGO, LLC,** Supervision Service ) ) | |
| **MAXINE WEISS-KUNZ**, Attorney, ) ) | |
| **STEWART J. AUSLANDER**, Attorney, ) ) | |
| **KAREN A. ALTMAN**, Attorney, ) ) | |
| **GARY SCHLESINGER**, Attorney, ) ) | |
| **SHAWN D. BERSSON**, Attorney, ) ) | |
| **TIFFANY MARIE HUGHES**, Attorney, ) ) | |
| **RUSSELL M. REID**, Attorney, ) ) | |
| **CANDACE L. MEYERS**, Attorney, ) ) | |
| **MICHAEL P. DOMAN**, Attorney, ) ) | |
| **STACEY E. PLATT**, Attorney, ) ) | |
| **ELIZABETH ULLMAN**, Attorney, ) ) | |
| **ANDREA D. RICE**, Attorney, )  Defendants. | |

2

## PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION TO ENJOIN DEFENDANTS FROM TAMPERING WITH, ALTERING OR DELETING DISCOVERABLE RECORDS FROM CALENDAR YEAR 2015 to 2022

NOW COMES the Plaintiff VANESSA WEREKO (hereinafter "Vanessa") pursuant to Rule 65 of the Federal Rules of Civil Procedure to request issuance of a preliminary injunction against all defendants from taking any actions to tamper with, destroy or alter any records in the scope of the factual allegations of the Complaint, from calendar year 2015 to 2022, including any official public records of state actions referenced in the Complaint, from the state circuit courts to the state appellate court to the state supreme court. The basis for this motion is as follows:

**FACTUAL BACKGROUND**

1. On April 27, 2022, Vanessa filed a complaint (ECF 1,7) naming thirty-four (34) defendants, including nine (9) state judicial officers and two (2) state defendants, which factually alleges misconducts, including but not limited to, violations of substantive due process which protects fundamental liberty interests and protects against the exercise of government authority that shocks the conscience. Said misconduct is alleged as perpetuated in an ongoing conspiracy that aided and abetted two kidnappings of Vanessa's underage minority children, the unconstitutional enactment of state and federal legislatures, with evidence from records in state actions and other records, both electronic and hard copies, informing of the alleged misconducts.

2. The Complaint is filed under Fed. R. Civ. P. 9(b) which requires that a plaintiff plead material misrepresentations or omissions with particularity to alert defendants to their precise misconduct which protects said defendants against baseless charges of fraudulent behavior.

3. Despite Rule 12 states that the time for defendants to serve a responsive pleading is within twenty-one (21) days after they are served with summons and a complaint, which

3

concurrently protects plaintiffs from prejudice or harm from delay and/or defendants who may choose to tamper with or destroy records informing the factual basis of the Complaint served:

(a) This Court on May 25, 2022, on the record, under Hon. Jorge J. Alonso extended the deadline for defendants to respond or otherwise plead, to June 9, 2022, with no pending motions for an extension of time by any named defendants. (ECF 125)

(b) This Court on June 1, 2022, after Hon. Jorge J. Alonso recused himself after an attempt to *sua sponte* dismiss the Complaint and disclosed his acquaintance with unnamed state judicial officers (ECF 126), assigned Hon. Robert M. Dow Jr. who extends the deadline again for all defendants to respond or otherwise plead, to June 29, 2022 alleging the "atypical" length of the Complaint (ECF 137) following three (3) pending motions for an extension of time (ECF 105, 123, 128) which Vanessa opposed. (ECF 107, 131, 133)

4. By June 29, 2022, twenty-seven (27) defendants all filed motions to dismiss alleging *inter alia* that the 149-page Complaint has no facts, just "label and conclusions", that judicial abstention doctrines apply and alleged unspecified state actions are "ongoing" with the state judicial officers alleging a state action is "active" (ECF 182 at 13) without indicating which nor any pending decision-making; favoring conjectures in their motions for dismissal than responsive pleadings, pled penalties of perjury, for any alternate facts to those in the Complaint.

5. No defendant filed an answer to the Complaint nor pled under Rule 12(f) to move to "strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter"

6. On June 29, 2022, Defendants Eagleson and Falen - who work in concert with the State Attorney's Office of Kimberly Foxx (SAO) – filed their motion to dismiss with an alleged order *after* the Complaint's filing date, with no sworn declaration that the attachment is not

fabricated and/or based on contrived/non-existent filing, asserted after the Complaint is filed to criminally subvert the factual allegation of their misconducts and to undermine federal jurisdiction.

7. By June 30, 2022, Vanessa filed and served seven (7) motions for entry of an order of default against the remaining seven (7) defendants who had not filed an appearance or failed to file a response or otherwise pled by the June 29, 2022 deadline. Two (2) requested an extension of time, after the deadline, and Vanessa responded in opposition, pursuant to Rule 6(b)(2) and Rule 60(b) arguing the neglect is not excusable, prejudicial to her and in bad faith. (ECF 215, 217)

8. On August 3, 2022, before the August 4, 2022 hearing, this Court granted one defendant's request for an extension of time (ECF 220) without informing the basis of its ruling or a consideration of factors in *Pioneer*, 507 U.S. at 395 113 S. Ct. 1489.

9. On August 4, 2022, on the record, this Court provides further extensions of time of the briefing schedule for defendants served prior to May 20, 2022, with the briefing schedule set to conclude on September 30, 2022, another six (6) week extension of the August 14, 2022 deadline in the June 1, 2022 Order, without any consideration of the factors in *Pioneer*, nor related findings of no prejudice to Vanessa. The basis of the extension is to accommodate potential trial schedules of defendants with none stated on the record nor in any filings post June 1, 2022 order.

10. On August 4, 2022, on the record, Assistant State Attorney General Sarah Newman stepped in for Assistant State Attorney General Mary Johnston, the counsel of record for the nine (9) state judicial defendants, to orally request a stay on discovery, with said stay ongoing until sometime after September 30, 2022 when this Court decides to rule on the motions to dismiss.

11. Prior to initiating this case, Vanessa requested from the Clerk of the Circuit Court of Cook County, Hon. Iris Y. Martinez, copies of all court orders entered during the state action (ECF 7 ¶ 286), under Defendant Lori Rosen; and prior to and after her Complaint, Vanessa

routinely took snapshots the public case docket for Case 2016 D 9029; a practice necessitated by the multi-year interference with Vanessa's civil rights, as alleged, that includes tampering with the record of the state actions and not issuing orders as obstruction, pursuant to 42 U.S.C. § 1985.

12. On account of this Court's decision to provide several extensions to defendants, with no good cause shown nor prejudice to Vanessa considered, some state defendants, on information and belief, have had ample time to alter/tamper with records in the state action. Attached as **Exhibit "A"** is a true and correct copy of the public record of the state action, Case No. 2016 D 9029, available on the Clerk of Circuit Court of Cook County's site, *after* the filing of the Complaint. Attached as **Exhibit "B"** is a true and correct copy of the inventory of the the record on appeal of the state action, Case No. 2016 D 9029, re-submitted by the Clerk of the Circuit Court of Cook County to the state appellate court on March 11, 2020, to address alterations/omissions in the record provided under state appellate case 1-19-2454 (ECF 7 ¶197).

13. The public case docket entries, per Exhibit "A", are not sequentially ordered by date, serves to confuse/distort the procedural sequence in the state action, in addition to the entries themselves being tampered with, altered or fabricated. As an example, on **December 31, 2018**:

(a) The Complaint alleges that after the months after the divorce decree "[w]ith the court's appointee removed to avert culpability for willful actions to be taken against the minority children, [Defendant] Dimitrova got an *ex parte* order from Judge Carr, on December 31, 2018, for Vanessa to turnover the minority children to Francesco to exercise 'parenting time' with no disclosure of Francesco's out-of-state domicile, as required by law. The order requested conspirators, Vernon Hills Police Department, to assist Francesco 'in obtaining physical possession of [the] minor children' to exercise 'his parenting time pursuant to the [*ex parte*] Dec. 3. 2018 Court Order and the

6

  Allocation Judgment allocation of parenting time and parental responsibilities.' As aforementioned, the agreed Allocation Judgment has no defined agreed 'parenting time' in the state of Florida." (ECF 7 ¶110); "By January 11, 201[9], Haracz entered the next *ex parte* order for the immediate relocation of the minority children to Florida, with no domicile address of Francesco indicated, no period or end date for the relocation and no parenting time defined for Vanessa. With intent to deter Vanessa, by force, intimidation or threat, from stopping the abduction of the minority children in her care, a warrant for Vanessa's arrest is attached to the immediate relocation order, with her Vernon Hills address, for her alleged contempt of the *ex parte* orders on December 3, 2018 and December 31, 2018, without a due process hearing and her purge being turnover of the minority children" (ECF 7 ¶114); said order is entered based on "Francesco's allegations the he had not heard from the minority children at all and that Vanessa relocated to Switzerland or Ghana with them" (ECF 7 ¶ 11); Vanessa informs she had no legal representation at the time in the state action. (ECF 7 ¶¶ 104-106)

(b) Exhibit "A" suggests that on December 31, 2018, Vanessa was legally represented by attorney Anderson & Boback when the warrant for her arrest was issued and suggests said attorney is still her counsel in the state action; in addition, it suggests the SAO was present in the state action as of December 31, 2018. (Ex. A at 171)

(c) Exhibit "B", the record on appeal, informs Anderson & Boback's first and only appearance in the state action was on January 25, 2019 (Ex. C at C71) with a notice of withdrawal on February 27, 2019 (Ex. C at C 76) and no appearance by SAO prior to or on December 31, 2018 nor at any time during Vanessa's appeals from 2019-2020.

14. Further evidence of record tampering relative to the ordered "new" hearing of the state appellate court's Memorandum Opinion and Order on December 31, 2020:

(a) The Complaint alleges "[o]n January 5, 2022, Rosen permitted Dimitrova to make a closing statement who *inter alia* asked for custody for Francesco as Vanessa will not disclose her domicile in Vernon Hills and Francesco is owed child support of an unsubstantiated amount per the Child Support Order. Rosen blocked Vanessa from responding via Zoom and Vanessa is not allowed to make a closing statement, per the record. Rosen orally set her ruling for the concluded hearing to occur on February 25, 2022 at 11:00AM." (ECF 7 ¶ 2718); "On February 25, 2022, seven weeks after the hearing concluded, Rosen continued her oral ruling to March 3, 2022 at 1:45 PM alleging recent receipt of a transcript that she needed to review before to deliver her ruling." (ECF 7 ¶ 280); "On March 3, 2022, Rosen continued her ruling to March 10, 2022 at 1:00PM alleging recent receipt of the transcript for the January 5, 2022 proceedings and informed there will be no more continuances as the December 16, 2021 hearing occurred over two (2) days and she is in receipt of two (2) transcripts" (ECF 7 ¶ 281); "On March 10, 2022, Rosen continued her ruling to 2:15PM of the same day alleging she had a pre-trial and wanted to clear her case docket to proceed;***" (ECF 7 ¶282); "On March 10, 2022 at 2:15PM, Rosen orally ruled***. For Vanessa's Motion to Modify or Vacate the Child Support Order, she alleged she already ruled, with no order issued." (ECF 7 ¶283); "On March 10, 2022, Rosen was proceeding on an oral petition of Francesco, for the fraudulent Child Support Order, with Dimitrova requesting Rosen force Vanessa to sell pre-marital asset – already subject to another extortion scheme by other third parties in concert with other judicial officers – to satisfy the unsubstantiated amount she claimed is owed, when Vanessa was kicked out of the Zoom. Circa 5:30PM, Vanessa received a proposed continuation order from Dimitrova, sent to Rosen's electronic service address, that stated another court date on March 15,

8

2022 at 11:00AM for the 'court's ruling on pending Child Support Financial Pleadings.'" (ECF 7 ¶284); "By the March 15, 2022 court date (see ¶ 284), [Asst. State Attorney] VanZoeren appeared before Rosen over Zoom proceedings for the SAO and is queried by Rosen if there is any pending state Petition in the case. ASA VanZoeren informed there is not***." (ECF 7 ¶328); "On March 15, 2022, Vanessa contacted Circuit Court Clerk Iris Martinez and Deputy Chief Clerks for Domestic Relations to request a copy of any orders entered on or after March 10, 2022 by Rosen. After a month, a Circuit Court clerk responded to Vanessa's request with nothing on or since March 10, 2022 except a March 15, 2022 continuation order drafted by Dimitrova for Francesco's unfiled petition, not part of the concluded hearing, and Rosen's March 28, 2022 order denying Vanessa's request [on March 25, 2022] for issuance of a written order for the concluded December 16, 2021 hearing." (ECF 7 ¶ 286).

(b) Exhibit "A" suggests on March 25, 2022 an undefined participant filed a Motion, a Notice of Motion and Notice of Filing and on the same day, Defendant Rosen denied it; in essence misrepresenting no order was entered on March 28, 2022 and a phantom or ghost filed a pleading on March 25, 2022. (Ex. A at 43)

15. Exhibit "A" states "if data does not appear in a specific field, we likely do not have the responsive data in our master database." (Ex A at 171) The public state action docket relies on a master database of the Circuit Court of Cook County of Illinois which, per Exhibit A, has been tampered with or altered and misrepresenting Vanessa made no filings in the state action, initiated no appeals, is still represented by an attorney who withdrew on February 27, 2019 and fails to name other ex-counsels who are named defendants in this federal action (ECF 7 at 20 ¶25, ECF 7 at 21 ¶¶ 29, 30). Prior to the tampering evident in Exhibit "A", the same docket misrepresented all

9

filings, including the motion on March 25, 2022, were filed by Defendant Dimitrova with no order entry on March 25, 2022, as categorically fabricated after the Complaint i.e., a ghost order.

**LEGAL STANDARDS**

16.  The standards for entering a temporary restraining order are identical to those for entering a preliminary injunction. *Anthony v. Village of South Holland*, 2013 WL 5967505, (N.D. Ill. Nov. 8. 2013).

17.  A party seeking a preliminary injunction must demonstrate as a threshold matter that (1) its case has some likelihood of succeeding on the merits; (2) no adequate remedy at law exists; and (3) it will suffer irreparable harm if preliminary relief is denied. *Abbott Labs. V. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). If the moving party meets its initial burden, then the court must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994) The court also considers the public interest served by granting or denying the relief, including the effects of the relief on non-parties. *Id.*

18.  Under the "sliding scale" approach employed in the Seventh Circuit, 'the more likely plaintiff will succeed on the merits, the less the balance of irreparable harms need favor plaintiff's position." *See , e.g*., *Ty, Inc. v. The Jones Group*, 237 F.3d 891, 895 (7th Cir. 2001). "The sliding scale approach is not mathematical in nature; rather it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Id.* at 895-96

**ARGUMENTS or BASIS FOR RELIEF**

19.  **Likelihood of Success on the Merits**: Vanessa has a "better than negligible

chance" of success on the merits of her Complaint for more than one of her claims relative to the unconstitutional enactment of several state legislature including the state's child support statute, the pervasive procedural due process rights violations and the ongoing constitutional injuries therefrom for a "concluded" state action. Outside of testimonial evidence/depositions under oath or penalties of perjury, documentary evidence – electronic and hard copies - is relevant for the factual and dated allegations in the Complaint during the discovery stage. A failure to provide the requested temporary injunction, in light of (a) the public evidence of tampering, alterations or falsifications of the public state action's record; (b) the prolongation of the pleading stage with several extensions; and (c) the indefinite stay on discovery; collectively prolong the opportunity for perpetuating further harm against Vanessa and her claims alleging a conspiracy of fraud by named defendants, including state judicial officers in the Circuit Court of Cook County, Illinois.

20. **Absence of Adequate Remedy at Law**: There is no adequate remedy at law for the harm to Vanessa by defendants or their related employees, agents, successors or assigns under their power/control tampering with, deleting or altering records that corroborate the alleged misconducts; Vanessa has been unlawfully detained for seven (7) years in protracted state actions before arriving here, following this Court *sua sponte* dismissal of her first Complaint without notice in March 2021. The evidence to-date plausibly informs several defendants and related non-defendants with clout are engaged in efforts to derail this federal action, including subvert the discoverable records or obstruct access to a true and correct copy of the same, as coverup for the alleged misconducts to force dismissal of this case. Irreparable harm and damage already exist for Vanessa, which can never be adequately remedied with monetary damages relative to her infringed upon liberty interests particularly for familial relations; no monetary damages can bring back years lost with her children or vice-versa nor the pain and suffering on related family relations on account

of the alleged misconducts. In the absence of a preliminary injunction to enjoin against tampering with, altering or deleting discoverable records, more irreparable harm will be caused to Vanessa claims prior to the discovery stage by powerful defendants who can act, to-date, with impunity.

21. **No Harm to Defendants**: There is no irreparable harm caused to any defendants by this Court granting this preliminary injunction to enjoin state defendants from tampering with, altering, deleting any state records subject to the matters in this federal action and enjoining non-state defendants, alleged as acting in concert with the state defendants, from doing the same for all records from 2015 to 2022. In the world of electronic data, the preservation obligation is not limited simply to avoiding affirmative acts of destruction. Since computer systems generally may purge electronic documents such an email, it is necessary for defendants facing litigation to take active steps to halt any such process with compliance enforced via a preliminary injunction.

22. **Public Interest Served**: The public is directed to public resources such as the Clerk of the Circuit Court of Cook County's site to obtain public case information. A preliminary injunction to enjoin tampering with, altering or deleting entries only serves the public interest who, as tax payers, should not be defrauded about any public state action, including Case 2016 D 9029.

WHEREFORE, VANESSA WEREKO prays that this Court pursuant to Federal Civil Rule 65, in recognition of Vanessa's due process rights and to safeguard against irreparable harm or damage to Vanessa with evidence of tampering/alterations/deletions/insertions occurring for discoverable public state action records, enter a preliminary injunction to:

a) Enjoin state defendants and their employees, agents, successors and assigns from tampering with, altering or deleting any and all records related to the period of the factual allegations against them in the Complaint from calendar year 2015 to 2022, including state actions records and state department records, until further order of court.

b) Enjoin non-state defendants from acting in concert with state defendants and/or individually to tamper with, alter or delete any and all records related to the period of the factual allegations against them in the Complaint from calendar year 2015 to 2022.

c) Any other relief that this Court deems just and equitable under the facts and circumstances of this federal cause of action.

Dated: August 6, 2022                                    RESPECTFULLY SUBMITED:

/s/ Vanessa Wereko
VANESSA WEREKO
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com

## CERTIFICATE OF SERVICE

The undersigned certifies pursuant to 28 U.S.C. §1746 that she filed "Plaintiff's Emergency Motion for a Temporary Restraining Order to Enjoin Defendants From Tampering With, Altering or Deleting Discoverable Records from Calendar Year 2015 to 2022" and attached Affidavit and Exhibits using the Clerk of Court's Electronic Case Filing system on the **7th day of August, 2022** which provides notification of same to the above-referenced parties of record when there is an appearance filed.

Executed on: August 6, 2022                /s/ Vanessa Wereko

VANESSA WEREKO
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION

I, VANESSA, being duly sworn states as follows:

1. I am the Plaintiff in Case No. 1:22-cv-02177 in the United States District Court, Northern District Court of Illinois, Eastern Division.

2. I submit this Affidavit in support of "Plaintiff's Emergency Motion for a Temporary Restraining Order / Preliminary Injunction to Enjoin Defendants from Tampering with, Altering or Deleting Discoverable Records from Calendar Year 2015 to 2022" and I have personal knowledge of the facts and allegations stated therein.

3. Exhibit "A" is a true and correct copy of the public record entries of the state action, Case No. 2016 D 9029 in the Circuit Court of Cook County, Illinois, as found on Clerk of the Circuit Court of Cook County's public site https://casesearch.cookcountyclerkofcourt.org/ as of August 6, 2022.

4. Exhibit "B" is a true and correct copy of the record entries of the state action, Case No. 2016 D 9029 in the Circuit Court of Cook County, Illinois, as re-submitted by the Clerk of the Circuit Court of Cook County to the Illinois State Appellate Court, First District on March 11, 2020 for state appellate case no. 1-19-2454.

Pursuant to 28 U.S.C. § 1746, I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 6, 2022

/s/ Vanessa Wereko
VANESSA WEREKO
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com

14