# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

VANESSA WEREKO, in her individual capacity,

Plaintiff,

vs.

HON. LORI ROSEN, Associate Judge 1n Cook County; HON. DAVID E. HARACZ, Associate Judge in Cook County; HON. RAUL VEGA, Retired Judge in Cook County; HON. MARY S. TREW, Associate Judge in Cook County; HON. GRACE G. DICKLER, Judge in Cook County; KATHLEEN P. LIPINSKI, Licensed Court Reporter; HON. JOSEPH V. SALVI, Associate Judge in Lake County; HON. TERRENCE J. LAVIN, Appointed Justice in the Appellate Court of Illinois; HON. MARY ELLEN COGHLAN, Appointed Justice in the Appellate Court of Illinois; HON. AURELIA MARIE PUCINSKI, Elected Justice in the Appellate Court of Illinois; SARAH E. INGERSOLL, Assistant Attorney General; THERESA A. EAGLESON, Director of the Illinois, Department of Healthcare and Family Services; RICHARD FALEN, Supervisor of Appeals, Illinois, Department of Healthcare and Family Services; EMILY YU, Director of Health Information Management, NorthShore University HealthSystem; PETER HANNIGAN, Superintendent of Hawthorn School District #73; PEDRO MARTINEZ, Superintendent of Chicago Public Schools; RUSSELL CASKEY, Assistant State Attorney; ROBERT CASELLI, Officer, Vernon Hills Police Dept.; ADAM BOYD, Officer, Vernon Hills Police Dept.; TANIA DIMITROVA, Attorney; BRADLEY R. TROWBRIDGE, Attorney; SAFE TRAVELS CHICAGO, LLC, Supervision Service; MAXINE WEISS-KUNZ, Attorney; STEWART J. AUSLANDER, Attorney; KAREN A. ALTMAN, Attorney; GARY SCHLESINGER, Attorney; SHAWN D. BERSSON, Attorney; TIFFANY MARIE HUGHES, Attorney; RUSSELL M. REID, Attorney; CANDACE L. MEYERS, Attorney; MICHAEL P. DOMAN, Attorney; STACEY E. PLATT, Attorney; ELIZABETH ULLMAN; and, ANDREA D. RICE, Attorney,

Defendants.

Case No. 1:22-cv-2177

**DEFENDANTS RUSSELL M. REID, STACEY PLATT, AND ELIZABETH ULLMAN'S REPLY IN SUPPORT OF MOTION TO DISMISS**

**DEFENDANTS RUSSELL M. REID, STACEY PLATT, AND
ELIZABETH ULLMAN'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants, Russell M. Reid, Stacey Platt, and Elizabeth Ullman, by and through their attorneys, Swanson, Martin & Bell, LLP, hereby submit this reply in support of their Motion to Dismiss (ECF No. 157) and state as follows:

Much like the Complaint, Plaintiff's response to these Defendants' Motion to Dismiss is rambling and difficult to navigate. (ECF No. 202, Pl.'s Resp. to Mot. to Dismiss, Jul. 11, 2022, ECF No. 202; *see also* Pl.'s Mem. in Opp'n to Mot. to Dismiss, Jul. 4, 2022, ECF No. 182). Yet, despite the many paragraphs and memorandums in support, Plaintiff failed to present a basis to avoid dismissal pursuant to Rules 12(b)(1), (b)(6) and 8(a)(2), (c)(1). For the reasons set forth herein and in Defendants' Motion to Dismiss, dismissal is proper.

**I.   PLAINTIFF FAILED TO PLEAD A CAUSE OF ACTION AGAINST DEFENDANTS.**

Plaintiff's Complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure (FRCP). Plaintiff responds by arguing that FRCP 8 does not apply here based on the allegations of fraud. Thus, according to Plaintiff, the length of the Complaint is necessary to comply with FRCP 9(b)'s requirement to plead greater factual detail. (Pl.'s Resp. at p. 5, ECF No. 202). Not so. A complaint that complies with Rule 9(b) may still violate Rule 8(a)(2) if it is too long or so rambling as to be incomprehensible. *U.S. ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003). At 143 pages and 453 paragraphs, it is unnecessarily long, rambling, and incomprehensible.

In addition, the Complaint also fails to comply with FRCP 9(b). Despite the hundreds of paragraphs, it does not state a claim for civil conspiracy. Plaintiff asserts no facts that could reasonably establish a valid civil conspiracy claim against Reid, Platt, or Ullman. Instead, the long-winded and rambling statements amount to nothing more than labels, conclusions, and naked

assertions devoid of fact. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009). Consequently, dismissal is proper.

## II.   PLAINTIFF'S CLAIMS AGAINST REID, PLATT, AND ULLMAN ARE BARRED BY ABSOLUTE IMMUNITY.

Plaintiff's claims against these Defendants are also barred by absolute immunity. *Scheib v. Grant*, 22 F.3d 149, 156 (7th Cir. 1994); *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). Plaintiff argues that the absolute privilege does not apply as these Defendants' actions fall outside the scope of their roles as guardian *ad litem* and child representatives. (Pl.'s Resp. at 10, ECF No. 202). Specifically, "defrauding a custodian and aiding/abetting a kidnapping" are not within the confines of those roles. (*Id*.) This argument requires the Court to adopt Plaintiff's distorted version of events.

In reality, all acts complained of – being appointed, preparing an order, meeting with the parents and children, and presenting and arguing a motion - occurred during the course of and in connection with Reid, Platt, and Ullman's court-appointed duties. (Compl. at ¶¶90-91, 123, 136-147, ECF No. 1). Reid, Platt, and Ullman acted professionally and in consideration of the children's best interests at all times. Plaintiff's frustration does not transform those actions into fraud or kidnapping. This is the precise reason courts protect guardians a*d litem* and child representatives: they deserve "absolute immunity in order to fulfill their obligations without the worry of intimidation and harassment from dissatisfied parents." *Cooney*, 583 F.3d at 970 (*citing Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006)). To allow the claims against Reid, Platt, and Ullman to proceed to litigation would not only violate the absolute immunity, but it would also undermine the sovereignty of the judicial system.

### III. THIS COURT LACKS SUBJECT MATTER JURISDICTION.

In addition, this Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the domestic relations exception to federal jurisdiction. (Mot. to Dismiss, Jun. 29, 2022, ECF No. 157). Plaintiff disagrees. In support, Plaintiff notes that she does not seek child custody from this Court, but rather judgment against defendants whose actions deprived her of the agreed allocation judgment and interfered with her civil rights through unconstitutional exercise of the child support statute. (Pl.'s Resp. at 16, ECF No. 182). This argument is unavailing; even Plaintiff finds it unpersuasive. (*See id*. at 13)("on the off chance the domestic relations exception does not succeed in shackling this Court from intervening...").

As set forth in the Motion to Dismiss, in order for Plaintiff to prevail, this Court would have to find that actions of state-court judges and court appointed child representatives and guardians *ad litem* evidenced a conspiracy with Plaintiff's ex-husband and private participants, including Plaintiff's own lawyers, to deprive Plaintiff of her constitutional rights. (Order at 6, May 9, 2022, ECF No. 9). Despite Plaintiff's assertion otherwise, this necessarily entails voiding or altering the state court's custody orders, which would be an "unacceptable intrusion into the domain of the state domestic relations court." *Hadzi-Tanovic v. Johnson, et al.*, 2021 WL 5505541, *6 (N.D. Ill. Nov. 24, 2021). The Northern District of Illinois and the Seventh Circuit already rejected Plaintiff's precise argument. *See Wereko v. Haracz*, 857 Fed.Appx. 250 (7th Cir. 2021). The result here should be no different.

### IV. THE APPLICABLE STATUTES OF LIMITATIONS BAR PLAINTIFF'S CLAIMS.

Dismissal is further proper as the claims against Reid, Platt, and Ullman are time-barred. Plaintiff asserts that the statute of limitations argument as it is an affirmative defense and cannot be grounds for dismissal. In support, she relies on *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

4

In *Lewis*, the court explained that "as an abstract proposition," complaints do not have to anticipate affirmative defenses to survive dismissal. *Id.* However, dismissal is proper where, as here, the complaint sets forth everything necessary to satisfy the affirmative defense and plainly reveals that an action is untimely under the governing statute of limitations. *Id.* Plaintiff's Complaint sets forth the timeline during which the court appointed the Defendants, Defendants investigated the facts, and offered recommendations or arguments to the court. (Compl. at ¶¶90-91, 123, 136-147, ECF No. 1). The statute of limitations for Reid expired on December 12, 2020 and in July 2021 for Platt and Ullman. Plaintiff filed her Complaint after the close of the limitations period, on April 29, 2022. (*Id.*)

Plaintiff next argues that the statute of limitations is tolled by the Illinois Fraudulent Concealment Statute (735 ILCS 5/13-215). (Pl.'s Resp. at 14, ECF No. 202). But Plaintiff' has failed to plead fraudulent concealment. In particular, Plaintiff has not alleged any affirmative act by these Defendants that purportedly kept Plaintiff from discovering her cause of action, a requirement to plead fraudulent concealment. *Richardson v. City of Chicago*, 314 F.Supp.3d 999 (N.D. Ill. 2018). Thus, the fraudulent concealment statute does not toll the applicable limitations period. *Id.*

Confusingly, Plaintiff also argues that the statute of limitations has not yet started to run because the criminal statute of limitations for kidnapping begins to run from the release of the victim. (Pl.'s Resp. at 14, ECF No. 202). This is not a criminal case. Defendants are not charged with kidnapping. Rather, Plaintiff brings claims pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985. (Compl. at ¶¶ 335, 343, 374, 386, 399, 414, ECF No. 1). The applicable statute of limitations for such claims is two years. (Mot. to Dismiss at 6, ECF No. 157). As set forth above and in the Motion to Dismiss, the statute of limitations expired in, at the latest, 2021. Therefore, the claims against Reid, Platt, and Ullman are time-barred and must be dismissed.

## **CONCLUSION**

WHEREFORE, Defendants, Russell M. Reid, Stacey Platt, and Elizabeth Ullman, respectfully request that this Honorable Court grant their Motion to Dismiss (ECF No. 157), dismiss Plaintiff's Complaint with prejudice, and for all other relief that this Court deems equitable and just.

Respectfully submitted,
SWANSON, MARTIN & BELL, LLP

*/s/ Margaret C. Redshaw*
Attorneys for Defendants
RUSSELL M. REID, STACEY PLATT, &
ELIZABETH ULLMAN

John J. Duffy (#6224834)
Margaret C. Redshaw (#6309950)
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
jduffy@smbtrials.com
mredshaw@smbtrials.com