**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION**

| | | |
|---|---|---|
| VANESSA WEREKO, in her individual capacity, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 1:22-cv-02177 |
| THE HONORABLE LORI ROSEN, an Associate Judge in Cook County, Illinois, et al., | ) ) ) | Judge Robert Michael Dow, Jr. |
| Defendants. | ) | |

## DEFENDANT, MAXINE WEISS KUNZ'S, REPLY IN SUPPORT OF COMBINED MOTION TO DISMISS

NOW COMES the Defendant, MAXINE WEISS KUNZ (hereinafter "Weiss Kunz"), by and through her attorneys, and for her Reply in Support of her Combined Motion to Dismiss, states as follows:

## INTRODUCTION

Plaintiff's Response to Weiss Kunz's Motion to Dismiss does not address the legal deficiencies of Plaintiff's Complaint. Instead, Plaintiff simply repeats the unsubstantiated allegations contained in her Complaint, all of which erroneously attempt to mischaracterize the timing and scope of Weiss Kunz's representation of Francesco Potenza ("Potenza"), Plaintiff's ex-husband, in the underlying divorce cases. Plaintiff fails to offer even the slightest argument favoring an opportunity to replead her allegations against Weiss Kunz. Accordingly, dismissal of Plaintiff's Complaint with prejudice is warranted, pursuant to Fed. R. Civ. P. 8(a), 12(b)(1), and 12(b)(6).

## ARGUMENT

## I.   PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8(a).

As noted in Weiss Kunz's Motion to Dismiss and the accompanying Memorandum of Law,

Plaintiff's 143 page, 471 paragraph Complaint fails to properly state causes of action in compliance with the pleading requirements of Fed. R. Civ. P. 8(a). Plaintiff's Response does not cure these defects. Response at pp. 5-9. Instead, Plaintiff merely offers that "[t]he Complaint averages four (4) pages per defendant over several years … ." *Id.* at p. 8. This reference to "pages per defendant" is neither relevant to nor restorative of the fatal flaws in the pleading .

Plaintiff does assert that her compliance with Rule 9(b) somehow equates to satisfaction of Rule 8(a). Response at pp. 7-8. However, it is well settled that "the purpose of … Rule 9 [concerns] actions in which slightly more is needed for notice" and "Rule 9 must be read together with [Rule 8(a)]." *Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir. 1975). Plaintiff's argument is erroneous, and dismissal is warranted pursuant to Fed. R. Civ. P. 8(a).

## II. PLAINTIFF'S COMPLAINT RUNS CONTRARY TO FED. R. CIV. P. 12(b)(1).

Defendant Weiss Kunz also moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), in light of the clear application of the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, the domestic relations exception, and traditional principles of comity and federalism espoused in *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). Plaintiff's Response purports to contest the applicability of these abstention theories. Response at pp. 8-12. In reality, however, Plaintiff deflects away from abstention and instead contends that this Court may not take judicial notice of documents from the underlying divorce cases, criticizes the Court for granting Weiss Kunz time to respond to Plaintiff's Complaint (despite improper service), and calls into question the Court's impartiality based on its ruling on Plaintiff's ill-pleaded Motion for Preliminary Injunction. *Id.*

As noted in Weiss Kunz's Combined Motion to Dismiss, it is well-settled that the Court may take judicial notice of matters of public record, including court filings and documents from the ongoing state court proceedings incorporated into the federal complaint. *See Orgone Cap. III,*

*LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019) (holding same). Weiss Kunz's attachment of the last order entered in the underlying divorce case, demonstrating that case remains on-going and that Plaintiff is currently involved in a contempt petition, was therefore entirely proper. *See id.*; ECF Dkt. No. 222-A. The order is relevant to whether the *Younger* abstention doctrine applies. *See Juidice v. Vail*, 430 U.S. 327, 334 (1977) (requiring the federal district court to abstain pursuant to *Younger* because "[a] State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, so long as that system itself affords the opportunity to pursue federal claims within it").

Plaintiff's Response provides no justification for the Court to intercede in Plaintiff's on-going state court divorce case. *See id.*; *see also J.B. v. Woodard*, 997 F.3d at 722.

**III.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6).**

**A.   *Plaintiff Misapprehends the Distinction Between the Attorney-Client Privilege and the Absolute Attorney Litigation Privilege.***

Defendant has also moved to dismiss Plaintiff's Complaint based on the absolute litigation privilege. Plaintiff provides no valid argument for why the privilege would not extend to Weiss Kunz and mistakenly conflates Weiss Kunz's arguments for dismissal premised on application of the absolute attorney litigation privilege with the attorney-client privilege. Response at pp. 12-13.

However, as this Court is aware, the privileges are not the same. While "the attorney-client privilege protects [the disclosure of] communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice" (*see* S*andra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010)), the absolute attorney litigation privilege bars legal claims against an attorney so long as the attorney's conduct was "pertinent" to that representation. *See O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶26.

Plaintiff then asserts that to apply the absolute attorney litigation privilege would allow for

unlawful conduct with impunity. Response at p. 18. This argument is without legal or factual merit. Plaintiff's Complaint includes no allegations demonstrating "actual malice" by Weiss Kunz to overcome the absolute attorney litigation privilege. *See id.*; *see also Salaymeh v. Interqual, Inc*., 155 Ill. App. 3d 1040, 1046 (1st Dist. 1987) (holding that to overcome the privilege a plaintiff must plead facts demonstrating "actual malice" by an attorney outside his or her representation of the client.). In fact, Plaintiff's allegations relate solely to Weiss Kunz's zealous advocacy of Potenza in the underlying divorce cases. *See generally* ECF Dkt. No. 1, at pp. 110-111, ¶351, p. 128, ¶401. Plaintiff's unhappiness with the results Weiss Kunz obtained for Potenza does not equate to "actual malice."

**B.** ***Plaintiff's Argument Concerning Her Allegations of the Alleged Conspiracy Only Highlights the Frivolous Nature of Her Claims Against Weiss-Kunz.***

Plaintiff then attempts to affirm the sufficiency of her conspiracy allegations against Weiss Kunz. Response at pp. 13-17. However, beyond the hyperbolic rhetoric, Plaintiff does not cite to a single factual allegation in her Complaint supporting an alleged conspiracy, let alone Weiss Kunz's participation in such a concerted scheme while representing Potenza in the underlying divorce cases. *See id.* Bombast alone does not suffice to maintain a claim that thirty-four (34) separate defendants engaged in a conspiracy over seven (7) years to deprive Plaintiff of her constitutional rights. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("the plaintiff must meet a high standard of plausibility" when alleging "a vast, encompassing conspiracy.").

The lone "argument" made by Plaintiff with respect to the sufficiency of her conspiracy claim is a reference to an allegation in the Complaint that Weiss Kunz acted "in concert with state actors in two state actions," and as such, was a "state actor" for purposes of 42 U.S.C. §§ 1983, 1985. Response at pp. 16-17. Plaintiff also appears to contend that she does not need to allege "state action" on the part Weiss Kunz. *See id.* at p. 17.

It is well-settled that to maintain a 1983 claim against a private actor, a plaintiff must allege that the private actor acted under color of state law. *Heldstab v. Liska*, 911 F.2d 736 (7th Cir. 1990) (citing *Dennis v. Sparks*, 449 U.S. 24 (1980)). Divorce attorneys are not "state actors, under color of state law within the meaning of § 1983." *Andersen v. Andersen*, 554 Fed. App'x 529, 530-31 (7th Cir. 2014) (unpublished and nonprecedential) (citing *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981)). Thus, to maintain a Section 1983 or 1985 action against a divorce attorney, a plaintiff must allege "some overt and significant participation by the party acting in concert with state action in the challenged action." *Offutt v. Kaplan*, 884 F. Supp. 1179, 1193 (N.D. Ill. 1995).

Plaintiff's bare-bones contention that Weiss Kunz interfered with entry of a foreign separation agreement and allocation agreement falls well short of alleging the requisite concerted "state action" so as to render Weiss Kunz part of the state itself. *See id.*

### C. Plaintiff's Argument That She Is Entitled to a Declaratory Judgment Against Weiss Kunz is Factually Erroneous.

Plaintiff's argument that she is entitled to a declaratory judgment and injunctive relief against Weiss Kunz is unavailing. It is well-settled that to obtain such relief, a plaintiff must be in "immediate danger of sustaining some direct injury" from a defendant. *City of Los Angeles v. Lyons*, 461 U.S. 95, 97 (1983). Plaintiff undermines her argument, however, by conceding that Weiss Kunz's participation in the underlying divorce case ended as of February 15, 2017. Response at pp. 17-18. Accordingly, Plaintiff is unable to meet the requisite burden.

### D. Plaintiff's Case Against Weiss-Kunz is Barred by the Statutes of Limitation.

Defendant has further moved to dismiss Plaintiff's Complaint because her claims are barred by the applicable statute of limitations. Plaintiff's conspiracy claims are premised on Sections 1983 & 1985, and thus the two-year statute of limitations apply. In her Response, however, Plaintiff erroneously contends that because she is asserting a conspiracy, the five-year

statute of limitations applicable to a claim for fraudulent concealment should apply. Response at p. 18. Plaintiff further baselessly asserts that her claims were fraudulently concealed and thus the statute of limitations was tolled. *See* ECF Dkt. No. 206 at p. 17. However, in order to plead "fraudulent concealment" sufficient to toll the statute of limitations, a plaintiff must show "that he neither knew nor, in the exercise of due diligence, could reasonably have known of the offense." *In re Copper Antitrust Litig.*, 436 F.3d 782, 791 (7th Cir. 2006) (quoting *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 194-95 (1997)). Plaintiff failed to allege that she did not know of the alleged conspiracy; in fact, she repeatedly claimed a vast conspiracy was mounted against her to the Illinois ARDC, the Judicial Inquiry Board, and the Illinois Human Rights Commission. *See* ECF Dkt. No. 1 at ¶¶56, 67, 104, 207. As noted t in Weiss Kunz's Motion to Dismiss, all of these complaints were made more than two (2) years prior to Plaintiff filing the instant matter. Thus, her claims are barred by the two-year statute of limitation. *See id.*

Plaintiff further attempts to argue that she could not have filed her lawsuit earlier because such an action would have created the appearance she was seeking an advantage in the Cook County Divorce Case. *See* ECF Dkt. No. 206 at p. 17. This argument is without merit. It is well-settled that the statutes of limitations for a Section 1983 or 1985 action begin "to run when [s]he knew or should have known that h[er] constitutional rights had been violated" and are not tolled to avoid the appearance of seeking an advantage in another matter. *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997).

## CONCLUSION

Plaintiff's Complaint is hopelessly deficient, both legally and factually, and nothing raised in her Response in Opposition to Weiss Kunz's Motion to Dismiss provides even an arguable lifeline. Indeed, the Response offers nothing more than a repeat of the allegations in her Complaint,

with added bluster. Plaintiff simply has no colorable claim against Weiss Kunz, her ex-husband's former attorney. Weiss Kunz is entitled to be extricated from any further involvement in this matter.

**WHEREFORE**, Defendant, MAXINE WEISS KUNZ, respectfully requests that this Honorable Court enter an Order granting her Combined Motion to Dismiss Plaintiff's Complaint with prejudice, and for such other and further relief this Court deems equitable and just.

Respectfully Submitted,

**MAXINE WEISS KUNZ**

By:   /s/ *George J. Manos*
One of Her Attorneys

Anthony G. Barone (#6196315)
George J. Manos (#6193694)
Jason W. Jochum (#6315450)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
550 W. Adams Street, Suite 300
Chicago, Illinois 60661
(312) 345-1718
*Anthony.Barone@lewisbrisbois.com*
*George.Manos@lewisbrisbois.com*
*Jason.Jochum@lewisbrisbois.com*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, I served a true and correct copy of the foregoing DEFENDANT, MAXINE WEISS KUNZ'S, REPLY IN SUPPORT OF COMBINED MOTION TO DISMISS, upon the following via the ECF Docket:

Vanessa Wereko
675 Lakeview Parkway
Vernon Hills, Illinois 60061
*werekovb@me.com*

Michael Lewis Abel
Studnicka & Poulakidas, LLC
2 N. Riverside Plaza, Suite 1220
Chicago, IL 60606
*mabel@hskolaw.com*

Amy Lynn Anderson
Brenner, Monroe, Scott Anderson
120 N LaSalle St., Suite 2100
Chicago, IL 60602
*aanderson@brennerlawfirm.com*

Elizabeth Kathleen Barton
Board of Education for the City of Chicago, Law Department
1 North Dearborn Street, Suite 900
Chicago, IL 60602
*ekbarton@cps.edu*

John A. Wall
Anthony George Becknek
James Vincent Ferolo
Carmen Peter Forte, Jr.
Klein, Thorpe & Jenkins Ltd.
20 N. Wacker Drive, Suite 1660
Chicago, IL 60606
*jawall@ktjlaw.com*
*agbecknek@ktjlaw.com*
*jvferolo@ktjlaw.com*
*cpforte@ktjlaw.com*

Allison Gans Castillo
Illinois Attorney General's Office
100 W. Randolph, 13th Floor
Chicago, IL 60601
*Allison.Castillo@illinois.gov*

Joseph E Comer
Barker, Castro, Kuban & Steinback LLC
303 W. Madison Street, Suite 700
Chicago, IL 60606
*jcomer@bclawllc.com*

Kayla Ann Condeni
Matthew James Egan
Brendan Nelligan
Pretzel & Stouffer, Chartered
One S. Wacker, Suite 2500
Chicago, IL 60606
*kcondeni@pretzel-stouffer.com*
*megan@pretzel-stouffer.com*
*bnelligan@pretzel-stouffer.com*

Thomas Arthur Doggett
Brenner, Monroe, Scott & Anderson, Ltd.
120 N LaSalle St., Suite 2100
Chicago, IL 60602
*tdoggett@brennerlawfirm.com*

John Duffy
Paige Catherine Goldberg
Margaret Redshaw
Swanson, Martin & Bell, LLP
330 N. Wabash Avenue, Ste 3300
Chicago, IL 60611
312-222-8574
*jduffy@smbtrials.com*
*pgoldberg@smbtrials.com*
*mredshaw@smbtrials.com*

Thomas P. McGarry
Katherine Schnake
Gilberto Gonzalez
Hinshaw & Culbertson, LLP
151 N Franklin St, Suite 2500
Chicago, IL 60606
*ggonzalez@hinshawlaw.com*
*tmcgarry@hinshawlaw.com*
*kschnake@hinshawlaw.com*

Thomas Long
Amanda Jo Hamilton
Konicek & Dillon, P.C.
21 W. State Street
Geneva, IL 60134
*amanda@konicekdillonlaw.com*
*sheila@konicekdillonlaw.com*

Nikoleta Lamprinakos
Caroline Roselli
Robbins Schwartz Nicholas Lifton & Taylor LTD
55 West Monroe Street, Suite 800
Chicago, IL 60603
*nlamprinakos@robbins-schwartz.com*
*croselli@robbins-schwartz.com*

James D. Tunick
Law Offices of James D. Tunick
650 N. Dearborn St, Suite 700
Chicago, IL 60654
*jamestunick@gmail.com*

/s/   *George J. Manos*