UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VANESSA WEREKO, in her individual capacity <br><br> Plaintiff, <br><br> vs. <br><br><br> HON. LORI ROSEN, Associate Judge in Cook County, <br> HON. DAVID E. HARACZ, Associate Judge in Cook County, <br> HON. RAUL VEGA, Retired Judge in Cook County, <br> HON. MARY S. TREW, Associate Judge in Cook County <br> HON. GRACE G. DICKLER, Judge in Cook County, <br> KATHLEEN P. LIPINSKI, Licensed Court Reporter, <br> HON. JOSEPH V. SALVI, Associate Judge in Lake County, <br> HON. TERRENCE J. LAVIN, Appointed Justice in the Appellate Court of Illinois, <br> HON. MARY ELLEN COGHLAN, Appointed Justice in the Appellate Court of Illinois, <br> HON. AURELIA MARIE PUCINSKI, Elected Justice in the Appellate Court of Illinois, <br> SARAH E. INGERSOLL, Assistant Attorney General, <br> THERESA A. EAGLESON, Director of the Illinois Department of Healthcare and Family Services, <br> RICHARD FALEN, Supervisor of Appeals, Illinois Department of Healthcare and Family Services, <br> EMILY YU, Director of Health Information Management, NorthShore University HealthSystem, <br> PETER HANNIGAN, Superintendent of Hawthorn School District #73, <br> PEDRO MARTINEZ, Superintendent of | Case No. 1:22-cv-2177 <br> Demand for Jury Trial |

1

| | |
|---|---|
| Chicago Public Schools, | ) |
| RUSSELL CASKEY, Assistant State Attorney, | ) |
| ROBERT CASELLI, Officer, Vernon Hills | ) |
| Police Dept. | ) |
| ADAM BOYD, Officer, Vernon Hills | ) |
| Police Dept. | ) |
| TANIA DIMITROVA, Attorney, | ) |
| BRADLEY R. TROWBRIDGE, Attorney | ) |
| SAFE TRAVELS CHICAGO, LLC, | ) |
| Supervision Service | ) |
| MAXINE WEISS-KUNZ, Attorney, | ) |
| STEWART J. AUSLANDER, Attorney, | ) |
| KAREN A. ALTMAN, Attorney, | ) |
| GARY SCHLESINGER, Attorney, | ) |
| SHAWN D. BERSSON, Attorney, | ) |
| TIFFANY MARIE HUGHES, Attorney, | ) |
| RUSSELL M. REID, Attorney, | ) |
| CANDACE L. MEYERS, Attorney, | ) |
| MICHAEL P. DOMAN, Attorney, | ) |
| STACEY E. PLATT, Attorney, | ) |
| ELIZABETH ULLMAN, Attorney, | ) |
| ANDREA D. RICE, Attorney, | ) |
| | ) |
| Defendants. | ) |

**HUGHES' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Now comes, TIFFANY MARIE HUGHES, (hereafter "Hughes") Attorney, by and through her counsel, Brenner Monroe Scott & Anderson, Ltd. and in Reply in support of her Motion to Dismiss Plaintiff's Complaint (hereafter "Complaint") (Docket # 7) for its failure to state a claim upon which relief can be granted against Hughes, failure to be brought within the statute of limitations, *res judicata* and other barring issues, and in support thereof states as follows:

**ARGUMENT**

A. <u>The Federal pleading standard has not been met.</u>

Plaintiff in her response agrees to the relevant paragraphs at issue; described in the motion as (Parties), 69-77, 80-81 and by plaintiff on Response page 6, "ECF 7 ¶¶ 69, 70, 71, 73, 76, 81."

The Plaintiff also cites the requirements for pleading fraud, which "by definition, necessitates factual allegations *in detail* such as 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentations, and the method by which the misrepresentation was communicated to the plaintiff'. *Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 624 (7th Cir. 2000)." *Response* p. 5. A review of the paragraphs identified by plaintiff, "ECF 7 ¶¶ 69, 70, 71, 73, 76, 81" demonstrates that these requirements for detailed descriptions of the content of the alleged misrepresentation(s) have not been met. Paragraph 69 asserts that HUGHES "asserted no social ties" to plaintiff's prior attorneys, but that HUGHES and BERSSON shared a mentor. It is not clear what "social ties" intended nor that sharing a mentor would constitute one. What relevance this has to any conspiracy claims being made is unclear. The remaining paragraphs describe HUGHES representation of plaintiff, withdrawal, and subsequent action suing to recover fees for legal said representation. How any of this constitutes a conspiracy is unclear, none of these allegations actually involve Hughes conspiring with anyone. There is no clear allegation of fraud or conspiracy stated in these paragraphs, certainly not laying out facts in detail as required by case law and plaintiff's own citation, *Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 624 (7th Cir. 2000).

Plaintiff goes on at the bottom of Response page 7 to identify one specific Paragraph, 76, as alleging facts in support of a conspiracy, stating that the trial judge SALVI, made specific rulings in concert with HUGHES and WEISS-KUNZ. (Response, p. 7). The only facts alleged here are that the trial Judge issued a ruling, and the identification of the legal counsel in the case. Plaintiff is broadly labelling results she does not like as a conspiracy, with no facts whatsoever to support the allegation that the persons involved were acting in concert at all.

Nor are more details provided later in the Complaint, (ECF 7 ¶¶ 85, 353, 401-403) as identified by Plaintiff at Response, bottom of page 6. These Paragraphs merely repeat without detail that HUGHES and others acted in a conspiracy. Plaintiff is labelling outcomes she does not like as a conspiracy, with no details how, when, or why HUGHES and others supposedly engaged in this conspiracy. Plaintiff has not stated any facts that support Hughes' involvement in a conspiracy, or the existence of a conspiracy at all, and this Complaint should therefore be dismissed.

  B. <u>The Statute of Limitations has long since expired.</u>

The statute of limitations for a Section 1983 action in Illinois follows the two year personal injury statute of limitations. Plaintiff cites to 735 ILCS 5/13-215, fraudulent concealment, in an attempt to avoid the appropriate statute of limitations. (Response, p. 11). Here, the statute of limitations clearly would have run in August, 2018, as the alleged representation by Hughes of Plaintiff occurred 6 years ago "May 2016 to August 2016". (Docket #7, para. 27). Plaintiff does not argue in her Response how HUGHES fraudulently concealed the cause of action, such as to toll the statute of limitations. On the contrary, Plaintiff through representation brought a counterclaim in part for alleged negligence in HUGHES' representation of Plaintiff Wereko on August 25, 2017. (See Motion Exhibit B and C).

Plaintiff makes no argument supporting a claim of fraudulent concealment, either in her Complaint or in her Response to the Motion to Dismiss. In addition, she clearly held the belief that she had a cause of action against HUGHES as early as 2017. This Complaint, therefore, should be dismissed as barred by the statute of limitations.

Plaintiff also argues that the statute of limitations cannot be a grounds of dismissal as it is an affirmative defense, relying on the unsupportive case, *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (Response p. 11.). *Lewis* is not supportive of plaintiff's argument where the Complaint itself sets for the necessary facts to satisfy the affirmative defense. *Id; See also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)( "statute of limitations may be raised in a motion to dismiss if the allegations of the complaint set forth everything necessary to satisfy the affirmative defense."). Here, the timeline of HUGHES' representation of Plaintiff is laid out in the complaint, "May 2016 to August 2016". (Docket #7, para. 27). There can be no question that the Statute of Limitations has long since expired.

    C.    <u>Res Judicata applies to bar the Claims against Hughes</u>

As laid out in the Motion, a final judgment was rendered in February 2019, (Motion exhibit C) given identical parties, plaintiff and HUGHES, and arising out of the same group of operative facts. *River Park, Inc. v. City of Highland Park, 184 Ill. 2d 290 (1998).* While plaintiff previously labelled her claims as negligence and now labels it, without explanation, as conspiracy, the two claims arise from the identical group of operative facts, in satisfaction of the transactional analysis in *River Park*.

Plaintiff's Response does not appear to challenge prong one, that a final judgment was rendered. It is less clear whether Plaintiff is challenging prong two, the identity of the parties. Regardless, while there are additional parties brought in this case, the parties relevant to this Motion to Dismiss are identical. Res Judicata cannot be defeated simply by refiling a case with additional defendants.

Plaintiff does challenge prong three, the identity of the causes of action. (Response p. 9). Plaintiff argues that the breach of contract claim brought by HUGHES is not equivalent to her various conspiracy claims made here. As laid out in the Motion to Dismiss, Plaintiff brought a counterclaim against HUGHES, alleging negligence in her representation of Plaintiff. These are the identical group of operative facts that Plaintiff is now labelling as part of a broad conspiracy against her. The transaction at issue in both cases is identical: HUGHES' representation of plaintiff in the prior matter. *River Park, Inc. v. City of Highland Park, 184 Ill. 2d 290 (1998).* A final judgment was rendered regarding this group of operative facts, and plaintiff's case is properly barred by *Res Judicata*.

D. <u>The Domestic Relations Exception to 1983 Jurisdiction squarely applies to Counts I, II, and V.</u>

Plaintiff makes no response here other than what is stated in her general Memorandum. (ECF 182). Plaintiff relies heavily on *J.B. v. Woodward*, 997 F.3d 714, 720-25 (7th Cir. 2021) which does not support her position.

The Court properly rejected plaintiff's argument and dismissed in *Wereko v. Haracz*, 857 F. App'x 250, 250-51 (7th Cir. 2021), finding the domestic-relations exception to federal jurisdiction, "blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees." *Wereko*, 857 F. App'x at 251, *quoting Marshall v. Marshall*, 547 U.S. 293, 308 (2006). The domestic relations exception applies if plaintiff is "seeking to 'void' the state court's custody orders," *Sheetz v. Norwood*, 608 F. App'x 401, 404 (7th Cir. 2015). Given the substance of her allegations, it is impossible to provide declaratory or injunctive relief that would not void or at least alter the state court's custody orders, since those orders were the vehicle for the civil rights violations she complains of.

6

E. The *J.B. v Woodward* Abstention Doctrine and *Rooker-Feldman* doctrine applies to plaintiff's remaining claim for compensatory damages, Count VI.

Plaintiff makes no response here other than what is stated in her general Memorandum. (ECF 182). Plaintiff relies heavily on *J.B. v. Woodward*, 997 F.3d 714, 720-25 (7th Cir. 2021) which does not support her position. Clearly, the abstention doctrine stated in *J.B. v. Woodward*, requires dismissal of this action. Litigating federal claims that would "threaten interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government", "runs contrary" to the principles of the federal abstention doctrines. *J.B.*, 997 F.3d at 721, 723; see also *SKS & Assocs., Inc. v. Dart,* 619 F.3d 674, 677 (7th Cir. 2010) (federal courts may not rely on § 1983 to "impose federal supervision on state court proceedings" because "federal courts must defer to the state's sovereignty over the management of its courts"). The Court may be required to abstain from exercising jurisdiction under the general "equity, comity, and federalism principles underlying [federal] abstention doctrines". *J.B., 997 F.3d at 721, 723*.

As to the Rooker Feldman Doctrine, in *J.B. v. Woodward*, the Seventh Circuit only found that the Rooker-Feldman Doctrine did not apply because Plaintiff J.B. filed his Federal action while the State Appellate case was still in progress. By Plaintiff's own account, this action was filed after the last state appeal had a final ruling. (Memorandum page 12). Therefore, unlike *J.B. v. Woodward*, the Rooker-Feldman Doctrine can and should be applied here.

## **CONCLUSION**

This Complaint as against TIFFANY HUGHES should be dismissed on multiple grounds. The allegations involving Hughes do not state any facts that support the claim that Hughes engaged in a conspiracy or that a conspiracy occurred at all. Furthermore, the complaint alleges that Hughes' representation, the basis of the allegations against her, occurred 6 years ago from "May

7

2016 to August 2016". (Docket #7, para. 27), and clearly the statute of limitations has long expired. Plaintiff's cause of action against Hughes is barred by *res judicata*. In addition, Hughes' representation related to a dissolution of marriage case, meaning that the domestic relations exception to 1983 jurisdiction clearly applies to bar Counts I, II, and V on a third ground. Count VI as to purportedly compensatory damages is also barred by abstention principles, as plaintiff is seeking to use Federal Court to review state family court orders.

Wherefore and for the forgoing reasons stated in the Motion to Dismiss, Hughes asks this Court to dismiss Plaintiff's Complaint against her (Counts I, II, V, VI) with prejudice or for any other relief the Court deems just.

    Respectfully submitted,
    BRENNER, MONROE, SCOTT & ANDERSON,

    s/Thomas A. Doggett
    Thomas A. Doggett

**BRENNER, MONROE, SCOTT & ANDERSON, LTD.**
Amy L. Anderson 6203630
Thomas A. Doggett 6299658
Attorneys for TIFFANY MARIE HUGHES
120 N. LaSalle, Suite 2100
Chicago, Illinois 60602
(312)781-1970