**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VANESSA WEREKO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-02177 |
| | ) | |
| HON. LORI ROSEN, Associate Judge in Cook County, HON. DAVID E. HARACZ, Associate Judge in Cook County, HON. RAUL VEGA, Retired Judge in Cook County, HON. MARY S. TREW, Associate Judge in Cook County, HON. GRACE G. DICKLER, Judge in Cook County, KATHLEEN P. LIPINSKI, Licensed Court Reporter, HON. JOSEPH V. SALVI, Associate Judge in Lake County, HON. TERRENCE J. LAVIN, Appointed Justice in the Appellate Court Of Illinois, HON. MARY ELLEN COGHLAN, Appointed Justice in the Appellate Court of Illinois HON. AURELIA MARIE PUCINSKI, Elected Justice in the Appellate Court of Illinois, SARAH E. INGERSOLL, Assistant Attorney General, THERESA A. EAGLESON, Director of The Illinois Department of Healthcare and Family Services, RICHARD FALEN, Supervisor of Appeals, Illinois Department of Healthcare and Family Services, EMILY YU, Director of Health Information Management, NorthShore University HealthSystem, PETER HANNIGAN, Superintendent of Hawthorn School District #73, PEDRO MARTINEZ, Superintendent of Chicago Public Schools, RUSSELL CASKEY, Assistant States Attorney, ROBERT CASELLI, Officer, Vernon Hills Police Dept., ADAM BOYD, Officer Vernon Hills Police Dept., TANIA DIMITROVA, Attorney, BRADLEY R. TROWBRIDGE, Attorney, SAFE TRAVELS CHICAGO, LLC, Supervision Service, MAXINE WEISS-KUNZ, Attorney, STEWART J. AUSLANDER, Attorney KAREN A. ALTMAN, Attorney, GARY SCHLESINGER, Attorney, SHAWN D. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Robert M. Dow |

| | |
|---|---|
| BERSSON, Attorney, TIFFANY MARIE | ) |
| HUGHES, Attorney, RUSSELL M. REID, | ) |
| Attorney, CANDACE L. MEYERS, Attorney | ) |
| MICHAEL P. DOMAN, Attorney, STACEY E. | ) |
| PLATT, Attorney, ELIZABETH ULLMAN, | ) |
| Attorney, ANDREA D. RICE, Attorney | ) |
| Defendants. | ) |

## **DEFENDANT GARY SCHLESINGER'S REPLY IN SUPPORT OF HIS RULE 12(b)(1) and (b)(6) MOTION TO DISMISS**

NOW COMES Defendant, GARY SCHLESINGER ("Schlesinger"), by his attorney, AMANDA J. HAMILTON of KONICEK & DILLON, P.C., and for his Reply in Support of his Motion to Dismiss, Schlesinger states as follows:

INTRODUCTION

Defendant Schlesinger represented Plaintiff for approximately 7 weeks in 2016. (Doc. 1, Complaint, ¶63, 65, 69). Plaintiff acknowledges that she hired a separate attorney to review and revise the initial Allocation of Parental Responsibilities and Parenting Time draft prepared by Defendant Schlesinger and further acknowledges that Defendant Schlesinger's draft was never entered. (Doc. 1, Complaint, ¶63-65, 69). Instead, a different version, prepared by Plaintiff's subsequent attorneys, was entered several months later. (See Doc. 1, Complaint, ¶71). Nevertheless, Plaintiff claims that Defendant Schlesinger, a private attorney, should somehow be considered a "state actor" by virtue of his alleged participation in a "multi-year alleged conspiracy" resulting in Plaintiff being unhappy with the outcome of her divorce and custody proceedings. In the event this Court is inclined to exercise jurisdiction over Plaintiff's claims, Plaintiff's claims against Defendant Schlesinger should be dismissed with prejudice –Plaintiff's claims against Defendant Schlesinger are time-barred, Defendant Schlesinger is not a state actor,

2

and Plaintiff has failed to establish that she was deprived of her liberty or property without due process of law.

ARGUMENT

**I.      The Complaint Should be Dismissed Pursuant to the *Rooker-Feldman* Doctrine, the Domestic-Relations Exception, and the *Younger* Doctrine**

Throughout her Response to Defendant Schlesinger's Motion to Dismiss (Doc. 207) and her Memorandum in Support of her Responses in Opposition to Motions to Dismiss (Doc. 182), Plaintiff claims that because there is no custody proceeding currently pending, none of the Defendants' jurisdictional arguments apply. This is incorrect.

Plaintiff specifically alleges that she "has suffered and continues to suffer from the conspiracy to interfere with her civil rights to deprive her of the merits of the agreed Allocation Judgment," "has been deprived and continues to be deprived of protected rights, as a parent, to have access to educational records and information of her minority children," and "has suffered and continues to suffer from the unconstitutional and fraudulent exercise of the state of Illinois' child support statute." (See Doc. 1, Complaint). This is the very grievance the *Rooker-Feldman* doctrine prevents: "The doctrine deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment." *Johnson v. Orr*, 551 F.3d 564 (7th Cir. 2008). It is undisputed that Plaintiff's claims are "resulted from, or is inextricably intertwined with, a state-court judgment," such that federal court is not an appropriate venue for her claims. Then lower federal courts cannot hear the claim." *Id.* at 568. Here, Plaintiff's allegations directly relate to the *Rooker-Feldman* doctrine principles, in that she

"alleges that the supposed injury was caused by the state court judgment or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Brown v. Bowman*, 668 F.3d 437 (7th Cir. 2012). Critically, "**A litigant may not attempt to circumvent the effect of *Rooker–Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action.**" *Johnson v. Orr*, 551 F.3d 564 (7th Cir. 2008) (emphasis added). Tellingly, Plaintiff does not address the Seventh Circuit's decision in *Golden v. Helen Sigman & Associates, Ltd.*, affirming the district court's dismissal of §1983 claims against a guardian ad litem, noting that the alleged harms "flow directly from the fruit of the [defendant's] efforts" in the state court custody proceeding. *Golden v. Helen Sigman & Associates, Ltd.*, 611 F.3d 356 (7th Cir. 2010).

Likewise, "The domestic-relations exception applies when a litigant asks a federal court to provide one of the unique forms of relief associated with domestic relations (e.g., a decree regarding divorce, alimony, or child custody) or when the issue raised by the litigant in federal court is ancillary to the domestic-relations proceedings in state court." *Sheetz v. Norwood*, F. App'x 401, 404 (7th Cir. 2015).

In this case, Plaintiff has purported to state claims against the state court associate and circuit court judges who presided over her divorce and post-decree proceedings, three state court appellate justices, various state's attorneys, assistant attorney generals, administrators, and attorneys who represented her, her ex-husband, or who acted as court-appointed guardians *ad litem* for purported acts or omissions they took and orders she claims were improperly entered and/or used in those same divorce proceedings. As damages Plaintiff seeks, *inter alia*, various declarations and injunctions in an effort to avoid the effects of an Order entered in 2021. As in

4

*Golden*, Plaintiff's alleged harms in this case flow directly from the actions taken in the state court's orders, and her claims are inextricably linked to that state court case. Accordingly, Plaintiff's Complaint should be dismissed.

## II. Plaintiff's Claims Against Defendant Schlesinger Are Time Barred

In her response, Plaintiff argues that her "conspiracy claims premised on fraud allow for no time bars at all" and that "if a statute of limitations must be applied, the Illinois Fraudulent Concealment Statute provides that no statute of limitations period applies if a tortious injury is fraudulently concealed." (Doc. 207, p. 9). This is not the law.

"**Actions under § 1983 are governed by the personal injury statute of limitations in the state where the injury occurred.** The applicable limitations period for § 1983 claims in Illinois federal courts is Illinois' two–year statute of limitations for personal injury actions. **The same two–year statute of limitations applies to actions under § 1983 and § 1985**." *Lara v. City of Chicago*, 968 F.Supp. 1278, 1284 (N.D. Ill. 1997) (citations omitted) (emphasis added). The statute of limitations begins to run at "the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful." *Chardon v. Fernandez*, 454 US. 6, 8 (1981) (emphasis in original). Accordingly, it does not matter what Plaintiff claims is the basis for her §1983 and §1985 claims – the statute of limitations for §1983 and §1985 is 2 years, and Plaintiff's 2022 claims against Defendant Schlesinger predicated on alleged 2016 conduct are time-barred.

Plaintiff cannot use the Illinois Fraudulent Concealment Statute to avoid the effects of this bar. While Plaintiff claims that the "Fraudulent Concealment Statute provides that no statute of limitations period applies if a tortious injury is fraudulently concealed," this is false. The statute specifically states: "§ 13-215. Fraudulent concealment. If a person liable to an action fraudulently

5

conceals the cause of such action from the knowledge of the person entitled thereto, **the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards**." 735 ILCS 5/13-215. Equally unavailing is Plaintiff's reliance on *Schweihs v. Burdick*, as a review of *Schweihs v. Burdick* reveals no mention of the fraudulent concealment statute whatsoever.

Setting aside the fact that there is absolutely no case law providing that the fraudulent concealment statute extends the time limitation for §1983 claims, it is undisputed that there is absolutely no allegation that Defendant Schlesinger fraudulently concealed Plaintiff's cause of action in Plaintiff's Complaint. In order to invoke the Illinois Fraudulent Concealment statute, a plaintiff must allege concealment in the form of "affirmative acts or representations that are calculated to lull or induce a claimant into delaying filing his claim or to prevent a claimant from discovering his claim. Mere silence on the part of the defendant and failure by the claimant to learn of the cause of action are not enough. Furthermore, the allegedly fraudulent statements or omissions that form the basis of the cause of action may not constitute the fraudulent concealment in the absence of a showing that they tend to conceal the cause of action." *Barratt v. Goldberg*, 296 Ill.App.3d 252 (1st Dist. 1998). Here, Plaintiff has failed to plead any affirmative acts by Defendant Schlesinger that rise to the level of fraudulent concealment.

Finally, "Illinois courts have consistently held that if the plaintiff discovers the fraudulent concealment and a reasonable time remains within the relevant limitations period, section 13–215 of the Code will not apply to lengthen the limitations period." *Id.* Additionally, "[w]here a plaintiff has been put on inquiry as to a defendant's fraudulent concealment within a reasonable time before the ending of the statute of repose, such that he should have discovered the fraud

6

through ordinary diligence, he cannot later use fraudulent concealment as a shield in the event that he does not file suit within the statutory period." *Mauer v. Rubin*, 401 Ill.App.3d 630 (1st Dist. 2010). Consulting with another attorney serves to terminate any continuing "fraudulent concealment." *Barratt v. Goldberg*, 296 Ill.App.3d 252 (1st Dist. 1998); *Carlson v. Fish*, 2015 IL App (1st) 140526. In this case, Plaintiff specifically alleged that she hired another attorney to review Defendant Schlesinger's work on May 11, 2016 and that another attorney appeared on her behalf (replacing Defendant Schlesinger) on May 26, 2016. Accordingly, even if the Fraudulent Concealment statute applied, and even if Plaintiff had alleged that Defendant Schlesinger engaged in fraudulent concealment, the time for filing any claims against Defendant Schlesinger expired no later than May 26, 2018. As a result, Plaintiff's April 29, 2022 Complaint is time-barred and should be dismissed with prejudice as to Defendant Schlesinger.

III. **Plaintiff has Failed to Plead Facts Sufficient to State a §1983 Claim Against Defendant Schlesinger – He Was a Private Attorney, Not Acting "Under Color of Law," Plaintiff's Conspiracy Allegations Are Insufficient**

In response to Defendant Schlesinger's argument that he is not a state actor, Plaintiff merely states, in a conclusory manner, that Defendant Schlesinger "aided and abetted" state actors. Plaintiff does not, however, address the specific finding in *Hansen v. Ahlgrimm*, where the Seventh Circuit specifically found that a divorce attorney representing a client in a divorce action is not a "state actor" for purposes of a §1983 claim. *Hansen v. Ahlgrimm*, 520 F.2d 768 (7th Cir. 1975). The Seventh Circuit also held that the plaintiff could not avoid a dismissal of his §1983 claim by merely alleging that a private attorney acted "in concert" with the judge. *Id.* The Court stated, "At most, the complaint does no more than 'merely state vague and conclusionary allegations respecting the existence of a conspiracy' without showing any 'overt acts which defendants

7

engaged in which were reasonably related to the promotion of the claimed conspiracy.'" *Id.* (citations omitted).

Here, Plaintiff has failed to identify any "overt acts" by Defendant Schlesinger which were "reasonably related to the promotion of the claimed conspiracy." In fact, Plaintiff herself speculates that perhaps Defendant Schlesinger's alleged conduct "served his private interests via a *quid pro quo* with state actors" in an effort to be appointed as a guardian ad litem in other cases. (See Doc. 207, p. 15). Moreover, Plaintiff fails to address that finding that "Adverse rulings do not equal wrongdoing" by judges and that inferences "violates the particularity requirements of Federal Rule of Civil Procedure 9(b)." *Anderson v. Anderson*, 554 Fed. Appx. 529 (7th Cir. 2014). "[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). For all of these reasons, Plaintiff has failed to establish that Schlesinger is a state actor.

In her Response, Plaintiff fails to address the fact that she has failed to set forth any deprivation of any right protected by the Constitution. Plaintiff's Complaint is devoid of any facts supporting a claim that she was deprived of liberty or property **without due process of law**; rather, her Complaint demonstrates that the complained-of orders were entered as part of legal due process, within legal proceedings governing her divorce, and while Plaintiff was being represented by any one of at least seven (7) or more different attorneys. Further, Plaintiff has failed to identify how any of her constitutional rights have been violated by any of the alleged "actions" taken in these orders. Accordingly, because Plaintiff has failed to show that Defendant

8

Schlesinger engaged in "(1) action taken under color of state law, bringing about (2) a deprivation of a right protected by the Constitution," her claims against him should be dismissed.

      **WHEREFORE**, Defendant, GARY SCHLESINGER, respectfully requests this Court dismiss Plaintiff's Complaint with prejudice and award him all such other and further relief this Court deems just and reasonable under the circumstances.

| | |
|---|---|
| Daniel F. Konicek (#6205408) <br> Amanda J. Hamilton (#6306098) <br> KONICEK & DILLON, P.C. <br> 21 W. State St. <br> Geneva, IL 60134 <br> Phone: 630.262.9655 <br> FAX: 630.262.9659 <br> dan@konicekdillonlaw.com <br> amanda@konicekdillonlaw.com | Respectfully submitted, <br><br><br> /s/ Amanda J. Hamilton <br> Attorneys for Gary Schlesinger |