# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **VANESSA WEREKO**, in her individual capacity<br>   Plaintiff,<br><br>vs.<br><br>**HON. LORI ROSEN**, Associate Judge in Cook County,<br><br>**HON. DAVID E. HARACZ**, Associate Judge in Cook County,<br><br>**HON. RAUL VEGA,** Retired Judge in Cook County,<br><br>**HON. MARY S. TREW**, Associate Judge in Cook County<br><br>**HON. GRACE G. DICKLER**, Judge in Cook County,<br><br>**KATHLEEN P. LIPINSKI**, Licensed Court Reporter,<br><br>**HON. JOSEPH V. SALVI**, Associate Judge in Lake County,<br><br>**HON. TERRENCE J. LAVIN**, Appointed Justice in the Appellate Court of Illinois,<br><br>**HON. MARY ELLEN COGHLAN**, Appointed Justice in the Appellate Court of Illinois,<br><br>**HON. AURELIA MARIE PUCINSKI**, Elected Justice in the Appellate Court of Illinois,<br><br>**SARAH E. INGERSOLL**, Assistant Attorney General,<br><br>**THERESA A. EAGLESON,** Director of the Illinois Department of Healthcare and Family Services,<br><br>**RICHARD FALEN,** Supervisor of Appeals, Illinois Department of Healthcare and Family Services,<br><br>**EMILY YU**, Director of Health Information Management, NorthShore University HealthSystem, | Case No. 1:22-cv-02177<br><br>Judge: DOW<br><br>Magistrate: COLE<br><br>**Demand for Jury Trial** |

1

| | |
|---|---|
| **PETER HANNIGAN**, Superintendent of Hawthorn School District #73, | ) ) ) |
| **PEDRO MARTINEZ,** Superintendent of Chicago Public Schools, | ) Case No. 1:22-cv-02177 ) ) ) |
| **RUSSELL CASKEY**, Assistant State Attorney, | ) Judge: DOW ) |
| **ROBERT CASELLI**, Officer, Vernon Hills Police Dept. | ) Magistrate: COLE ) |
| **ADAM BOYD**, Officer, Vernon Hills Police Dept. | ) ) Demand for Jury Trial |
| **TANIA DIMITROVA**, Attorney, | ) ) |
| **BRADLEY R. TROWBRIDGE,** Attorney | ) ) |
| **SAFE TRAVELS CHICAGO, LLC,** Supervision Service | ) ) |
| **MAXINE WEISS-KUNZ**, Attorney, | ) ) |
| **STEWART J. AUSLANDER**, Attorney, | ) ) |
| **KAREN A. ALTMAN**, Attorney, | ) ) |
| **GARY SCHLESINGER**, Attorney, | ) ) |
| **SHAWN D. BERSSON**, Attorney, | ) ) |
| **TIFFANY MARIE HUGHES**, Attorney, | ) ) |
| **RUSSELL M. REID**, Attorney, | ) ) |
| **CANDACE L. MEYERS**, Attorney, | ) ) |
| **MICHAEL P. DOMAN**, Attorney, | ) ) |
| **STACEY E. PLATT**, Attorney, | ) ) |
| **ELIZABETH ULLMAN**, Attorney, | ) ) |
| **ANDREA D. RICE**, Attorney, Defendants. | ) ) |

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS BRADLEY R. TROWBRIDGE AND SAFE TRAVELS CHICAGO, LLC'S MOTION TO QUASH SERVICE OF PROCESS AND VACATE THE DEFAULT ORDER

NOW COMES the Plaintiff, VANESSA WEREKO ("Vanessa"), pursuant to Rules 12, 16, and 60 of the Federal Rules of Civil Procedure and this Court's minute entry (ECF 252) to timely and respectfully pray this Court strike or deny Defendants BRADLEY R. TROWBRIDGE ("Trowbridge") and SAFE TRAVELS CHICAGO, LLC ("Safe Travels") filing, "Defendants Bradley Trowbridge and Safe Travels Chicago, LLC's Motion to Quash Service of Process and Vacate the Default Order" (ECF 249) or otherwise require a *Franks* hearing, on these grounds:

## FACTUAL BACKGROUND

1. On May 2, 2022, summons issued for all 34 defendants, including Defendants Trowbridge and Safe Travels (ECF 8) after the Complaint is filed on April 27, 2022. (ECF 1,7).

2. **On May 4, 2022 at 12:16 PM CST**, individual Defendant Trowbridge, registered agent of corporate Defendant Safe Travels (ECF 7 ¶35), was served summons and the Complaint for himself and Safe Travels at service address 3257 N. Sheffield Ave, Suite 104, Chicago, Illinois, 60657 by a licensed process server who served other defendants in this case. (ECF 51, 76, 86, 87).

3. On June 30, 2022, Defendants Trowbridge and Safe Travels were in default of this Court's June 1, 2022 order (ECF 137) and Vanessa filed Motions for Entry of An Order of Default (ECF 171, 175) under Rule 55(a), with a certificate of service that both were served by mail before 5:00PM CST to the aforesaid service address (ECF 171 at 5, ECF 175 at 5) under certified mail tracking numbers 7021 2720 0001 6630 3147 and 7021 2720 0001 6630 3130. (*see* Exhibit "1")

4. On August 4, 2022, over ten (10) weeks after Defendants Trowbridge and Safe Travels were properly served summons and the Complaint, and the Motions for Entry of An Order

3

of Default, they do not appear for the ordered status call and hearing, on record (ECF 200, 246), nor had a filed appearance and this Court properly entered an order of default. (ECF 228, 246).

5. On August 4, 2022, this Court shared observations of Defendant Trowbridge, "I googled him just to figure out who he is. It looks like he ran for judge. I don't know if he made it or he didn't. But there was a Bradley R. Trowbridge running for judge in the last election. But I didn't have a chance to figure out whether he won. But, anyway, he hasn't filed an appearance" (ECF 246 at 7) to which an attorney on this case, with knowledge, responded. (ECF 246 at 7)

6. On social media and public sites like Google, old and recent (campaign) pictures of Defendant Trowbridge exist; on February 25, 2022, Vanessa participated in public proceedings before Defendant Lori Rosen in the state court (ECF 7 ¶¶ 278, 280), with circa 20 other participants, and observed Defendant Trowbridge to attest to his physical traits. (*see* Exhibit "1").

7. On September 16, 2022, circa twenty (20) weeks or over 120 days after proper service, Defendants Trowbridge and Safe Travels decide to appear (ECF 247, 248) and allege they "recently learned" about this case *that day* (ECF 249 ¶ 1), without specifying *how* the epiphany occurred then go on to misrepresent "neither Trowbridge and Safe Travels have been served" (ECF 249 ¶ 4) to request this Court quash service of process and vacate the order of default against them.

8. Defendants Trowbridge and Safe Travels' basis for a quash is their uncorroborated description of Defendant Trowbridge, that he is "60 years of age, has brown hair, does not wear glasses, weighs 170 pounds and is 5'10"" (ECF 249 ¶ 8) relative to the Affidavits of Service (ECF 76, 87) of the process server, who served Defendant Trowbridge on May 4, 2022 at 12:16PM CST, visually estimating him around 55 years of age, with weight in a range of 140-160 pounds, with height in a range of 5'6" to 5'9", with white hair and wearing glasses at time and date of service.

9. As in the Complaint (ECF 7 at 5 ¶¶ 6-8), no defendant appeared nor was served in a prior case by Plaintiff (Exhibit "2") before the district judge, without notice, *sua sponte* dismissed the case, nine (9) days after its initiation and rendered moot a request to proceed in *forma pauperis*.

**LEGAL STANDARDS**

10. The plaintiff has the burden to prove that the defendant was properly served such that the court obtained personal jurisdiction. (See *Paulsen v. Abbott Labs.,* 368 F. Supp. 3d 1152, 1163 (N.D. Ill. 2019)

11. "Service of process is governed by Rule 4. The Rule provides*** that the summons and Complaint must be served upon Defendants (unless service is waived) in one of the ways specified in the Rule; and, that it must be served within 120 days of the filing of a Complaint. In this case, service must be accomplished by a person who is at least 18 years old by either following state law on service, by personally serving the individual Defendant, and by delivering a copy of the summons and Complaint to an agent of the corporate (or partnership) Defendant. FED.R.CIV.PRO. 4(c)(2), 4(e), and 4(h)(1)(b)." *Gilles v. Pleasant Hill Elem. Sch. Dist.,* Case No. 09-cv-1335, (C.D. Ill. 2010)

12. "In Illinois, summons may be served on an individual '(1) by leaving a copy of the summons with the defendant personally', or '(2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, at the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.' 735 ILCS 5/2-203(a)" *Lee v. Howse,* Case No. 19-cv-30, (N.D. Ill. 2020)

13. Rule 60(b)(1) of the Federal Rules of Civil Procedure provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect…" Fed.R.Civ.R.60(b)(1).

14. A determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer, 507 U.S. at 395 (discussing Rule 60(b))*

15. "After *Pioneer*, most courts 'have held that where a party's actions are deliberate, the party's late filing cannot constitute excusable neglect.'" *Agribank v. Green, 188 B.R. 982, 988 (C.D. Ill. 1995)*; See *Harrington v. City of Chicago, 433 F.3d 542, 546* (7th Cir. 2006).

**RESPONSIVE ARGUMENTS IN OPPOSITION TO MOTION**

16. Defendants Trowbridge and Safe Travels do not dispute the service address - in the process server's Affidavits of Service, the summons, and the certificate of service for the motion for entry of an order of default - as their place of business or place of abode. Pursuant to affidavits of 2 licensed process servers in 2 separate companies, defendants are known/found at said address.

17. Defendants Trowbridge and Safe Travels do not argue the Affidavits of Service are deficient pursuant to Rule 4, a rule they never reference and disregard, as if of no consequence.

18. Rule 4(l) requires valid service to be proven by the server's affidavit. Fed. R. Civ. P. 4(l). The Affidavits of Service (ECF 76, 87) for individual Defendant Trowbridge and corporate Defendant Safe Travels prove valid service and comply with Fed.R.Civ.P.4. This Court has, since May 4, 2022, personal jurisdiction over Defendants Trowbridge and Safe Travels, one of the first served to avert their pre-knowledge of this case from peers and an anticipated evasion of service.

19. Rule 5(b)(2)(c) allows for service of motion by "mailing it to the person's last

known address - in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(c). Service of the Motions for Entry of An Order of Default were complete on June 30, 2022, the date of mailing (*see* Exhibit "1"). There is no valid or lawful basis to vacate the August 4, 2022 default order against Defendants Trowbridge and Safe Travels properly served well before its entry.

20. Defendants Trowbridge and Safe Travels unavailing argument to quash service of process rests solely on their alleged physical description of Defendant Trowbridge without citing to any rule or authority where proper service is invalidated on uncorroborated physical descriptors.

21. Regrettably for Defendants Trowbridge and Safe Travels, in addition to the server's valid Affidavits of Service, the myriad of public images of Defendant Trowbridge, other persons and Vanessa's direct witness of Defendant Trowbridge (*see* Exhibit "1") expose intentional, reckless falsifications in his affidavit to render it *ipso facto* invalid, to point to an evidentiary hearing. (See *Franks,* 438 U.S. at 155-56 (1978)) If all it takes is (false) statements of non-service in an affidavit to invalidate service, at any time, no due process of law can ensue in any case/court.

22. Defendants Trowbridge and Safe Travel's trust that their alleged numeric values of Defendant Trowbridge's physique renders visual estimates in Affidavits of Service invalid *places the burden on them to prove*, under the law and rules, that (a) visually estimating a matured man around 55 years is untenable if allegedly 60 years old, (b) visually estimating a top height of 5'9" is untenable for an alleged height of 5'10", (c) visually estimating a top weight of 160 pounds is untenable for an alleged weight of 170 pounds, (d) their alleged variances are *visually* easy to decipher and their alleged numeric values can be proved as Defendant Trowbridge's over 120 days after proper service, specifically at 12:16 PM CST on May 4, 2022. They have *not* met this burden.

23. Process servers are not required by law to carry or use weighing scales or measuring tapes, so reasonable visual estimation and ranges are permitted with no rule requiring exact age,

7

weight or height nor implausible for a matured man seen *and* pictured with white hair and wearing glasses, to cover it up sometimes. Vanity or self-deceit is not a crime, but easily discoverable falsifications of mutable features, presented as immutable in an affidavit by a *licensed attorney*, maligning a licensed process server as perjurious, subverting Plaintiff's timely due diligence for degenerate litigation advantage is *not* harmless, under any standard, nor excusable, for any reason.

24. Defendants Trowbridge and Safe Travels filing is in bad faith, lacks legal anchor with deliberate falsifications in a deliberately late filing to undermine proper service after 120 days and to subvert a valid default order against them. Their filing violates rules to improperly answer the Complaint with Rule 12(b)(1), 12(b)(5) and 12(c) arguments in a motion to quash (ECF 249 ¶ 21) that requests more time for more of the same. This is *not* harmless nor progresses this case.

25. No good cause is shown for more extensions of time in a thrice extended briefing schedule. In addition to the falsifications, Defendants Trowbridge and Safe Travels would have this Court believe that though their peers included them in a status report filed on July 11, 2022 (ECF 201), they had *no knowledge* of this case until September 16, 2022 (ECF 249 ¶1), as opposed to their deliberate reliance on their peers' motions to dismiss (ECF 249 ¶ 22) and other shenanigans (ECF 226) to bury this case or Plaintiff without having to appear (a pattern of behavior) then with the lack of success at the briefing schedule's end, filed late to buy more time. These repeat, ongoing shenanigans are *not* harmless nor plausibly in good faith to progress this case, but to derail/shut it.

26. Other judge's alleged tendency (ECF 249 at 4) to allow months to elapse between entry of defaults and requests to vacate does not render said conduct commendable nor harmless to Plaintiffs. Any judicial partiality to reward, at any time, Defendants' artifice/falsifications to undermine proper service, artificially protract a case, disregard rules/orders and escape lawful consequences of their non-compliance, is *not* without prejudice to Plaintiffs, here Vanessa, nor

harmless. Here, it would endorse the brazen tactics undermining Vanessa's timely due diligence and due process of law in this case by those whose acts to-date inform of little to no regard for it.

**CONCLUSION**: WHEREFORE, VANESSA WEREKO prays this Court enter an order to:

(a) Find service of process to BRADLEY R. TROWBRIDGE and SAFE TRAVELS CHICAGO, LLC, on May 4, 2022 at the undisputed service address of 3257 N. Sheffield Ave., Suite 104 in Chicago, Illinois, 60657, is proper and compliant to Fed. R. Civ. P. 4.

(b) Find BRADLEY R. TROWBRIDGE's affidavit is inadequate to invalidate service of process.

(c) Find BRADLEY R. TROWBRIDGE and SAFE TRAVELS CHICAGO, LLC's late filing over 120 days post service and Complaint filing is not excusable neglect under Fed. R. Civ. P. 60(b).

(d) Strike or Deny "Defendants Bradley Trowbridge and Safe Travels Chicago, LLC's Motion to Quash Service of Process and Vacate the Default Order" (ECF 249)

This response is supported by attached affidavits, with/as exhibits, pursuant to 28 U.S.C. §1746.

Dated: October 5, 2022                          RESPECTFULLY SUBMITED:

/s/ Vanessa Wereko
VANESSA WEREKO
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com

### CERTIFICATE OF SERVICE

The undersigned certifies pursuant to 28 U.S.C. §1746 that she filed "Plaintiff's Response to Defendants Bradley R. Trowbridge and Safe Travels Chicago, LLC's Motion to Quash Service of Process and Vacate the Default Order" with exhibits using the Clerk of Court's Electronic Case Filing system on this 5th day of October, 2022 which provides notification of same to the above-referenced parties of record when there has been an appearance filed.

Executed on: **October 5, 2022**                /s/ Vanessa Wereko

VANESSA WEREKO
675 Lakeview Pkwy #5035
Vernon Hills, IL 60061
Main No.: 847-637-7142
Email: werekovb@me.com