IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA WEREKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:22-cv-2177 |
| | ) | |
| LORI ROSEN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS BRADLEY TROWBRIDGE AND SAFE TRAVELS CHICAGO, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO QUASH SERVICE OF PROCESS AND VACATE THE DEFAULT ORDER**

Defendants  BRADLEY TROWBRIDGE AND SAFE TRAVELS CHICAGO, LLC (Trowbridge and Safe Travels), through their attorneys, PAIGE M. NEEL and DANIEL L. POLSBY of CLAUSEN MILLER P.C., file their reply in support of their motion to quash service of process or, in the alternative, vacate the default order entered on August 4, 2022, and grant them 28 days to answer or otherwise plead.

**Introduction and Summary of Argument**

In her response to Trowbridge and Safe Travels' motion, Plaintiff argues that Trowbidge did in fact have white hair and, based on a photo taken in violation of Illinois Supreme Court Rule, that he wears glasses and, therefore, he must have been served. However, nothing in Plaintiff's affidavit or the exhibits she submitted demonstrates that Trowbridge was in fact served. Even if this Court finds that service is proper, which Trowbridge and Safe Travels deny, the Court still has the discretion to grant Trowbridge and Safe Travels' motion to vacate the default order, which has not been formalized as a judgment.

1

## Argument

### I.  Plaintiff has not met her burden of demonstrating service of process.

Plaintiff bears the burden of demonstrating that the Court has jurisdiction over Trowbridge and Safe Travels through proper service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Rule 4 requires delivery of the summons and complaint to Trowbridge and Safe Travels. Plaintiff is correct that Trowbridge and Safe Travels do not dispute the address, but they do dispute service of process, including the description of Trowbridge provided by Plaintiff's affidavits of service. (Doc. 76 and 87) Plaintiff appears to argue that the description provided by the process server is close enough based on a screen shot of Trowbridge during a Zoom court appearance in violation of Illinois Supreme Court Rule 63(a)(8), which prohibits transmission of courtroom proceedings, including by photography.

The screenshot submitted by Plaintiff shows him in reading glasses, which is unsurprising given that he is 60 years old and looking at a computer screen. However, as stated in his affidavit, Trowbridge does not regularly wear glasses.

Plaintiff does not even attempt to rebut the averments in Trowbridge's affidavit that he is 61 years of age, weighs 170 pounds and is 5'10". Plaintiff downplays the differences as trivial, but her process server has every detail of Trowbridge's description wrong other than that he is a white male. Although the height is not drastically wrong, the age and weight are. There is a significant difference between 55 and 61 years and 140-160 and 170 pounds.

Plaintiff submitted an affidavit of non-service from *VANESSA WEREKO, et al. v. DAVID HARACZ, et al., 21-cv-1167*. (Doc. 269-2) The affiant, a different process server than in the case currently before this Court, stated that he was not able to obtain service because the building was secured without access to Trowbridge and Safe Travels' door on multiple dates in March 2021.

2

Plaintiff does not explain how the fact that a process server could not obtain service in 2021 makes it more likely that another process server did obtain service in 2022.

Plaintiff submits her own affidavit in which she alleges that service occurred, but no affidavit from the process server in this lawsuit, Jose Garcia Guzman. That apparently deliberate omission supports Trowbridge and Safe Travels' argument that they were not served.

This Court should disregard Plaintiff's reference to the Court's comments during hearing on her motion to enter a default order against Trowbridge and Safe Travels. Plaintiff points to comments made by Judge Dow during a hearing on August 4, 2022. According to Plaintiff's response brief, the Court said nothing more than that Trowbridge had not filed an appearance as of the date of that hearing, which is an issue not in dispute. The Court had before it only Plaintiff's attestation that she obtained proper service. As demonstrated by Trowbridge's affidavit, she has not.

## II. Even if this Court finds proper service, it should vacate the default order and allow Trowbridge and Safe Travels to respond to the complaint on the merits.

Trowbridge presented evidence and arguments in his motion that he met the requirements of Rule 60(b). As soon as his attorneys learned of the default order, they filed a motion to vacate.

Without providing any support, Plaintiff claims that Trowbridge was either served or knew about the default motion she filed and chose to ignore it. Plaintiff argues that she served notice of her default motion on Trowbridge and Safe Travels by certified United States Mail. However, she did not provide any evidence of receipt. Typically, a litigant attempting to prove service by certified mail produces the green card signed by the recipient. Here, Plaintiff provided only evidence that she mailed motions to Trowbridge and Safe Travels. Certified mail does not simply go into a mailbox, the postal carrier holds the mail unless someone at the address signs

for it. Plaintiff's use of certified mail supports Trowbridge and Safe Travels' position that they were not aware of the lawsuit or motion to default.

Further, sending certified mail is not proper service, even if received. Plaintiff cannot use certified mail as a substitute for proper service, especially without evidence of receipt.

**A. *Pioneer* is inapplicable because Trowbridge and Safe Travels did not deliberately choose not to respond to Plaintiff's complaint.**

Plaintiff argues that, pursuant to *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), deliberate conduct is not excusable neglect. She cites to *Agribank v. Green*, 188 B.R. 982, 988 (C.D. Ill. 1995), in which a bankruptcy judge found that most cases after *Pioneer* found have held that deliberate actions cannot constitute excusable neglect. However, *Agribank* involved the deliberate failure to file a claim during the time allowed in a Chapter 11 bankruptcy proceeding.

Leaving aside the applicability of *Agribank* to this case, Trowbridge and Safe Travels did not deliberately choose not to respond to Plaintiff's complaint. As demonstrated by Trowbridge's affidavit, he did not receive the summons and complaint.

**B. Plaintiff has not rebutted Trowbridge and Safe Travels' arguments regarding good cause, quick action to respond to the default, and a meritorious defense to the underlying allegations pursuant to Rule 60(b)(1).**

Trowbridge and Safe Travels have good cause to request relief from the default order as demonstrated by the fact that they did not receive notice of Plaintiff's lawsuit, either via service or otherwise, until Plaintiff retained counsel in September. Upon learning of the default, counsel for Trowbridge and Safe Travels immediately filed a motion pursuant to Rule 60(b)(1).

Plaintiff's reference to the fact that she did not obtain service in the nearly identical lawsuit previously filed against Trowbridge and Safe Travels does not change the fact that Judge Sharon Johnson Coleman dismissed that lawsuit upon initial screening, a decision affirmed on

4

appeal. *Wereko v. Haracz*, 857 F. App'x 250, 251 (7th Cir. 2021). The Seventh Circuit held that the district court lacked subject matter jurisdiction pursuant to the domestic-relations exception to federal jurisdiction. *Id.* Following dismissal of the previous lawsuit arising from the same facts, affirmed on appeal, Trowbridge and Safe Travels reasonably believed litigation against them arising from Judge Haracz's plenary order of protection entered on September 9, 2019, to be completed.

In the first lawsuit, Plaintiff alleged that Judge Haracz ordered Safe Travels to supervise weekly visitation upon entry of an order of protection on September 9, 2019. *See VANESSA WEREKO, et al. v. DAVID HARACZ, et al., 21-cv-1167* at Doc. 1, ¶ 111. She further alleged that Trowbridge and Safe Travels provided her with a "unilateral adhesion contract." *See VANESSA WEREKO, et al. v. DAVID HARACZ, et al., 21-cv-1167* at Doc. Doc. 1, ¶¶ 112-113.

These allegations are essentially identical to Plaintiff's allegations in the lawsuit currently before this Court. In the complaint filed in this lawsuit, Plaintiff identifies the same plenary order of protection entered by Judge Haracz on September 9, 2019, and accuses Trowbridge and Safe Travels of providing her with a "unilateral adhesion contract." (Doc. 1 at ¶¶ 173-177)

In other words, Plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction and *res judicata*. The other defendants have filed well supported motions to dismiss in which they argue that this Court does not have subject matter jurisdiction based on the domestic relations exception, among other arguments. Plaintiff is likely aware of the preclusive effect of Judge Johnson Coleman's ruling and is relying on default, via defective service, as a means to avoid that. Trowbridge and Safe Travels seek nothing more than the opportunity to raise subject matter and *res judicata* arguments and defend this lawsuit on the merits. Plaintiff identifies absolutely no prejudice that would result from allowing Trowbridge and Safe Travels

5

to respond to the complaint. If Plaintiff has as good of a claim against Trowbridge and Safe Travels as she claims, she should not have an issue with responding to motions to dismiss, which she had already done as to the other defendants, making any additional drafting negligible.

**Conclusion**

For the foregoing reasons, Trowbridge and Safe Travels respectfully request that this Court enter an order quashing service of process on them and vacating the default order entered against them. In the alternative, Trowbridge and Safe Travels request that the Court enter an order vacating the default entered on August 4, 2022 pursuant to Rule 60(b), and grant them 28 days to answer or otherwise plead, or any other relief that Court deems appropriate.

Respectfully Submitted,

*/s/Paige M. Neel*
CLAUSEN MILLER P.C.

PAIGE M. NEEL
DANIEL L. POLSBY
CLAUSEN MILLER P.C.
10 S. LaSalle Street
Chicago, IL  60603-1098
312.855.1010
FAX: 312.606.7777
pneel@clausen.com
dpolsby@clausen.com
Attorneys for Defendants Bradley Trowbridge and Safe Travels Chicago, LLC

8665540.2

## <u>CERTIFICATE OF SERVICE AND NOTICE OF ELECTRONIC FILING</u>

The undersigned hereby certifies that a true and correct copy of Defendants Bradley Trowbridge and Safe Travels Chicago, LLC's reply in support of their motion to quash service of process or, in the alternative, vacate the default order entered on August 4, 2022, and grant them 28 days to answer or otherwise plead was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system, which will send such filing via electronic delivery to attorneys of record on October 21, 2022.


*/s/Daniel L. Polsby*
CLAUSEN MILLER P.C.