UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA WEREKO, | |
| Plaintiff, | No. 22 C 02177 |
| v. | Judge Thomas M. Durkin |
| LORI ROSEN, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Defendants Bradley R. Trowbridge and Safe Travels Chicago, LLC filed this motion to quash service of process and vacate an order of default against them. For the reasons discussed below, the motion is granted in part and denied in part.

**Background**

*Pro se* plaintiff Vanessa Wereko has sued numerous defendants, including Trowbridge and Safe Travels Chicago, LLC (together, "Defendants"), for various alleged violations of constitutional rights in connection with a years-long dispute regarding the custody of her minor children. On June 30, 2022, Wereko requested that the Court enter orders of default against Defendants, as neither had entered an appearance or otherwise responded by the Court's deadline. R. 171; R. 175. In support of her motions, Wereko pointed to previously filed affidavits of service, in which a process server attested that he served Defendants on May 4, 2022 by leaving the documents with Trowbridge at his office. *See* R. 76; R. 87. On August 4, 2022, the Court granted Wereko's motion for entry of an order of default as to Defendants, who

1

still had not appeared, noting that the order was subject to being vacated if the Court concluded that it lacked subject matter jurisdiction over the Defendants or the entire case. R. 228. On September 16, 2022, attorneys entered appearances for Defendants. R. 247; R. 248. Three days later, Defendants filed a motion to quash service of process and vacate the default or, in the alternative, vacate the default pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). R. 249.

## Discussion

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Where, as here, there is no final judgment, a motion to set aside an order of default must be analyzed under 55(c), not under Rule 60(b).[1] *See JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015). A party seeking to vacate a default must show "(1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020) (alteration in original) (citation omitted). In considering a motion to vacate a default, a district court must keep in mind "the 'lenient standard' for applying Rule 55(c) and the 'policy of favoring trial on the merits over default judgment.'" *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (quoting *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)).

---

[1] Notwithstanding Defendants' citation to Rule 60(b), Defendants also cite Rule 55(c), recognize that "no default judgment has been entered," and offer arguments as to all three elements of the Rule 55(c) analysis. *See* R. 249 at 3.

2

Defendants have made the required showing with respect to all three elements of Rule 55(c). First, Defendants have demonstrated good cause to vacate the default. While the parties dispute whether Defendants were in fact served by the process server,[2] this Court need not reach the issue of whether service was properly made because "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *See Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007); *see also JMB*, 799 F.3d at 792 (explaining that good cause "does not necessarily require a good excuse for the defendant's lapse"). Here, allowing Defendants to respond to the complaint alongside, and likely with similar arguments to, the other defendants in this case whose motions to dismiss remain pending does not prejudice Wereko. *See JMB*, 799 F.3d at 792 (allowing party to present a defense alongside and based on the same evidence as another party's defense would have caused no prejudice to the opposing party or the court). And by entering appearances and filing the present motion, Defendants "have now shown that they are committed to actively defending themselves." *See Strabala v. Zhang*, 318 F.R.D. 81, 91 (N.D. Ill. 2016).

---

[2] Defendants assert a discrepancy between the physical description of Trowbridge in the affidavits of service and his actual physical appearance and provide an affidavit from Trowbridge denying that he ever received the complaint or summons. *See* R. 249; R. 249-1. Wereko responds that the physical description is consistent with publicly available images and her own observation of Trowbridge, any discrepancy is negligible, and that Defendants do not dispute the service address. *See* R. 269. Wereko also argues that she sent the motions for default orders to Defendants by certified mail and that Defendants took part in a status report with other defendants, which was filed on July 11, 2022. *See id.* at 7, 8; R. 201. However, Wereko does not include or state that she received the return receipts, and Defendants are not included in the list of parties submitting the status report.

Considering the Seventh Circuit's preference for a trial on the merits over default, there is good cause for vacating the default entered against Defendants.

Additionally, Defendants acted promptly after finding out about the default. "What constitutes quick action varies from case to case" and depends in large part on the specific circumstances of the case. *See Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 861 (7th Cir. 2016). Although it is not clear how "recently" Defendants learned about the litigation,[3] Defendants' counsel entered appearances the same day they discovered the default on the docket and filed the present motion three days later. Defendants' efforts to appear within 43 days of the default and contest the default within days of discovering the same constitute prompt action. *See, e.g.*, *Myles v. Reighter*, No. 15 C 9635, 2018 WL 1542391, at *5 (N.D. Ill. Mar. 28, 2018) (holding that defendants acted quickly where there was a 17-month delay between the entry of default and the filing of defendants' motion).

Finally, Defendants showed their meritorious defenses to Wereko's complaint. A meritorious defense in this context means "more than bare legal conclusions, but less than a definitive showing that the defense will prevail." *Parker*, 772 F.3d at 505. Defendants argue that they have meritorious defenses in that the claims are subject to dismissal for lack of subject matter jurisdiction based on the domestic relations exception and *res judicata* based on the holding in *Wereko, et al. v. Haracz, et al.*, No.

---

[3] Defendants state in their Reply that they did not find out about the litigation until "Plaintiff retained counsel in September," R. 274 at 4, but this Court does not have any record of Wereko retaining counsel and understands that she is proceeding *pro se*. Defendants do not otherwise explain precisely when or how they found out about the litigation.

21-CV-1167 (N.D. Ill. Mar. 10, 2021), *aff'd*, No. 21-1574 (7th Cir. Aug. 26, 2021). In addition, Defendants argue that they were minimally involved in the challenged conduct. Accordingly, Defendants have made the required showing of meritorious defenses that could defeat Wereko's claims. *See Cracco*, 559 F.3d at 631 (affirming decision to vacate default where defendant explained the nature of the defense and provided the factual basis for it). The Court therefore grants Defendants' motion to vacate the default pursuant to Rule 55(c).

In the alternative, Defendants seek to quash service of process because they were purportedly never served. Defendants do not ask the Court to dismiss the claims based on insufficient service of process or reference Federal Rule of Civil Procedure 12(b)(5), but instead ask the Court to vacate the default. Because an evidentiary hearing is required to determine whether there was sufficient service of process, and the Court has vacated the default pursuant to Rule 55(c), the Court denies the motion to quash without prejudice.[4]

## Conclusion

For the foregoing reasons, the Court grants Defendants' motion to vacate the default pursuant to Rule 55(c) and denies the motion to quash service of process without prejudice. Defendants have 28 days to answer or otherwise plead.

---

[4] Wereko also requests a *Franks* hearing. *See* R. 269 at 3. In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that when a defendant makes a substantial preliminary showing that police obtained a search warrant with deliberate or reckless misrepresentations in the affidavit, and where such statements were necessary to the finding of probable cause, the defendant is entitled to an evidentiary hearing to show the warrant was invalid. *See United States v. McMurtrey*, 704 F.3d 502, 508 (7th Cir. 2013). Because the present motion does not involve a search warrant, the Court denies Wereko's request.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: October 26, 2022