UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA WEREKO,<br><br>    Plaintiff,<br><br>    v.<br><br>LORI ROSEN, et al.,<br><br>    Defendants. | No. 22 C 02177<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vanessa Wereko filed this motion [278] requesting a change of venue to the U.S. District Court for the Southern District of Illinois. For the reasons discussed below, the motion is denied.

**Background**

*Pro se* plaintiff Vanessa Wereko has sued 34 defendants for various alleged violations of constitutional rights in connection with a years-long dispute regarding the custody of her minor children. This case has been reassigned twice since its filing on April 27, 2022. First, Hon. Jorge L. Alonso recused himself, and the Executive Committee reassigned the case to Hon. Robert M. Dow, Jr. on May 31, 2022. R. 126. Then, following Judge Dow's appointment as Counselor to the Chief Justice of the United States, the case was reassigned to the undersigned on October 11, 2022. R. 271. On October 26, 2022, the undersigned ruled on one of the twenty pending motions before the Court, an order vacating default as to Defendants Bradley R. Trowbridge and Safe Travels Chicago, LLC. *See* R. 275. The Court also vacated an

1

upcoming telephonic status hearing, stating that it would rule on other pending motions "in due course." R. 276. On October 30, 2022, Wereko filed the present motion seeking a change of venue to the U.S. District Court for the Southern District of Illinois to "cure the unwillingness or inability of this Court to meet the demands of justice" and "stop[] . . . an endless loop of sabotage by a district court intent on injustice." R. 278 at 8.

**Discussion**

Given Wereko's citation to both 28 U.S.C. § 1404(a) and 28 U.S.C. § 455(a) in her motion, the Court construes Wereko's motion in two ways: (1) a motion for a change of venue under § 1404(a), and (2) a motion for recusal under § 455(a). *See Hunter v. PepsiCo Inc.*, No. 14 C 06011, 2015 WL 720734, at *3 (N.D. Ill. Feb. 18, 2015) (construing motion for change of venue based on alleged bias as § 455(a) motion for recusal).

I. <u>Motion for Change of Venue</u>

Wereko asks the Court to transfer this case to the Southern District of Illinois. A motion for a change of venue is governed by 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Transfer is appropriate if (1) venue is proper in both the transferor and transferee courts; (2) the transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. *Kelley v. MailFinance Inc.*, 436 F. Supp. 3d 1136, 1140 (N.D. Ill. 2020). Venue is proper in:

2

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The movant bears the burden of establishing that the transferee forum is clearly more convenient. *See, e.g.*, *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

Wereko's motion fails at the first step as venue is not proper in the Southern District of Illinois. Wereko has not shown that any of the Defendants reside in the Southern District of Illinois or that all Defendants reside in Illinois. Her complaint alleges that all Defendants are based in Cook County, DuPage County, or Lake County, except for one Defendant who resides in Denver, Colorado. *See* R. 7 at ¶¶1–35; R. 38. Nor has Wereko demonstrated that "a substantial part of the events or omissions giving rise to the claim" occurred in the Southern District of Illinois, where most of her allegations concern events that occurred in Chicago, Illinois and the surrounding counties. *See* R. 7. As to the second step, Wereko does not argue that the Southern District of Illinois would be more convenient for Wereko or any of the 34 Defendants. *See* R. 278 at 3. She only asserts that the venue would serve the "interest of justice." *Id.*

In essence, Wereko's motion for a change of venue appears solely based on her allegation that the Northern District of Illinois is biased against her. Whatever the basis for her motion, Wereko still must satisfy the requirements of § 1404(a). Because she is unable to do so, the motion for a change of venue is denied.

3

II. <u>Motion for Recusal</u>

Wereko also seeks recusal of the undersigned pursuant to 28 U.S.C. § 455(a) based on alleged bias. Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (citation omitted). Courts consider "how things appear to the well-informed, thoughtful observer rather than to a hyper-sensitive or unduly suspicious person." *Id.* Accordingly, "trivial risks of perceived impartiality are insufficient to warrant recusal." *See Ramirez v. Elgin Pontiac GMC, Inc.*, 187 F. Supp. 2d 1041, 1044 (N.D. Ill. 2002).

Wereko suggests that the undersigned is intentionally slow rolling her case by ruling on only one motion, which allowed certain Defendants to answer or otherwise plead, and "indefinitely stay[ing] any other hearings/rulings in the case with the premeditated (and enabled) case dismissal imminent." R. 278 at 6. To begin, ruling on one of the pending motions within approximately two weeks of being assigned this case does not reasonably reflect any "delay or avoidance tactics" by the undersigned. Wereko may be dissatisfied with the result of that ruling,[1] but "adverse decisions do

---

[1] Even though Wereko contends that the "bias or prejudice here is not related to any rulings," R. 278 at 7, she asserts that the undersigned engaged in a "bid for said defendant to make claims (predetermined) to defeat Vanessa's claims (at last)" by entering the order vacating default as to Defendants Trowbridge and Safe Travels Chicago, LLC, *id.* at 5.

4

not establish bias or even hint at bias." *Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 380 (7th Cir. 2012).

Also, the Court has not "indefinitely stayed" all rulings and hearings or "premeditated dismissal." Rather the Court, as usual, advised the parties that it would rule on the pending motions in due course, including the 17 motions to dismiss, and vacated the status hearing that the Court had scheduled. *See* R. 276. Neither action reasonably indicates bias or animosity towards Wereko. *See United States v. Perez*, 956 F.3d 970, 975 (7th Cir. 2020) (quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994)) ("[A] judge's 'ordinary efforts at courtroom administration' or docket management are 'immune' from claims of bias or partiality."); *Swanson v. PNC Bank, N.A.*, No. 20 C 6356, 2021 WL 4282591, at *2 (N.D. Ill. Sept. 21, 2021) (denying motion for recusal where plaintiff alleged rescheduled status hearing reflected bias).

Wereko further asserts that the perceived lack of progress of the case since its filing suggests bias on the part of the undersigned. As an initial matter, the actions of judges previously assigned to this case have no bearing on the undersigned's impartiality.[2] In addition, even without reassignment, delays are inherent in litigation. *See Thomas v. Walker*, No. 05 C 380, 2006 WL 2540225, at *2 (S.D. Ill. Aug. 31, 2006) (denying motion for recusal based on delay in screening complaint because "such delays are often unfortunately part of the judicial process"). Accordingly,

---

[2] Nor do the actions of the judges who were assigned to the case Wereko previously filed in this District. *See Wereko, et al. v. Haracz, et al.*, No. 21-CV-1167 (N.D. Ill. Mar. 10, 2021), *aff'd*, No. 21-1574 (7th Cir. Aug. 26, 2021).

5

because no reasonable observer would question the undersigned's impartiality, the motion for recusal is denied.

## Conclusion

For the foregoing reasons, the Court denies Wereko's motion for change of venue and recusal.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: November 1, 2022