UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA WEREKO, | |
| Plaintiff, | No. 22 C 02177 |
| v. | Judge Thomas M. Durkin |
| LORI ROSEN, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vanessa Wereko filed a motion [244] to strike Defendant Karen A. Altman's motion to dismiss as untimely and to reconsider the Court's previous denial of her motions for entry of default as to Altman and Defendant Tania Dimitrova. For the reasons discussed below, the motion is granted in part and denied in part.

**Background**

*Pro se* plaintiff Vanessa Wereko has sued numerous defendants, including Altman and Dimitrova, for various alleged violations of constitutional rights in connection with a years-long dispute regarding the custody of her minor children. After Wereko filed her complaint on April 27, 2022, the Court twice extended the deadline for all defendants to respond or otherwise plead, first to June 9, 2022, and then to June 29, 2022. *See* R. 125; R. 137. On June 30, 2022, Wereko requested that the Court enter orders of default against Altman and Dimitrova (together, "Defendants"). Altman had neither appeared nor otherwise responded, and Dimitrova had appeared but had not responded by the Court's deadline. R. 173; R. 176.

1

At a hearing on August 4, 2022, the Court denied the motions for entry of default as to Defendants, and for the third time, extended the deadline for Defendants to respond to August 18, 2022. R. 246. Altman was present for the hearing, while Dimitrova was not. *Id.* The Court stated that Dimitrova could be subject to default if she did not respond by that date. *Id.* at 18. Altman filed a motion to dismiss on August 25, 2022, exactly one week after the Court's deadline. *See* R. 243. Dimitrova has not responded or otherwise pleaded to date. On August 29, 2022, Wereko filed the present motion, asking the Court to strike Altman's motion to dismiss as untimely and reconsider the Court's August 4, 2022 denial of her motions for entry of default as to Defendants. *See* R. 244.

## Discussion

I.     Motion to Strike

Wereko first asks the Court to strike Altman's motion to dismiss as untimely. A district court "has the discretion to permit the defendants to file their answer late 'when the failure to act was the result of excusable neglect.'" *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (quoting Fed. R. Civ. P. 6(b)).[1] The determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)). The factors to consider include "the danger of prejudice, the length of the delay and its potential

---

[1] While Wereko asserts that Federal Rule of Civil Procedure 16(b) requires Altman to show good cause for her delay and seek leave of court for her filing, Rule 16(b) is inapplicable here because there is no scheduling order at issue.

impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith." *Id.*

Altman filed her motion one week after the deadline. Her failure to acknowledge or offer any reason for her delay weighs against considering her motion. However, the one-week delay minimally impacted the proceedings. At the time Altman filed her motion to dismiss, other defendants' motions to dismiss were not yet fully briefed. Additionally, the late filing did not appear to cause any prejudice to Wereko. Altman's five-page motion largely incorporates the arguments from other defendants' motions to dismiss, to which Wereko had already drafted and filed responses.[2] *See Gros v. Midland Credit Mgmt.*, 525 F. Supp. 2d 1019, 1022 (N.D. Ill. 2007) (denying motion to strike responsive brief filed after the court's deadline without notice, explanation, or leave of court where there was no resulting prejudice). Nor is there any reason to believe that Altman acted in bad faith because she missed the deadline by one week. Accordingly, the Court will deny the motion to strike and consider Altman's motion to dismiss on the merits. *See Peoria Tazewell Pathology Grp., S.C. v. Messmore*, 2011 WL 4498937, at *2 (N.D. Ill. Sept. 23, 2011) ("[T]o disregard Defendants' Motion to Dismiss in its entirety as a penalty for not filing it before the date the answer was due (six days earlier) would not serve the interests of justice.").

---

[2] Although Altman filed her motion four days before the deadline for Wereko's response, Wereko does not argue that she did not have enough time to draft a response. Rather, it appears that Wereko declined to file a response and chose to file the present motion by the deadline instead. Nevertheless, the Court will allow Wereko to file a response by November 18, 2022.

II. <u>Motion to Reconsider</u>

Wereko also asks the Court to reconsider its denial of her motions for entry of default as to Defendants. Federal Rule of Civil Procedure 54(b) governs motions to reconsider interlocutory orders. The Rule provides that "any order that does not resolve all claims as to all parties 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015) (quoting Fed. R. Civ. P. 54(b)). A motion to reconsider "allows a party to direct the court's attention to manifest errors of fact or law, a significant change in the law or facts, the court's misunderstanding of a party's argument, or a party's contention that the court ruled on an issue that was not properly before it." *Janusz v. City of Chi.*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015), *aff'd*, 832 F.3d 770 (7th Cir. 2016) (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)). It is not a vehicle for rehashing arguments that the court previously rejected. *Id.*

Wereko appears to argue that Defendants' failure to respond by the Court's deadline without good cause or leave of court is a significant change in the facts that renders default now appropriate. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Turning first to Altman, she eventually filed a motion to dismiss, which, as explained above, the Court declines to strike. Accordingly, Altman has not "failed to plead or otherwise defend." The motion to reconsider the denial of default as to Altman is denied.

4

As to Dimitrova, the circumstances are different. The Court previously denied default as to Dimitrova because she had appeared but warned that if she did not file a response by the deadline, she could be subject to default. R. 246 at 18.[3] Over two months have passed since the Court's deadline, and Dimitrova has not filed any response to the complaint, offered any explanation for her delay, or otherwise engaged in this litigation. As an attorney, Dimitrova is well aware of the risk of her inaction. Because Dimitrova has had ample opportunity to plead or otherwise defend her case and has chosen not to do so, the Court grants the motion to reconsider and grants the motion for entry of default as to Dimitrova.[4]

## Conclusion

For the foregoing reasons, the motion to strike Altman's motion to dismiss and the motion to reconsider the denial of default as to Altman are denied. Wereko may file a response to Altman's motion to dismiss by November 18, 2022. The motion to reconsider the denial of default as to Dimitrova is granted, and therefore, Wereko's motion for entry of default as to Dimitrova is granted.

---

[3] While Dimitrova did not attend the August 4, 2022 hearing where the Court issued this warning, the Court's order that day advised Dimitrova of the response deadline. *See* R. 228 ("Responsive pleadings for Defendants Altman and Dimitrova are to be filed by 8/18/2022[.]").

[4] At the conclusion of her motion, Wereko asks the Court for "other sanction pursuant to Fed. R. Civ. P. 16(f)." R. 244 at 5. Rule 16(f) allows a court to issue sanctions against a party or attorney who "fails to obey a scheduling or other pretrial order." Because there is no scheduling or pretrial order at issue, Rule 16(f) sanctions are not appropriate.

6

                                  ENTERED:

                              */s/ Thomas M. Durkin*
                              _____

                              Honorable Thomas M. Durkin
Dated: November 2, 2022         United States District Judge